# EXHIBIT 1

<u>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**</u>

This Class Action Settlement Agreement and Release ("**Agreement**") is made and entered into between Plaintiffs Teresa Herendeen, Raymond Kessler, Hartence Hill, Lazaro Rodriguez, and Barbara Abreu (the "**Named Plaintiffs**" or "**Class Representatives**"), individually and as representatives of the Settlement Class as defined below, and Defendant The Quaker Oats Company ("**Defendant**").  Named Plaintiffs and Defendant collectively are referred to herein as the "**Parties**," or, respectively, as a "**Party**."

**RECITALS**

WHEREAS, On December 15, 2023, and as expanded on January 11, 2024, in coordination with the United States Food and Drug Administration, Quaker initiated a voluntary recall of certain food products that it had determined had the potential to be contaminated with *Salmonella* (the "**Recall**").  In connection with the Recall, Quaker offered reimbursement to affected consumers, and to date has provided over $2.6 million in reimbursement to consumers (the "**Recall Reimbursement**").

WHEREAS, on or about December 27, 2023, Plaintiff Herendeen filed a Recall-related putative nationwide class action lawsuit against Quaker, captioned *Herendeen v. The Quaker Oats Company,* No. 1:23-cv-17103 (N.D. Ill.), through her counsel by Poulin Willey Anastopoulo, LLC, asserting claims for negligence, breach of express warranty, breach of implied warranty of merchantability, fraudulent misrepresentation, fraud by omission and unjust enrichment in connection with her alleged purchase of one or more recalled products (the "*Herendeen* **Action**").

WHEREAS, on or about January 24, 2024, Plaintiff Kessler filed a Recall-related putative nationwide class action lawsuit against Quaker, captioned *Kessler v. The Quaker Oats Company,* No. 7:24-cv-00526 (S.D.N.Y.), through his counsel Reese LLP, Sultzer & Lipari, PLLC, and Milberg Coleman Bryson Phillips Grossman, PLLC, asserting claims for violation of New York General Business Law Sections 349 and 350 in connection with his alleged purchase of one or more recalled products (the "*Kessler* **Action**").

WHEREAS, on or about March 5, 2024, Plaintiff Hill filed Recall-related putative nationwide class action lawsuit against Quaker, which was subsequently removed to federal court, and is now captioned *Hill v. The Quaker Oats Company,* No. 1:24-cv-02609 (N.D. Ill.), through her counsel Bursor & Fisher, P.A, asserting claims for violation of the Connecticut Unfair Trade Practices Act, breach of implied warranty of merchantability and unjust enrichment in connection with her alleged purchase of one or more recalled products (the "*Hill* **Action**").

WHEREAS, on or about March 13, 2024, counsel Jeffrey S. Goldenberg sent Quaker a pre-suit notice letter threatening a Recall-related putative class action lawsuit on behalf of Plaintiff Lazaro Rodriguez, to be filed by Goldenberg Schneider, LPA and Levin Sedran & Berman, LLP, asserting claims in connection with his alleged purchase of one or more recalled products (the "*Rodriguez* **Action**").

WHEREAS, on or about April 9, 2024 counsel Jeffrey Brown informed Quaker that he had been retained to commence a Recall-related putative class action lawsuit on behalf of Plaintiff Barbara Abreu, to be filed by Leeds Brown Law, P.C, asserting claims in connection with her alleged purchase of one or more recalled products (the "***Abreu* Action**," and together with the *Herendeen*, *Kessler, Hill* and *Rodriguez* Actions, the "**Litigation**").

WHEREAS, the Parties and their counsel engaged in extensive arm's-length negotiations, including a full-day mediation before a respected and experienced mediator, the Honorable Judge Jay C. Gandhi (Ret.) of JAMS, which culminated in an agreement in principle to resolve all claims of Named Plaintiffs and the proposed nationwide Settlement Class defined below. Before and during these settlement discussions and mediation, the Parties had arm's-length exchanges of sufficient information to permit Named Plaintiffs and Class Counsel to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions. The Parties did not discuss any potential award of attorneys' fees or expenses or service awards until they first agreed on the substantive terms of this settlement.

WHEREAS, on or about May 24, 2024, each of the Named Plaintiffs filed and joined in a consolidated amended class action complaint for settlement purposes in the *Kessler* Action (the "Consolidated Complaint").

WHEREAS, Named Plaintiffs, as class representatives, and their counsel, believe that the claims they have asserted in the Litigation have merit, but they and their counsel recognize and acknowledge the risks, uncertainty, and expense of continued proceedings necessary to prosecute the claims through trial and appeal.

WHEREAS, Class Counsel have conducted a thorough investigation into the facts of the Litigation, including formal and informal exchanges of information and review of data, documents, and records. Class Counsel are knowledgeable about and have done extensive research with respect to the applicable law and potential defenses to the claims in the Litigation. Class Counsel have diligently pursued an investigation of the Settlement Class Members' claims against Defendant. Class Counsel have analyzed and evaluated the merits of all Parties' contentions and this settlement as it affects all Parties and the Settlement Class Members. Among the risks of continued litigation are the possibility that Named Plaintiffs will be unable to prove liability, damages, or entitlement to injunctive relief at trial on a class-wide or individual basis. In addition to taking into account the uncertain outcome and risk of the Litigation, Class Counsel have considered the difficulties and delay inherent in such litigation.

WHEREAS, based on the documents and information provided by Defendant, and their own independent investigation, Class Counsel are of the opinion that this Settlement with Defendant for the consideration and on the terms set forth in this Agreement is fair, reasonable, and adequate, and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by Defendant, and numerous potential appellate issues relating to legal issues which are currently unsettled.

WHEREAS, Defendant denies all of Named Plaintiffs' allegations and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged against it, in the Litigation. Defendant does not waive and expressly reserves all rights to challenge such claims and allegations upon all legal, procedural, and factual grounds in the event the Settlement does not become effective. Defendant also denies that Named Plaintiffs, the Settlement Class, or any member of the Settlement Class have suffered damage or harm by reason of any alleged conduct, statement, act, or omission of Defendant. Defendant further denies that the Litigation meets the requisites for certification as a class action under Rule 23 of the Federal Rules of Civil Procedure, except for purposes of settlement, or that the evidence is sufficient to support a finding of liability on any of the Named Plaintiffs' claims in the Litigation. However, Defendant considers it desirable to resolve the litigation pursuant to this Agreement in order to avoid any further burden, expense, business interruption, and inconvenience resulting from ongoing lawsuits and accordingly has determined that this Agreement is in Defendant's best interests.

WHEREAS, the Parties desire to settle the Litigation in its entirety as to the Named Plaintiffs, the Settlement Class and Defendant with respect to all claims arising out of or relating to the Recall or that were asserted or could have been asserted in the Litigation, and intend this Agreement to bind Named Plaintiffs (both as class representatives and individually), Defendant and Settlement Class Members.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree as follows, subject to approval by the Court:

## I.    DEFINITIONS

In addition to those terms defined above, capitalized terms used in this Agreement shall be defined as follows:

1.1    The terms "**Agreement**" and "**Settlement**" mean the final, operative version of this fully executed Class Action Settlement and Release Agreement, including all Exhibits thereto, which the Parties acknowledge sets forth all the material terms and conditions of the Settlement between them and which is subject to Court approval.

1.2    "**Attorneys' Fee and Expense Payment**" means any such funds as may be awarded by the Court consistent with the terms of this Agreement to Class Counsel for their past, present, and future work, efforts, and expenditures in connection with this Litigation and Settlement, and to reimburse them for their costs and expenses, as described more particularly in Section VII of this Agreement.

1.3    "**Available Settlement Funds**" means that the Settlement Fund net of any Notice and Administration costs, Service Awards and Attorneys' Fee and Expense Payment.

1.4    "**Claim Administrator**" means, subject to Court approval, Angeion Group, unless another third-party administrator is later agreed to by the Parties in writing and

3

approved by the Court.

1.5     "**Claim Filing Deadline**" means sixty (60) days after the Notice Date.

1.6     "**Claim Form**" means the document to be submitted by Claimants seeking direct monetary benefits pursuant to the Agreement, substantially in the form of Exhibit C.

1.7     "**Claim Period**" means the period beginning on the Notice Date and continuing until the Claim Filing Deadline.

1.8     "**Class Counsel**" means Sultzer & Lipari, PLLC, Levin, Sedran, & Berman LLP, Poulin Willey Anastopoulo, Bursor & Fisher, P.A., Milberg, Coleman, Bryson, Phillips, Grossman, PLLC, Reese LLP, Leeds Brown Law, P.C. and Goldenberg Schneider, L.P.A.

1.9     "**Class Period**" means the earliest date of manufacture of any Covered Product through the date of Preliminary Approval of the Settlement, inclusive.

1.10    "**Court**" means the United States District Court for the Southern District of New York.

1.11    "**Covered Product**" or "**Covered Products**" means any product subject to the Recall, as identified in Exhibit D, including but not limited to: Quaker Big Chewy Bars Chocolate Chip; Quaker Big Chewy Bars Peanut Butter Chocolate Chip;  Quaker Big Chewy Bars Variety Pack; Quaker Chewy Bars and Dipps Variety Pack;  Quaker Chewy Bars Chocolate Chip;  Quaker Chewy Bars Chocolate Chip Cookie Dough;  Quaker Chewy Bars Chocolate Chip Holiday Minis; Quaker Chewy Bars Chocolate Chip Halloween Minis; Quaker Chewy Bars Chocolate Chip Spring Minis; Quaker Chewy Bars Chocolate Chip Valentine Minis; Quaker Chewy Bars Dark Chocolate Chunk; Quaker Chewy Bars Chocolate Chunk; Quaker Chewy Bars Less Sugar Chocolate Chip; Quaker Chewy Bars Less Sugar Cookies & Cream; Quaker Chewy Bars Less Sugar Peanut Butter Chocolate Chip; Quaker Chewy Bars Less Sugar Variety; Quaker Chewy Bars Oatmeal Raisin; Quaker Chewy Bars Peanut Butter Chocolate Chip; Quaker Chewy Bars S'mores; Quaker Chewy Bars Variety Pack; Quaker Chewy Dipps Chocolate Chip;  Quaker Chewy Dipps Peanut Butter; Quaker Chewy Dipps Variety Pack; Quaker Chewy Mini Dipps Birthday Blast; Quaker Chewy Dipps Llama Rama; Quaker Chewy Mini Dipps Summer Night S'mores; Quaker Puffed Granola Apple Cinnamon Cereal; Quaker Puffed Granola Blueberry Vanilla Cereal; Quaker Simply Granola Oats, Honey & Almonds Cereal (2PK); Quaker Simply Granola Oats, Honey & Almonds Cereal; Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal; Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal (2PK); Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal (69oz); Quaker Protein Granola Oats, Chocolate & Almonds Flavor; Quaker Chocolatey Favorites Snack Mix; Quaker On The Go Snack Mix; Frito-Lay Snacks Variety Pack with Quaker Chewy; Frito-Lay Chips and Quaker Chewy Granola Bars Variety Pack; Crunchy & Chewy Snacks, Frito-Lay Chips, Cookies, Nuts and Quaker Bars Variety Pack; Lunch Box Mix, Frito Lay Chips, Cookies and Quaker Chewy Bars Variety Pack; Frito-Lay

4

Popped & Baked Chips with Cookies, Nuts and Quaker Chewy Bars Variety Pack; Frito-Lay Snack Time Favorites with Baked, Smartfood, SunChips and Quaker Chewy Granola Bars Variety Pack; Tasty Snacks, Frito-Lay Chips, Nuts, Cookies and Quaker Chewy Bars Variety Pack; Ultimate Flavor Snack Care Package, Variety Assortment of Chips, Cookies, Crackers & More; Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple;  Quaker Chewy Granola Bars (Fruity Fun) Splendid Strawberry; Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple and Splendid Strawberry Variety Pack; Quaker Chewy Granola Bars Yogurt Strawberry Flavor; Quaker Chewy Granola Bars Yogurt Blueberry Flavor; Quaker Chewy Granola Bars Yogurt Variety Packs; Cap'n Crunch Treats Crunch Berries Cereal Bar;  Cap'n Crunch Treats Bars Variety Pack; Cap'n Crunch Treats Peanut Butter Crunch Cereal Bar; Cap'n Crunch Treats Original Crunch Cereal Bars; Quaker Chewy Granola Breakfast Cereal Chocolate & Strawberry Variety Pack; Quaker Chewy Granola Breakfast Cereal Chocolate; Quaker Chewy Granola Breakfast Cereal Strawberry; Quaker Oatmeal Squares Cinnamon; Quaker Oatmeal Squares Brown Sugar;  Quaker Oatmeal Squares Honey Nut; Quaker Oatmeal Squares Breakfast Cereal Variety Pack; Cap'n Crunch OOPS! All Berries Cereal; Cap'n Crunch Cinnamon Crunch Cereal; Cap'n Crunch Sea Berry Crunch Cereal; Gamesa Marias Cereal; Cap'n Crunch Instant Oatmeal; Cap'n Crunch OOPS! All Berries Instant Oatmeal; Cap'n Crunch Instant Oatmeal Variety Pack; Gatorade Protein Bar Peanut Butter Chocolate; Munchies Snack Mix (Munch Mix).

1.12    "**Effective Date**" means the  day after the later of: (i) the expiration of the time for consumers to appeal the Final Approval with no appeal having been filed (including any time period for consumers to file motions to extend the time to appeal under Fed. R. App. P. 4(a)(5) or any other applicable law or court rule); or (ii) if such appeal is filed, the termination of such appeal, on terms that affirm the Final Approval or dismiss the appeal with no material modification to the Final Approval.  As used in this Paragraph, the phrase "termination of such appeal" means the date upon which the relevant appellate court issues its order.

1.13    "**Excluded Persons**" are (1) any judge presiding over the Litigation, their staff and their immediate family members; (2)  Defendant; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in Section VI of this Agreement.

1.14    "**Exclusion Deadline**" means sixty (60) days after the Notice Date.

1.15    "**Final**" means that all of the events necessary for there to be an Effective Date have occurred, the Settlement has become completely final, and there is no further recourse by an appellant or objector who seeks to contest the Settlement.

1.16    "**Final Approval**" means issuance of an order granting final approval of this Agreement as binding upon the Parties; holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided below; ordering that the settlement relief be provided as set forth in this Agreement; ordering the releases as set forth in Section VIII of this Agreement; entering

judgment in this case; and retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement.

1.17    "**Household**" means a single dwelling unit, no matter the number of natural persons residing therein.

1.18    "**Initial Settlement Administration Payment**" means an initial one hundred thousand dollar ($100,000.00) payment made to the Claim Administrator by Defendant. This payment is separate from and in addition to Defendant's obligation to fund the Settlement Fund.

1.19    "**Litigation**" means and refers to the *Herendeen*, *Kessler, Hill, Rodriguez* and *Abreu* Actions cited herein, as well as all prior lawsuits pending as of the date of the mediation that resulted in this Agreement.

1.20    "**Notice**" means the Court-approved form of notice to Settlement Class Members in substantially the same form as Exhibit B.

1.21    "**Notice and Administration Costs**" mean all costs actually incurred by the Claim Administrator in connection with the execution of the Notice Plan, claims processing and other administration in accordance with the terms of this Agreement.

1.22    "**Notice Date**" means forty-five (45) days after the date of Preliminary Approval.

1.23    "**Notice Plan**" means the plan for disseminating notice of the Settlement to the Settlement Class, as described in Section V of this Agreement.

1.24    "**Objection Deadline**" means sixty (60) days after the Notice Date.

1.25    "**Person(s)**" means any natural person or business entity.

1.26    "**Preliminary Approval**" means issuance of an order substantially in the form attached hereto as Exhibit A, granting preliminary approval to this Agreement as within the range of possible Final Approval, approving the Notice Plan as described in Section V below and setting a hearing to consider Final Approval of the Settlement and any objections thereto.

1.27    "**Proof of Purchase**" means an itemized retail sales receipt or other document or photo (including, but not limited to, a retail store club or loyalty card record) showing, at a minimum, the purchase of a Covered Product, the purchase price, and the date and place of the purchase.

1.28    "**Released Claims**" means the claims released as set forth in Section VIII of this Agreement.

1.29    "**Released Parties**" means Defendant and each and all of its past, present

and future direct and indirect affiliates, subsidiaries, divisions, parents, owners, predecessors, successors and assigns, and all other persons or entities under common control with Defendant, and each and all of their respective former, present and future officers, directors, shareholders, members, lenders, investors, partners, employees, agents, representatives, licensors, attorneys, accountants, insurers, and any suppliers, resellers, retailers, wholesalers, distributors, customers and all other persons or entities in the chain of distribution of the Covered Products, whether specifically named and whether or not participating in the settlement by payment or otherwise.

1.30    "**Service Award**" means any award approved by the Court that is payable to the Class Representatives to compensate them for their efforts in bringing this Litigation and achieving the benefits of this Settlement on behalf of the Settlement Class.  The Service Award shall be in addition to any Settlement Benefit that the Named Plaintiffs may receive as a participating Settlement Class Members.

1.31    "**Settlement Benefit**" means the benefits provided to Settlement Class Members as set forth in this Agreement.

1.32    "**Settlement Class**" or "**Settlement Class Members**" means all natural persons who, between the earliest date of distribution of any Covered Product and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale, except for any Excluded Persons.

1.33    "**Settlement Fund**"  means a total payment by Defendant of Six Million Seven Hundred Fifty Thousand Dollars ($6,750,000.00), all-in, inclusive of all payments to Plaintiffs and members of the Settlement Class, Service Awards, costs for notice and administration, and court-awarded Attorneys' Fees and Attorneys' Costs.  Any notice and settlement administration costs over and above the Initial Settlement Administration Payment will be paid from the Settlement Fund. The Settlement Fund is non-reversionary. For sake of clarity, the Settlement Fund does not include the $2.6 million that Defendant has already paid in Recall Reimbursement, or the Initial Settlement Administration Payment.

1.34    "**Settlement Website**" means an internet website created and maintained by the Claim Administrator for the purpose of providing the Settlement Class with notice of and information about the Settlement, as described in Paragraph 5.2.1 of this Agreement.

1.35    "**Valid Claim**" means a claim submitted in compliance with this Agreement and determined to be valid by the Claim Administrator, and as further described in Section IV of this Agreement.

## II.    CERTIFICATION OF THE SETTLEMENT CLASS

2.1    **Certification of the Settlement Class.**  For purposes of settlement and the proceedings contemplated by this Agreement only, subject to Court approval, the Parties stipulate and agree that a Settlement Class as defined in Paragraph 1.32 of this Agreement shall be provisionally certified pursuant to Federal Rule of Civil Procedure 23, that the

Named Plaintiffs shall be the Class Representatives and shall represent the Settlement Class for Settlement Purposes, and that Class Counsel shall be appointed to represent the Settlement Class.

2.2     **Decertification of the Settlement Class if Settlement Not Approved.** Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement.  If the Court does not enter an order granting final approval of the Settlement, or if for any other reason the Effective Date does not occur, any certification of any Settlement Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into. Specifically: (a) any Court orders preliminarily or finally approving the certification of any class contemplated by this Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (b) the fact of the settlement reflected in this Agreement, that Defendant did not oppose the certification of a Settlement Class under this Agreement, or that the Court preliminarily or finally approved the certification of a Settlement Class, shall not be used or cited thereafter by any person in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class. In the event the terms and conditions of this Agreement are substantially modified by the Court, Defendant reserves the right to declare this Agreement null and void, in its sole discretion, within fourteen (14) days after such modification. Notwithstanding, in the event the Settlement is not approved, the parties will work in good faith, to the extent possible, to resolve the Court's concerns.

## III.     OBTAINING COURT APPROVAL

3.1     **Filing of Consolidated Complaint.**  Within one (1) business day of the execution of the Agreement, Plaintiffs Herendeen and Hill each will file a notice of dismissal without prejudice of their respective Actions.  The Parties will cooperate and make any filings reasonably necessary to obtain dismissal and closure of the Herendeen and Hill Actions as quickly as possible.

3.2     **Motion for Preliminary Approval.**  Class Counsel will file a motion for preliminary approval no later than fourteen (14) days following the execution of this Agreement, and will provide Defendant's counsel with a draft at least seven (7) days in advance of filing, unless otherwise agreed to by the Parties.  Defendant may provide feedback concerning the motion, which Class Counsel will consider in good faith.  The motion will be written in a neutral manner that plainly states the Named Plaintiffs' allegations and claims while making clear that Defendant denies every allegation of wrongdoing, admits no liability and consents to class certification for settlement purposes only.  Defendant will not oppose the motion, will have no obligation to make separate filings in support of the motion and will appear at the hearing through counsel to confirm Defendant's agreement with the terms of the Settlement as provided herein.

3.3     **Motion for Final Approval.**  Class Counsel will file a motion for final approval no later than one-hundred and forty (140) days following Preliminary Approval, unless otherwise ordered by the Court or agreed upon between the Parties, and will provide

Defendant's counsel with a draft at least seven (7) days in advance of filing, unless otherwise agreed to by the Parties. Defendant may provide feedback concerning the motion, which Class Counsel will consider in good faith. The motion will be written in a neutral manner that plainly states the Named Plaintiffs' allegations and claims while making clear that Defendant denies every allegation of wrongdoing, admits no liability and consents to class certification for settlement purposes only. Defendant will not oppose the motion, will have no obligation to make separate filings in support of the motion and will appear at the hearing through counsel to confirm Defendant's agreement with the terms of the Settlement as provided herein.

3.4    **Failure to Obtain Approval.** This Agreement was entered into only for purposes of settlement. In the event that Preliminary or Final Approval of this Settlement and this Agreement does not occur for any reason, or if Final Approval is reversed on appeal, or the Agreement is terminated, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Litigation, or in any other proceeding (unless Class Counsel and Defendant mutually agree in writing to proceed with this Agreement); and the Litigation shall continue as if the Settlement had not occurred, except as set forth in Paragraphs 10.5 and 10.6 of this Agreement. The Parties agree that all drafts, discussions, negotiations, documentation or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any Person other than the Parties' counsel, and only for purposes of the Litigation.

## IV.    SETTLEMENT BENEFIT AND CLAIMS ADMINISTRATION

4.1    **Initial Settlement Administration Payment.** Within twenty-one (21) days of Preliminary Approval of the Settlement, Defendant shall make the Initial Settlement Administration Payment to the Claim Administrator. The Initial Settlement Administration Payment will be used by the Claim Administrator for the sole purposes of covering Notice and Administration Costs incurred in accordance with this Agreement or any order of the Court. In the event the Initial Settlement Administration Payment exceeds the Notice and Administration Costs, any amount remaining will be refunded to Defendant within ten (10) business days following the Effective Date. In the event the Notice and Administration Costs exceed the Initial Settlement Administration Payment, any such costs shall be paid from the Settlement Fund in accordance with Paragraph 4.5.1.

4.2    **Settlement Fund Account.** The Claim Administrator shall establish and maintain an account to contain the Settlement Fund (the "Settlement Fund Account"), which will be used to provide benefits to or on behalf of the Settlement Class. The Claim Administrator will hold the Settlement Fund in escrow until such time as the Claim Administrator is authorized to disseminate those funds pursuant to this Agreement, the Final Approval Order or other order of the Court. The Claim Administrator shall provide Defendant with all necessary wire transfer or other electronic deposit information (including any necessary tax forms) for the Settlement Fund Account at least two (2) business days in

advance of the deadlines set forth in Paragraph 4.3.

      4.3    **Funding of the Settlement Fund Account.**  Defendant shall fund the Settlement Fund Account pursuant to the following schedule:

          4.3.1    As promptly as reasonably practicable, and in no event later than thirty (30) days after the later of (a) the entry of an order granting Final Approval of the Settlement, and (b) the entry of an order awarding any Attorneys' Fee and Expense Payment and/or Service Awards in accordance with Paragraphs 7.1 and 7.2, Defendant shall deposit into Settlement Fund Account an amount sufficient to cover any Attorneys' Fee and Expense Payment and Service Awards awarded by the Court.

          4.3.2    Within sixty (60) days after the Effective Date, Defendant shall deposit into the Settlement Fund Account the remainder of the Settlement Fund (i.e., $6,750,000, less any amount of Attorneys' Fees and Expense Payment and Service Award Defendant has already deposited into Settlement Fund Account pursuant to Paragraph 4.3.1).

      4.4    **Defendant's Total Financial Commitment.**  Defendant's total financial commitment and obligation under this Agreement, not including the over $2.6 million in Recall Reimbursement paid to date by Quaker to putative class members, shall not exceed $6,850,000.

      4.5    **Use of the Settlement Fund.**  The Settlement Fund shall be applied as follows, in accordance with the terms and conditions set forth elsewhere in this Agreement:

          4.5.1    To pay any portion of the Notice and Administration Costs that exceed the Initial Settlement and Administration Payment;

          4.5.2    To pay any Attorneys' Fee and Expense Payment, as may be ordered by the Court and as described in Paragraph 7.1 below;

          4.5.3    To pay any Service Awards to the Class Representatives, not to exceed $500.00 per Class Representative, as may be ordered by the Court and as described in Paragraph 7.2 below; and

          4.5.4    To pay Valid Claims for cash benefits submitted by Settlement Class Members pursuant to Paragraph 4.6 below.

      4.6    **Cash Benefit to Class Members.**  Cash benefits shall be paid to each Settlement Class Member who submits Valid Claim in accordance with the following terms:

          4.6.1    Settlement Class Members who timely submit a valid Claim Form with Proof of Purchase of a Covered Product shall receive the full purchase price for each unit of Covered Product listed on the Proof of Purchase, inclusive of all taxes, subject to Paragraphs 4.6.3 and 4.6.4 below.

4.6.2    Settlement Class Members who timely submit a valid Claim Form without Proof of Purchase of a Covered Product shall receive the average retail price for up to two (2) Covered Products claimed per Household, plus a 10% allowance for sales tax, subject to Paragraphs 4.6.3 and 4.6.4 below. Defendant shall provide the Claim Administrator with data sufficient to show the average retail price of each Covered Product, as such price is determined in good faith by Defendant based on information reasonably available to it, within fourteen (14) days after Preliminary Approval of the Settlement.

4.6.3    If a Settlement Class Member or any person in that Settlement Class Member's Household received Recall Reimbursement from Defendant, as reflected on the Settlement Class Member's Claim Form or in the records of Defendant, the amount of that Settlement Class Member's payment shall be reduced by the amount of Recall Reimbursement that Settlement Class Member or persons in that Settlement Class Member's Household have received (provided that the payment shall not be reduced below $0.00).

4.6.4    Each Settlement Class Members' payment shall be increased or decreased on a *pro rata* basis such that the total amount paid to all Settlement Class Members equals the Available Settlement Funds.

4.7    **Submission of Claims.** Subject to the rights and limitations set forth in this Agreement, every Settlement Class Member shall have the right to submit a claim for Settlement Benefits. A claim shall be a Valid Claim only if submitted on the Claim Form pursuant to, and in compliance with, the procedures set forth herein. Submission of a claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Settlement Class Member, or any other Person, except as expressly provided herein.

4.7.1    At the election of the Settlement Class Member, Claim Forms may be submitted in paper via first class mail or online via the Settlement Website. Claim Forms must be postmarked or submitted online no later than the Claim Filing Deadline. Claim Forms postmarked or submitted online after that date will not be Valid Claims.

4.7.2    Claim Forms submitted in paper via first class mail must include in a single mailing any Proof of Purchase submitted in connection with the claim. Proof of Purchase that is not submitted in the same mailing as the Claim Form will not be considered by the Claim Administrator. For Claim Forms that are submitted online, the Class Member shall have the opportunity to upload Proof of Purchase image files (e.g. jpg, tif, pdf) prior to submitting the claim, and to print a page immediately after the Claim Form has been submitted showing the information entered, the

11

names of image files uploaded, and the date and time the Claim Form was submitted.

4.7.3   On the Claim Form, the Settlement Class Member must provide and certify the truth and accuracy of the following information under penalty of perjury, including by signing the Claim Form physically or by e-signature, or the claim will not be considered a Valid Claim by the Claim Administrator:

(a)  The Settlement Class Member's name and mailing address;

(b)  The Settlement Class Member's email address (unless the Settlement Class Member submits the Claim Form in paper via first class mail, in which case an email address is optional);

(c)  Which Covered Products were purchased during the Class Period;

(d)  The number of Covered Products purchased during the Class Period and the actual or approximate date(s) of purchase;

(e)  Whether the Settlement Class Member is submitting Proof of Purchase for any of the claimed purchases and, if so, the number of Covered Products for which the Settlement Class Member is submitting Proof of Purchase;

(f)  That the claimed purchases were not made for purposes of resale;

(g)  That neither the Settlement Class Member nor any person in his or her Household has previously received a refund for the claimed purchases, with the exception of any Recall Reimbursement provided by Defendant in connection with the Recall; and

(h)  Whether the Settlement Class Member or any person in his or her Household received any Recall Reimbursement from Defendant for the claimed purchases and, if so, the total amount of Recall Reimbursement received by any person in that Settlement Class Member's Household.

4.8   **Determination and Processing of Claims.**  The Claim Administrator shall be responsible for processing Claim Forms and reviewing and determining the validity of all submitted claims in accordance with this Agreement.  The Claim Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or with the terms of Paragraph 4.7, that is submitted after the Claims Deadline, or that the Class Administrator identifies as duplicative or fraudulent.  The Claim Administrator will use adequate and customary procedures and standards to prevent the payment of duplicative or fraudulent claims and to pay only Valid Claims.  The Claim Administrator and Parties shall have the right to audit claims, and the Claim Administrator may request additional information

from persons who submit Claim Forms to provide reasonable bases for the Class Administrator to monitor for and detect fraud. Such additional information may include, for example, retailers and locations (city and state) at which the claimed purchases were made.  If any fraud is detected or reasonably suspected, the Claim Administrator and Parties can require further information from the Settlement Class Member (including by cross-examination) or deny claims, subject to the supervision of the Parties and ultimate oversight by the Court. The Class Administrator shall retain sole discretion in accepting or rejecting claims, and shall have no obligation to notify Class Members of rejected claims unless otherwise ordered by the Court.  The Claims Administrator's decision as to the validity of claims shall be final and binding, except that Class Counsel and Defendant shall retain the right to audit claims and to challenge the Claim Administrator's decision by their mutual agreement or by motion to the Court. Class Counsels' or Defendant's choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by the Party as to any of its audit and other rights under this Agreement. No Person shall have any claim against Named Plaintiffs, Defendant, Class Counsel, Defendant's counsel, or the Claim Administrator based on any determination of a Valid Claim, distributions or awards made in accordance with this Agreement and the Exhibits hereto. Neither Named Plaintiffs nor Defendant, nor their counsel, shall have any liability whatsoever for any act or omission of the Claim Administrator.  Prior to the hearing on Final Approval and in accordance with the Court's regular notice requirements, the Claim Administrator shall provide, in addition to the certification to the Court required under this Agreement, a declaration to the Court regarding the number and dollar amount of claims received to date.

4.9    **Recall Reimbursement Data.**  Defendant shall provide to the Claim Administrator, no more than twenty-one (21) days following Preliminary Approval, data sufficient to show all Recall Reimbursement provided to Settlement Class Members in connection with the Recall, including the names and addresses of any recipients of Recall Reimbursement, to the extent such data is reasonably accessible to Defendant (the "Recall Reimbursement Data").  The Claim Administrator shall keep the Recall Reimbursement Data and the identities and contact information of Recall Reimbursement recipients confidential and shall not provide such information to Class Counsel.

4.10    **Payment of Valid Claims**.  Valid Claims shall be paid by an electronic deposit through Venmo, prepaid card or Zelle with checks available upon request to the Settlement Class Member within sixty (60) days after the Effective Date, subject to reasonable extension upon mutual agreement by the Parties if necessary for the Claim Administrator, the Parties and/or the Court to complete the claim determination and processing processes described in Paragraph 4.8.  All settlement checks shall be void and no longer negotiable one hundred twenty (120) day after the date the check was issued.  If a settlement check is not negotiated, the Settlement Class Member shall not be entitled to any further payment under this Agreement. If the check is returned as undeliverable, the Claim Administrator shall send an email to the claimant, if an email address was provided with the claim, to attempt to obtain a better address, and if obtained, shall mail the check to the new address, but the re-mailing of any check will not extend the 120-day period after which the check will become void. The

return or failure to cash checks shall have no effect on a Settlement Class Member's release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect. Funds from uncashed checks shall be paid to a *cy pres* charity to be agreed upon between the parties and approved by the Court.

      4.11    **Taxes on Settlement Benefit.**  No deductions for taxes will be taken from any Settlement Benefit at the time of distribution. Settlement Class Members are responsible for paying all taxes due on such Settlement Benefits. All Settlement Benefit payments shall be deemed to be paid solely in the year in which such payments are actually issued. Counsel and the Parties do not purport to provide legal advice on tax matters to each other or Settlement Class Members. To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any Person or Business for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

      4.12    **Retention of Payment Records.**  The Settlement Administrator shall retain all records relating to payment of claims under the Agreement for a period of five (5) years from the Effective Date. Those records shall be maintained in accordance with this Agreement as "Confidential – Attorneys' and Settlement Administrator's Eyes Only."

      4.13    **Limitation of Liability.**  Defendant, the Released Parties, and Defendant's counsel shall have no responsibility for, interest in, or liability with respect to: (i) any act, omission, or determination by Class Counsel, the Settlement Administrator, or their respective designees or agents in connection with the administration of the Settlement Fund; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of payments from the Settlement Fund to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (v) any losses suffered by, or fluctuations in value of, the Settlement Fund.

      4.14    **Non-Monetary Relief.**  The Parties agree that, after the first Action in the Litigation was filed, Defendant made modifications to its practices and procedures regarding bacterial contamination and also expanded the Recall to include additional products that had the potential to be contaminated with *Salmonella*. Moreover, Defendant closed the plant that manufactured the recalled food and was a source of potential contamination. In addition, Defendant is continuing to diligently implement its food safety programs to reduce the potential future risk of bacterial contamination. These modifications significantly benefit consumers, including Settlement Class Members who wish to purchase Defendant's products in the future.


## V.    NOTICE

      5.1    **Administration of Notice Plan.**  The Claim Administrator will administer the Notice Plan in accordance with this Agreement, the Court's order granting Preliminary Approval and any other order of the Court. The Claim Administrator will keep the identities

and contact information of Settlement Class Members confidential (subject to the Parties' audit rights set forth in Paragraph 4.8), and shall use such information solely for purposes of administering the Settlement.

      5.2    **Notice Plan.**  Notice of the Settlement will be provided to the Settlement Class Members as follows:

            5.2.1  <u>Settlement Website</u>.  Prior to the Notice Date, the Claim Administrator shall establish the Settlement Website, which shall contain: a complete list of Covered Products as set forth in Exhibit D to this Agreement; the Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions (to be agreed upon in form and substance between Class Counsel and Defendant); a contact information page that includes the address for the Claim Administrator and addresses and telephone numbers for Class Counsel; the Consolidated Complaint; the Agreement; the signed order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Expenses and/or an application for Service awards. The Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form or request for exclusion, as well as an address to which Claim Forms or requests for exclusion may be mailed. The Settlement Website will be live on the Notice Date.  The Settlement Website shall remain accessible until one hundred eighty (180) days after all Settlement Benefits are distributed, except that it will not allow online submission of Claim Forms after the Claim Filing Deadline or online submission of requests for exclusion after the Exclusion Deadline.

            5.2.2  <u>Toll-Free Number</u>. The Settlement Administrator will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Detailed Notice, the Claim Form, and other materials referenced in Paragraph 5.2.1.

            5.2.3  <u>Internet/Social Media Advertising Campaign</u>.  The Claim Administrator shall design and implement a media campaign using internet and social media advertising, the form and substance of which shall be mutually agreed upon by the Parties in advance of the Notice Date.

      5.3    **Supervision of Claim Administrator.**  The Parties shall supervise the Claim Administrator in the performance of the notice functions set forth in this Section V.

      5.4    **CAFA Notice.**  The Claim Administrator, at the direction of Defendant's counsel, shall comply with the notice requirements of 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b).  The costs of such notice shall be paid from the Initial

Settlement Administration Payment.

     5.5    **Certification.**  Prior to the hearing on Final Approval and in accordance with the Court's regular notice requirements, the Claim Administrator shall certify to the Court that it has complied with the notice requirements set forth herein.

## VI.    OBJECTION AND EXCLUSION

     6.1.    **Rights to Objection and Exclusion.**  The Notice shall advise prospective Settlement Class Members of their rights to forego the benefits of this Settlement and pursue an individual claim, object to this Settlement individually or through counsel and appear at the final approval hearing.

     6.2.    **Procedures for Objection.**  If any Settlement Class Member wishes to object to the Settlement, the Settlement Class Member must electronically file via the Court's ECF system, or deliver to the Clerk of the Court by mail, express mail, or personal delivery, a written notice of objection. To be timely, the objection must be *received by* the Clerk of the Court (not just postmarked or sent) prior the Objection Deadline. Each objection must include: (i) a caption or title that clearly identifies the proceeding and that the document is an objection, (ii) information sufficient to identify and contact the objector or his or her attorney if represented, (iii) information sufficient to establish the objector's standing as a Settlement Class Member, (iv) a clear and concise statement of the objector's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any (an attorney's signature alone shall not be deemed sufficient to satisfy this requirement). Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection.

     6.3.    **Procedures for Exclusion.**  If any Settlement Class Member wishes to be excluded from this Settlement, the Settlement Class Member may do so by completing the online exclusion form at the Settlement Website; downloading and submitting to the Claim Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Claim Administrator. Requests to exclude must be postmarked or submitted online by the Exclusion Deadline or they shall not be valid.  For exclusion requests that are submitted online, the Class Member shall have the opportunity to print a page immediately after submission showing the information entered and the date and time the request for exclusion was submitted.  Settlement Class Members who elect to exclude themselves from this Settlement shall not be permitted to object to this Settlement or to intervene.  Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion.

     6.4.    **Timeliness.**  The proposed Preliminary Approval Order will provide, and the Notice will clearly state, that any Settlement Class Members wishing to object or exclude themselves who fail to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.

6.5.    **Notice of Exclusions.**  Not later than ten (10) days after the Exclusion Deadline, the Claims Administrator shall provide to Class Counsel and Counsel for Defendant a complete list of the names of the persons who have excluded themselves from the Settlement Class in a valid and timely manner with copies of the exclusion requests.  Class Counsel shall inform the Court of the number of persons who have timely and validly excluded themselves prior to the hearing on Final Approval and in accordance with the Court's regular notice requirements.

6.6.    **Effect of Both Submitting a Claim and Requesting Exclusion.**  If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected. A Settlement Class Member who objects to the Settlement may also submit a Claim Form on or before the Claim Filing Deadline, which shall be processed in the same way as all other Claim Forms. A Settlement Class Member shall not be entitled to an extension to the Claim Filing Deadline merely because the Settlement Class Member has also submitted an objection.

6.7.    **Effect of Both Requesting Exclusion and Objecting.**  If a Settlement Class Member both submits a timely and valid request for exclusion and timely files an Objection, the Settlement Class Member will be deemed to have opted out of the Settlement, and thus to be ineligible to object. However, any objecting Settlement Class Member who has not timely submitted a completed request for exclusion will be bound by the terms of the Agreement upon the Court's Final Approval of the Settlement.

## VII.    ATTORNEYS' FEES AND EXPENSE PAYMENT AND CLASS REPRESENTATIVE SERVICE AWARDS

7.1    **Attorneys' Fees and Expense Payment.**  Prior to the initially scheduled hearing on Final Approval and in accordance with the Courts' regular notice requirements, Class Counsel may apply to the Court for an award of an Attorneys' Fees and Expense Payment in a total amount not to exceed one-third of the Settlement Fund, in the aggregate.  In no event shall Defendant be liable for any attorneys' fees or expenses in excess of that amount.

7.2    **Services Awards.**  Prior to the initially scheduled hearing on Final Approval and in accordance with the Courts' regular notice requirements, the Class Representatives may additionally apply to the Court for a Service Award not to exceed $500.00 each as compensation for (a) the time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability for the Parties' costs of suit, and (b) the additional release set forth in Paragraph 8.2.

7.3    **Payment.**  Any Attorneys' Fee and Expense Payment and Service Awards awarded by the Court shall be paid from the Settlement Fund.  The Claim Administrator shall pay any such Attorneys' Fee and Expense Payment and Service Awards out of the Settlement Fund Account into an escrow account maintained by Class Counsel, The Sultzer Law Group, P.C., immediately following Defendant's deposit of the payment described in Paragraph 4.3.1. If Final Approval or the award of Attorneys' Fees and Attorneys' Costs and/or incentive awards is later reversed on appeal or if for any reason the Judgment does not become final or the Effective Date fails to occur, then, within fourteen (14) business days, Class Counsel shall repay into the

Settlement Fund Account the amount received pursuant to this Paragraph. Class Counsel will hold the Attorneys' Fee and Expense Payment and Service Awards in escrow until such time as Class Counsel is authorized to disseminate those funds pursuant to this Agreement, the Final Approval Order or other order of the Court, but in any case no earlier than the Effective Date.

      7.4    **No Modification of Agreement.**  Class Counsel and the Class Representatives agree that the denial, downward modification, failure to grant the request for Attorneys' Fees and Expense Payment or Service Awards, or the reversal or modification on appeal of any such payment or awards, shall not constitute grounds for modification or termination of this Agreement.

      7.5    **Defendant's Fees and Expenses.**  Defendant shall be responsible for paying its own attorneys' fees and expenses.

## VIII.   RELEASES, WARRANTIES AND COVENANTS NOT TO SUE

      8.1    **Release.**  As of the Effective Date, the Settlement Class Members, and any all of their respective heirs, executors, administrators, representatives, agents, partners, successors and assigns (the "Releasing Parties") hereby fully and irrevocably release and forever discharge the Released Parties from, and shall be forever barred from instituting, maintaining, or prosecuting, any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages, costs, attorneys' fees or liabilities of any kind or nature whatsoever, whether legal or equitable or otherwise, known or unknown, accrued or to accrue, vested or contingent, liquidated or otherwise, whether based in contract, tort, warranty, fraud, negligence, violation of federal or state statute or any other theory, that arise out of or relate to: (i) the allegations, claims, or contentions that were, or could have been, asserted in the Litigation, including but not limited to allegations, claims, or contentions related in any way to the manufacture, testing, labeling, marketing, sales, advertising, and use of the Covered Products with respect to the potential for contamination by *Salmonella* or any other bacteria or contaminant; and (ii) any alleged acts, omissions, or misrepresentations related in any way to the potential for *Salmonella*, or any other bacteria or contaminant, with respect to the Covered Products (the "Released Claims"). The Released Claims exclude claims for bodily injury.

      8.2    **Additional Release from Named Plaintiffs.**  In addition to the release provided in Paragraph 8.1, Named Plaintiffs further represent that they do not have any claims as to any Released Parties' products or services other than those asserted in the Litigation, and hereby fully and irrevocably release and forever discharge the Released Parties from, and shall be forever barred from instituting, maintaining, or prosecuting, any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages, costs, attorneys' fees or liabilities of any kind or nature whatsoever, whether legal or equitable or otherwise, known or unknown, accrued or to accrue, vested or contingent, liquidated or otherwise, whether based in contract, tort, warranty, fraud, negligence, violation of federal or state statute or any other theory, that arise out of or relate to any of the Released Parties' products or services and are based on any conduct, act or omissions prior to the date of execution of this Agreement, including any claims for bodily injury or any other claims.

      8.3    **Unknown Claims.**  In consideration for this Agreement and the consideration

and mutual covenants set forth herein, Named Plaintiffs and the Settlement Class Members acknowledge that the release herein includes potential claims and costs that may not be known or suspected to exist, and that Named Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Code section 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived.  California Civil Code section 1542 states as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

8.4    **Covenant Not to Sue.**  Named Plaintiffs and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties. Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

8.5    **Action to Enforce Settlement.**  None of the foregoing releases or covenants include shall be read to prohibit a cause of action to enforce the terms of the Settlement.

## IX.    DENIAL OF LIABILITY; PROHIBITION OF USE

9.1    **Denial of Liability.**  Defendant vigorously denies all of the material allegations in the Litigation.  Defendant enters into this Agreement without in any way admitting or acknowledging any fault, liability, or wrongdoing of any kind.  Defendant further denies the truth of any of the claims asserted in the Litigation, including any allegations that Named Plaintiffs or any member of the Settlement Class has been harmed by any conduct by Defendant, whether as alleged in the Litigation or otherwise.  Defendant is settling this matter solely to avoid the risk, burden, and expense of continued litigation.

9.2    **Admissibility of Agreement.**  To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Defendant, or to establish the truth of any of the claims or allegations alleged in the Litigation.

19

The Agreement may be pleaded or invoked as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding which may be instituted, prosecuted, or attempted for the Released Claims.

## X.    ADDITIONAL PROVISIONS

10.1    **Cooperation of the Parties.**  Subject to the limitations expressed herein, the Parties' counsel shall use their best efforts to cause the Court to give Preliminary Approval to this Agreement and Settlement as promptly as practicable, to take all steps contemplated by this Agreement to effectuate the Settlement on the stated terms and conditions, to cooperate in addressing any objections, and to obtain Final Approval of this Agreement.  The Parties and Counsel shall not encourage anyone directly or indirectly to opt out or object.  The Class Representatives shall not opt out or object.  If the Court requires changes to the Agreement as a prerequisite to Preliminary Approval or Final Approval, the Parties shall negotiate in good faith regarding such changes.

10.2    **Press Releases.**  To avoid contradictory, incomplete, or confusing information about the Settlement during the Claim Period, the Parties agree that if they make any written press releases or affirmative statements to the media about the Settlement before the conclusion of the Claim Period, such releases or statements will be approved by all Parties in advance. Defendant may, however, in its sole discretion and at any time, make responsive statements in response to any media, customer or other public or private inquiries to: (a) make clear that Defendant denies any and all wrongdoing, liability or allegations asserted in the Litigation and is entering into the Settlement solely to avoid the uncertainty and expense of litigation; or (b) correct any inaccuracies about the terms or conditions of the Settlement.  The Parties otherwise agree that before the entry of the Order Granting Final Approval, if any print or electronic media outlet contacts any Party or its counsel seeking information or a statement regarding the Settlement, unless a response is agreed on by all Parties, no information will be provided in response to such inquiries.  For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law or any securities exchange regulation.  Additionally, nothing in this Agreement prevents Defendant from making affirmative or responsive public statements denying any allegations asserted in the Litigation or otherwise addressing the Recall.

10.3    **Non-Disparagement.**  Named Plaintiffs, Settlement Class Members, and Class Counsel shall make no statements, including statements to the press or any other public statements, that disparage Defendant, any Released Party, or any of the Covered Products, or accuse Defendant or any Released Party of any wrongdoing regarding this Settlement or Litigation or the subject matter thereof.

10.4    **Modification of Time Periods.**  The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Settlement Class Members, except that the Claim Administrator shall ensure that such dates are posted on the Settlement Website.

10.5    **Right to Terminate.**  Except for changes to the time periods as set forth in the

Paragraph 10.4 and any non-substantive changes to the Notice, Claim Form or Online Advertisement that may be ordered by the Court or agreed upon between counsel for the Parties in writing, all other terms and limitations set forth in this Agreement and in the documents referred to or incorporated herein (including but not limited to the Notice, Claim Form and Online Advertisement) shall be deemed material to the Parties' agreement, and in the event any such other term is altered or amended by the Court (including if the Court refuses to certify the Settlement Class and/or modifies the definition of the class), or any other court, or if any federal or state authority objects to or requires modifications to the Agreement, any Party whose rights or obligations are affected by the alteration or amendment may terminate this Agreement upon prompt written notice to the other Party (in no event later than fourteen (14) days after the terminating Party learns of the event that gives right to the right to terminate, unless agreed upon in writing between Class Counsel and Defendant).

      10.6    **Return of Funds Upon Termination.**  In the event of a termination under Paragraph 10.5 of this Agreement, or if for any reason the Judgment does not become final or the Effective Date fails to occur, the Claim Administrator shall return any remaining portion of the Initial Settlement Administration Payment, and any and all monies remaining in the Settlement Fund, to Defendant within fourteen (14) days of receiving notice of the termination. Additionally, within fourteen (14) days of receiving notice of the termination, Class Counsel shall reimburse Defendant for fifty percent (50%) of any portion of the Initial Settlement Administration Payment that has been applied to pay Notice and Administration Costs as of the termination.

      10.7    **Computation of Time.**  All time periods set forth herein shall be computed in calendar days unless otherwise specified. If the date for performance of any act required by or under this Agreement falls on a Saturday, Sunday or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Agreement.

      10.8    **No Assignment of Claims.**  The Settlement Class Members will be deemed by operation of the Order Granting Final Approval to represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, cause of action, or rights herein released and discharged. Any Party that breaches the representations and warranties set forth in this Paragraph shall indemnify and hold harmless the other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach of any such breaching Party of its representations and warranties in this Paragraph.

      10.9    **Governing Law.**  This Agreement is intended to and shall be governed by the laws of the State of New York, without regard to conflicts of law principles.

      10.10    **Integration.**  The terms and conditions set forth in this Agreement (including all exhibits) constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous

agreement. The Parties further intend that this Agreement (including exhibits) constitutes the complete and exclusive statement of its terms as between the Parties hereto, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Agreement.

10.11  **Modification.**  Except as otherwise provided herein, any amendment or modification of the Agreement must be in writing signed by each of the Parties and their counsel.

10.12  **Construction.**  The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto and their counsel. The presumption found in California Civil Code section 1654, and any comparable statutes, that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

10.13  **Headings and Captions.**  Headings, captions and section numbers herein are inserted merely for the reader's convenience, and in no way define, limit, construe, or otherwise describe the scope or intent of the provisions of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings, captions and section numbers shall be disregarded.

10.14  **Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Parties hereto.

10.15  **No Waiver.**  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by any Party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

10.16  **Legal Fees and Costs.**  Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

10.17  **Warranty of Signatures.**  Each person executing this Agreement in a representative capacity represents and warrants that they are empowered to do so.

10.18  **Counterparts.**  The Parties may execute this Agreement in counterparts and/or by fax or electronic mail, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

10.19  **Continuing Jurisdiction.**  The Court shall retain jurisdiction to enforce, interpret, and implement this Agreement.  All Parties hereto submit to the jurisdiction of the Court for these purposes.

10.20  **No Exclusion of Named Plaintiffs.**  Named Plaintiffs hereby agree not to

request to seek to exclude themselves from the Settlement Class. Any such request shall be void and of no force or effect.

     10.21    **Voluntary Execution and Representation by Counsel.** This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing.

     10.22    **Notices.** All notices to the Parties or counsel required by this Agreement shall be made in writing and (i) delivered personally or by registered or certified mail, postage prepaid, to the appropriate address(es) set forth immediately below, or to other contact points as the Parties may identify by notice given in accordance with this Paragraph; and also (ii) transmitted by email to the appropriate email address(es) set forth below:

     If to Named Plaintiffs or Class Counsel:

          Jason P. Sultzer
          Sultzer & Lipari, PLLC
          85 Civic Center Plaza, Suite 200
          Poughkeepsie, NY 12601
          Telephone: (845) 483-7100
          Email: sultzerj@thesultzerlawgroup.com

          Nick Suciu III
          MILBERG COLEMAN BRYSON
          PHILLIPS GROSSMAN, PLLC
          6905 Telegraph Road, Suite 115
          Bloomfield Hills, MI 48301
          Telephone: (313) 303-3472
          Email: nsuciu@milberg.com

          Michael R. Reese
          REESE LLP
          100 West 93rd Street, 16th Floor
          New York, NY 10025
          Telephone: (212) 643-0500
          Email: mreese@reesellp.com

          Paul Doolittle
          Poulin Willey Anastapoulo
          32 Ann Street
          Charleston, SC 29403
          Telephone: (800) 313-2546
          Email:
          pauld@akimlawfirm.com

Charles E. Schaffer
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pa. 19106
Telephone: (215) 592-1500
Email:
cschaffer@lfsblaw.com

Joshua Arisohn
BURSOR & FISHER, P.A.
1330 A venue of the Americas, 32 Floor
New York, NY 10019
Telephone: 646-837-7103
Email: jarisohn@bursor.com

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: 513.345.8297
Email: jgoldenberg@gs-legal.com

Jeffrey K. Brown
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com

If to Defendant:

Lauren S. Colton
HOGAN LOVELLS US LLP.
100 International Drive
Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2733
Email:
lauren.colton@hoganlovells.com

*[Signatures on next page]*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

***The Named Plaintiffs:***

Dated: ____ 24/06/2024

*Teresa Herendeen*
Teresa Herendeen (Jun 24, 2024 15:14 EDT)
Teresa Herendeen
*Plaintiff and Class Representative*

Dated: _____

_____
Raymond Kessler
*Plaintiff and Class Representative*

Dated: _____

_____
Hartence Hill
*Plaintiff and Class Representative*

Dated: _____

_____
Lazaro Rodriguez
*Plaintiff and Class Representative*

Dated: _____

_____
Barbara Abreu
*Plaintiff and Class Representative*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

***The Named Plaintiffs:***

Dated: _____

_____
Teresa Herendeen
*Plaintiff and Class Representative*

Dated: _6/24/2024_

*Raymond Kessler*
_____
Raymond Kessler
*Plaintiff and Class Representative*

Dated: _____

_____
Hartence Hill
*Plaintiff and Class Representative*

Dated: _____

_____
Lazaro Rodriguez
*Plaintiff and Class Representative*

Dated: _____

_____
Barbara Abreu
*Plaintiff and Class Representative*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

*The Named Plaintiffs:*

Dated: _____

_____
Teresa Herendeen
*Plaintiff and Class Representative*

Dated: _____

_____
Raymond Kessler
*Plaintiff and Class Representative*

Dated: 25/06/2 _____

_____
Hartence G Hill ( Jun 25, 2024 14:56 EDT)
Hartence Hill
*Plaintiff and Class Representative*

Dated: _____

_____
Lazaro Rodriguez
*Plaintiff and Class Representative*

Dated: _____

_____
Barbara Abreu
*Plaintiff and Class Representative*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

***The Named Plaintiffs:***

Dated: _____

_____
Teresa Herendeen
*Plaintiff and Class Representative*

Dated: _____

_____
Raymond Kessler
*Plaintiff and Class Representative*

Dated: _____

_____
Hartence Hill
*Plaintiff and Class Representative*

Dated: _____

_____
Lazaro Rodriguez
*Plaintiff and Class Representative*

Dated: _____

_____
Barbara Abreu
*Plaintiff and Class Representative*

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below and agree that it shall take effect on the last date it is executed by all of the undersigned.

***The Named Plaintiffs:***

Dated: _____

                              _____
Teresa Herendeen
*Plaintiff and Class Representative*

Dated: _____

_____
Raymond Kessler
*Plaintiff and Class Representative*

Dated: _____

_____
Hartence Hill
*Plaintiff and Class Representative*

Dated: _____

_____
Lazaro Rodriguez
*Plaintiff and Class Representative*

*Barbara Abreu*

Dated: 06/24/2024

_____
Barbara Abreu
*Plaintiff and Class Representative*

*Approved as to Form:*

Dated: _6/24/2024_

_____

SULTZER & LIPARI, PLLC
Jason P. Sultzer
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
E-Mail: sultzerj@thesultzerlawgroup.com
*Attorneys for Plaintiff Raymond Kessler and
the Settlement Class*

Dated: _____

_____

REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
E-Mail: mreese@reesellp.com
*Attorneys for Plaintiff Raymond Kessler and
the Settlement Class*

Dated: _____

_____

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
Nick Suciu III
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Email: nsuciu@milberg.com
*Attorneys for Plaintiff Raymond Kessler and
the Settlement Class*

Dated: _____

_____

POULIN WILLEY ANASTAPOULO
Paul Doolittle
32 Ann Street
Charleston, SC 29403
Telephone: (800) 313-2546
Email: pauld@akimlawfirm.com

26

*Approved as to Form:*

Dated: _____

_____

SULTZER & LIPARI, PLLC
Jason P. Sultzer
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
E-Mail:  sultzerj@thesultzerlawgroup.com
*Attorneys for Plaintiff Raymond Kessler and*
*the Settlement Class*

Dated: June 24, 2024

_____

REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
E-Mail:  mreese@reesellp.com
*Attorneys for Plaintiff Raymond Kessler and*
*the Settlement Class*

Dated: _____

_____

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
Nick Suciu III
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Email: nsuciu@milberg.com
*Attorneys for Plaintiff Raymond Kessler and*
*the Settlement Class*

Dated: _____

_____

POULIN WILLEY ANASTAPOULO
Paul Doolittle
32 Ann Street
Charleston, SC 29403
Telephone: (800) 313-2546
Email: pauld@akimlawfirm.com

*Approved as to Form:*

Dated: _____

                               _____
SULTZER & LIPARI, PLLC
Jason P. Sultzer
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
E-Mail:  sultzerj@thesultzerlawgroup.com
*Attorneys for Plaintiff Raymond Kessler and
the Settlement Class*

Dated: _____

                               _____
REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
E-Mail:  mreese@reesellp.com
*Attorneys for Plaintiff Raymond Kessler and
the Settlement Class*

Dated: 6/24/24

                               _____
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
Nick Suciu III
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Email: nsuciu@milberg.com
*Attorneys for Plaintiff Raymond Kessler and
the Settlement Class*

Dated: _____

                               _____
POULIN WILLEY ANASTAPOULO
Paul Doolittle
32 Ann Street
Charleston, SC 29403
Telephone: (800) 313-2546
Email: pauld@akimlawfirm.com

*Approved as to Form:*

Dated: _____

                           _____
SULTZER & LIPARI, PLLC
Jason P. Sultzer
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
E-Mail:  sultzerj@thesultzerlawgroup.com
*Attorneys for Plaintiff Raymond Kessler and*
*the Settlement Class*

Dated: _____

                           _____
REESE LLP
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-0500
E-Mail:  mreese@reesellp.com
*Attorneys for Plaintiff Raymond Kessler and*
*the Settlement Class*

Dated: _____

                           _____
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
Nick Suciu III
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
Email: nsuciu@milberg.com
*Attorneys for Plaintiff Raymond Kessler and*
*the Settlement Class*

Dated: _06/24/2024

                           _____
POULIN WILLEY ANASTAPOULO
Paul Doolittle
32 Ann Street
Charleston, SC 29403
Telephone: (800) 313-2546
Email: pauld@akimlawfirm.com

26

*Attorneys for Plaintiff Teresa Herendeen and
the Settlement Class*

Dated: 6/25/2024

*Josh Arisohn*

BURSOR & FISHER, P.A.
Joshua Arisohn
1330 Avenue of the Americas, 32 Floor
New York, NY 10019
Telephone: 646-837-7103
Email: jarisohn@bursor.com
*Attorneys for Plaintiff Hartence Hill and the
Settlement Class*

Dated: _____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq. 510 Walnut Street,
Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com
*Attorneys for Plaintiff Lazaro Rodriguez and
the Settlement Class*

Dated: _____

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: 513.345.8297
Email: jgoldenberg@gs-legal.com
*Attorneys for Plaintiff Lazaro Rodriguez and
the Settlement Class*

Dated: _____

Jeffrey K. Brown
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com
*Attorneys for Plaintiff Barbara Abreu and the
Settlement Class*

27

*Attorneys for Plaintiff Teresa Herendeen and the Settlement Class*

Dated: _____

_____

BURSOR & FISHER, P.A.
Joshua Arisohn
1330 Avenue of the Americas, 32 Floor
New York, NY 10019
Telephone: 646-837-7103
Email: jarisohn@bursor.com
*Attorneys for Plaintiff Hartence Hill and the Settlement Class*

Dated: 6/24/2024

_____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq. 510 Walnut Street,
Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com
*Attorneys for Plaintiff Lazaro Rodriguez and the Settlement Class*

Dated: _____

_____

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: 513.345.8297
Email: jgoldenberg@gs-legal.com
*Attorneys for Plaintiff Lazaro Rodriguez and the Settlement Class*

Dated: _____

_____

Jeffrey K. Brown
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514

*Attorneys for Plaintiff Teresa Herendeen and the Settlement Class*

Dated: _____

                        _____

BURSOR & FISHER, P.A.
Joshua Arisohn
1330 Avenue of the Americas, 32 Floor
New York, NY 10019
Telephone: 646-837-7103
Email: jarisohn@bursor.com
*Attorneys for Plaintiff Hartence Hill and the Settlement Class*

Dated: _____

                        _____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq. 510 Walnut Street,
Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com
*Attorneys for Plaintiff Lazaro Rodriguez and the Settlement Class*

Dated: 6/24/24

                        _____

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: 513.345.8297
Email: jgoldenberg@gs-legal.com
*Attorneys for Plaintiff Lazaro Rodriguez and the Settlement Class*

Dated: _____

                        _____

Jeffrey K. Brown
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com
*Attorneys for Plaintiff Barbara Abreu and the Settlement Class*

27

*Attorneys for Plaintiff Teresa Herendeen and the Settlement Class*

Dated: _____

_____

BURSOR & FISHER, P.A.
Joshua Arisohn
1330 Avenue of the Americas, 32 Floor
New York, NY 10019
Telephone: 646-837-7103
Email: jarisohn@bursor.com
*Attorneys for Plaintiff Hartence Hill and the Settlement Class*

Dated: _____

_____

LEVIN SEDRAN & BERMAN
Charles E. Schaffer, Esq. 510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
E-Mail: cschaffer@lfsblaw.com
*Attorneys for Plaintiff Lazaro Rodriguez and the Settlement Class*

Dated: _____

_____

Jeffrey S. Goldenberg
GOLDENBERG SCHNEIDER, L.P.A.
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: 513.345.8297
Email: jgoldenberg@gs-legal.com
*Attorneys for Plaintiff Lazaro Rodriguez and the Settlement Class*

Dated: _6/24/24_

*Jeffrey K. Brown*
_____

Jeffrey K. Brown
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email: jbrown@leedsbrownlaw.com
*Attorneys for Plaintiff Barbara Abreu and the Settlement Class*

27

**Defendant:**

Dated: 6/24/24

**The Quaker Oats Company**

Israel Kontorovsky
CFO, Quaker Foods North
America

**Approved as to Form:**

Dated: 6/21/2024

Lauren S. Colton
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Telephone: (410) 659-2700
Email: lauren.colton@hoganlovells.com
*Counsel for Defendant*

28

## <u>LIST OF EXHIBITS</u>

Exhibit A: Proposed Preliminary Approval Order
Exhibit B: Notice
Exhibit C: Claim Form
Exhibit D: Covered Products List

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAYMOND KESSLER, HARTENCE HILL, LAZARO RODRIGUEZ, TERESA HERENDEEN, and BARBARA ABREU individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE QUAKER OATS COMPANY,<br><br>Defendant. | **CASE NO. 7:24-cv-00526**<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

WHEREAS, on May 24, 2024, Plaintiffs Raymond Kessler, Hartence Hill, Lazaro Rodriguez, Teresa Herendeen, and Barbara Abreu (collectively, "Plaintiffs") filed an Amended Class Action Complaint in the Southern District of New York against Defendant The Quaker Oats Company ("Defendant" or "Quaker"), on behalf of themselves and all others similarly situated, alleging that Quaker failed to disclose and/or misrepresented facts related to the alleged presence of *Salmonella* in certain of its food products that were subject to a voluntary recall on December 15, 2023, and as expanded on January 11, 2024 (ECF No. 9);

WHEREAS, Plaintiffs and Quaker entered into a Settlement Agreement and Release ("Settlement Agreement") on June 24, 2024, which is attached as **Exhibit 1** to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, filed on June 24, 2024 and sets forth the terms and conditions of the Settlement;[1]

---

[1] Unless otherwise stated, capitalized terms used herein have the meaning given to such terms in the Settlement Agreement.

1

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving Notice to the Settlement Class as more fully described herein;

WHEREAS, Quaker does not contest certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, and the supporting Declaration of Jason P. Sultzer of Sultzer & Lipari, PLLC, and exhibits thereto, and finds good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

**Preliminary Certification of the Settlement Class for Settlement Purposes**

2.       Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, defined as follows, is preliminarily certified for the purpose of settlement only:

> All natural persons who, between the earliest date of distribution of any Covered Product and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale, except for any Excluded Persons.

3.      The Settlement Class excludes:

> (1) Any judge presiding over the Litigation, their staff and their immediate family members; (2) Defendant; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in Section VI of the Settlement Agreement.

4.      The Court preliminary finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

5.      Plaintiffs Teresa Herendeen, Raymond Kessler, Hartence Hill, Lazaro Rodriguez, and Barbara Abreu are hereby appointed as Class Representatives of the Settlement Class.

6.      Michael R. Reese of Reese LLP, Jason P. Sultzer of Sultzer & Lipari, PLLC, Nick Suciu III of Milberg Coleman Bryson Phillips Grossman, PLLC, Paul Doolittle of Poulin Willey Anastapoulo, Charles E. Schaffer of Levin Sedran & Berman, Joshua Arisohn of Bursor & Fisher, P.A., Jeffrey S. Goldenberg of Goldenberg Schneider, L.P.A., and Jeffrey K. Brown of Leeds Brown, P.C., are hereby appointed as Class Counsel for the Settlement Class.

7.      The Settlement Class, if certified in connection with final approval, shall be for settlement purposes only and without prejudice to the parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**Preliminary Approval of the Settlement**

8.      The Court has scrutinized the Settlement Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through pre-suit discovery pursuant to Fed. R. Evid. 408, extensive settlement discussions, and who mediated before the Honorable Jay C. Gandhi of JAMS ADR. The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

3

9.      The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

10.     The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, any actions brought by the named Plaintiffs concerning a Released Claim.

**Manner and Form of Notice**

11.     The Court approves the Notice substantially in the form attached as Exhibit B to the Settlement Agreement and the Claim Form substantially in the form attached as Exhibit C to the Settlement Agreement. The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; of their right to submit a Claim Form; of their right to exclude themselves; and of their right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice before it is disseminated.

12.     The Court also finds that the proposed Notice Plan, which includes dissemination of Notice via (i) the Settlement Website, (ii) a toll-free telephone number, and (iii) an internet/social media advertising campaign, will provide the best notice practicable under the circumstances. The Notice and Notice Plan provide due, adequate, and sufficient notice to the Settlement Class, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

13.     The Court appoints Angeion Group to serve as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, administer the Claims process, including the determination of valid claims, distribute the Class Benefit to Valid Claimants according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator provided for in the Settlement Agreement.

14.     The Settlement Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

a.     Within 45 days following the entry of this Order, the Settlement Administrator will establish the Settlement Website pursuant to the terms of the Settlement Agreement.  The Settlement Website shall contain: a complete list of Covered Products as set forth in Exhibit D to the Settlement Agreement; the Notice in both downloadable PDF format and HTML format with a clickable table of contents; answers to frequently asked questions (to be agreed upon in form and substance between Class Counsel and Defendant); a contact information page that includes the address for the Claim Administrator and addresses and telephone numbers for Class Counsel; the Consolidated Complaint; the Agreement; the signed order of Preliminary Approval; a downloadable and online version of the Claim Form; a downloadable and online version of the form by which Settlement Class Members may exclude themselves from the Settlement Class; and (when it becomes available) Plaintiffs' application for Attorneys' Fees and Expenses and/or an application for Service awards.  The Settlement Website will include a readily accessible means for members of the Settlement Class to electronically submit a Claim Form or request for exclusion, as well as an address to which Claim Forms or requests for exclusion may be mailed. The Settlement Website will be live on the Notice Date. The Settlement Website shall remain accessible until one hundred eighty (180) days after all

Settlement Benefits are distributed, except that it will not allow online submission of Claim Forms after the Claim Filing Deadline or online submission of requests for exclusion after the Exclusion Deadline..

        b.    Within 45 days following entry of this Order, Angeion Group will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Detailed Notice, Claim Form(s), and other case documents.

        c.    Within 45 days following entry of this Order, Angeion Group will initiate the internet/social media advertising campaign as described in the Notice Plan, which will direct potential Settlement Class Members to the Settlement Website.

**The Final Approval Hearing**

15.    The Court will hold a Final Approval Hearing on _____ at _____ in Courtroom 521 of the United States District Court, Southern District of New York, 300 Quarropas St., White Plains, New York 10601, for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of Settlement Class Members; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

16.    The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

17.     Class Counsel's application for an award of attorneys' fees and expenses, and Class Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.

18.     If the Settlement is approved, Settlement Class Members (i.e., those who have not excluded themselves from the Settlement) will be bound by the Release provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgment in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

19.     Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement that includes: (i) a caption or title that clearly identifies the proceeding and that the document is an objection, (ii) information sufficient to identify and contact the objector or his or her attorney if represented, (iii) information sufficient to establish the objector's standing as a Settlement Class Member, (iv) a clear and concise statement of the objector's objection, as well as any facts and law supporting the objection, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any (an attorney's signature alone shall not be deemed sufficient to satisfy this requirement). Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection. To be timely, the objection must (a) be electronically filed via the Court's ECF system; or (b) delivered to the Clerk of the Court for filing by mail, express mail or personal delivery, and (c) be filed or received by the Clerk of the Court prior to the Objection deadline, which shall be 60 days after the Notice Date.

20.     Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of the Settlement Agreement and as detailed in the Notice shall waive and forfeit any and all rights they may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement Agreement by appeal or other means; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

**Exclusion from the Settlement Class**

21.     Members of the Settlement Class who choose to opt out must submit a written request for exclusion either by completing the online exclusion form at the Settlement Website, downloading and submitting to the Settlement Administrator a completed exclusion form, or submitting a valid request to exclude themselves, as described in the Notice, to the Settlement Administrator. The request for exclusion must be submitted online or postmarked no later than 60 days following the Notice Date.  The deadline shall be set forth in the Notice and on the Settlement Website.

22.     Any member of the Settlement Class who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

23.     The Settlement Administrator shall also provide a final report to Class Counsel and Quaker, no later than ten (10) days after the deadline for submitting written requests for exclusion, that summarizes the number of opt-out requests received to date, the names of the persons who have timely excluded themselves, and other pertinent information. Class Counsel shall include the information, as appropriate, with their final approval papers.

**Termination of the Settlement**

24.     If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

**The Use of this Order**

25.     As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Quaker to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that Quaker agrees that a litigation class is proper in this Action or any other proceeding; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in this Action against Quaker if it was not settled at this point in time.

26.     The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including

but not limited to, the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement or as a defense to any released claim.

27.     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.


**IT IS SO ORDERED.**


Dated: _____, 2024          _____
                                                HON. KENNETH M. KARAS
                                                United States District Court
                                                Southern District of New York

10

# Exhibit B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you purchased a Quaker Covered Product in the U.S. for personal, family, or household use, and not for resale, you may be part of a class action settlement.**

*This is a Court-authorized Notice. You are not being sued. This is not a solicitation from a lawyer.*

- Please read this notice carefully, which has been approved by the United States District Court for the Southern District of New York. Whether you act or not, your legal rights as a member of the Settlement Class are affected by the Settlement.

- A settlement has been reached in a class action lawsuit against The Quaker Oats Company ("Quaker" or "Defendant"), alleging deceptive marketing and labeling practices in connection with Quaker's voluntary recall of certain food products that had the potential to be contaminated with Salmonella, initiated on December 15, 2023 and expanded on January 11, 2024 (the "Recall"). The action is captioned *Kessler v. The Quaker Oats Company,* No. 7:24-cv-00526 (S.D.N.Y.) (the "Litigation").

- Quaker denies all the Named Plaintiffs' allegations and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged against it, in the Litigation. Quaker stands behind the safety of its products and the accuracy of its marketing and product labeling. The Named Plaintiffs and the Defendant agree that the Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of the Settlement Class considering all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation.

- You are included in the Settlement Class if you purchased any of the Quaker Covered Products subject to the Recall, as identified at: [website], in the United States, between the earliest date of distribution of any Covered Product and [preliminary approval date], for personal, family or household use and not for resale.

- Under the Settlement, Defendant will establish a Settlement Fund of $6,750,000.00, for payments to Plaintiffs and members of the Settlement Class, Service Awards, costs for notice and administration, and court-awarded Attorneys' Fees and Attorneys' Costs.

- Your legal rights will be affected whether you act or do not act.  You should read this entire Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM**<br>DEADLINE: DATE | Submitting a Claim Form is the only way that you can receive any of the benefits provided by this Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT**<br>DEADLINE: DATE | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Quaker or the other Released Parties, involving the claims this Settlement resolves. If you exclude yourself, you will give up the right to receive any Settlement benefits from this Settlement. |
| **OBJECT TO OR COMMENT ON THE SETTLEMENT**<br>DEADLINE: DATE | You may object to the Settlement by writing to the Court and informing it why you do not think the Settlement should be approved.<br>If you object, you may also file a Claim Form to receive Settlement benefits. If you exclude yourself from the Settlement, you cannot object to the Settlement. |
| **GO TO THE FINAL APPROVAL HEARING**<br>DATE | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are not required to attend the Final Approval Hearing. |

**Questions? Visit WEBSITE or call toll-free 1-888-888-8888**

| **DO NOTHING** | If you do nothing, you will not receive any payment from the Settlement and you will give up your right to sue Quaker or the Released Parties about the legal claims this Settlement resolves. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement payments will be provided unless the Court approves the Settlement, and it becomes final.

## BASIC INFORMATION ABOUT THE SETTLEMENT

| 1. | **Why was this notice issued?** |

The Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to receive those benefits.

The case is known as *Kessler v. The Quaker Oats Company,* No. 7:24-cv-00526 (S.D.N.Y.). The individuals who filed this lawsuit, **Teresa Herendeen**, **Raymond Kessler**, **Hartence Hill**, **Lazaro Rodriguez**, and **Barbara Abreu** are called the "Named Plaintiffs" or "Class Representatives" and the company that was sued, **The Quaker Oats Company** ("**Quaker**") is called the "Defendant." Judge Kenneth M. Karas of the U.S. District Court for the Southern District of New York is overseeing this class action.

| 2. | **What is this lawsuit about?** |

On December 15, 2023, and as expanded on January 11, 2024, in coordination with the United States Food and Drug Administration, Quaker initiated a voluntary recall of certain food products that it had determined had the potential to be contaminated with Salmonella (the "Recall"). In connection with the Recall, Quaker offered reimbursement to affected consumers (the "Recall Reimbursement").

After the Recall, the Named Plaintiffs brought several class action lawsuits against Quaker alleging deceptive marketing and labeling practices. Those lawsuits have been consolidated in the case captioned: *Kessler v. The Quaker Oats Company*, No. 7:24-cv-00526 (S.D.N.Y.). Quaker denies all of the Named Plaintiffs' allegations and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged against it, in the Litigation.

| 3. | **What is a class action lawsuit?** |

In a class action, one or more people called Named Plaintiffs or Class Representatives sue on behalf of all people who have similar claims. Together, these people are called a "Class" or "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those people who exclude themselves from the Settlement Class.

| 4. | **Why is there a Settlement?** |

The Named Plaintiffs and the Defendant disagree over the legal claims alleged in this Litigation. The Litigation has not gone to trial, and the Court has not decided in favor of the Named Plaintiffs or Defendant (collectively referred to as the "Parties"). Instead, the Parties agree that the Settlement is fair, reasonable, and adequate, and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 5. | **How do I know if I am part of the Settlement?** |

The **Settlement Class** includes all natural persons who, between the earliest date of distribution of any **Covered Product**

Questions? Visit **WEBSITE** or call toll-free **1-888-888-8888**

2

and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not resale, except for any *Excluded Persons*.

Excluded Persons include (1) any judge presiding over the Litigation, their staff and their immediate family members; (2) Defendant; (3) any entity in which a Defendant has a controlling interest; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class.

| 6. | What if I am still not sure whether I am part of the Settlement? |
|---|---|

If you did not receive Notice by email, or if you have any questions as to whether you are a Settlement Class Member, you may contact the Claim Administrator by mail: Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103; or email: **EMAIL ADDRESS**.

| 7. | What are the Covered Products? |
|---|---|

Covered Products include any product subject to the Recall, as identified in Exhibit D to the Settlement Agreement and at: **WEBSITE**, including but not limited to:

- Quaker Big Chewy Bars Chocolate Chip
- Quaker Big Chewy Bars Peanut Butter Chocolate Chip
- Quaker Big Chewy Bars Variety Pack
- Quaker Chewy Bars and Dipps Variety Pack
- Quaker Chewy Bars Chocolate Chip
- Quaker Chewy Bars Chocolate Chip Cookie Dough
- Quaker Chewy Bars Chocolate Chip Holiday Minis
- Quaker Chewy Bars Chocolate Chip Halloween Minis
- Quaker Chewy Bars Chocolate Chip Spring Minis
- Quaker Chewy Bars Chocolate Chip Valentine Minis
- Quaker Chewy Bars Dark Chocolate Chunk
- Quaker Chewy Bars Chocolate Chunk
- Quaker Chewy Bars Less Sugar Chocolate Chip
- Quaker Chewy Bars Less Sugar Cookies & Cream
- Quaker Chewy Bars Less Sugar Peanut Butter Chocolate Chip
- Quaker Chewy Bars Less Sugar Variety
- Quaker Chewy Bars Oatmeal Raisin
- Quaker Chewy Bars Peanut Butter Chocolate Chip
- Quaker Chewy Bars S'mores
- Quaker Chewy Bars Variety Pack
- Quaker Chewy Dipps Chocolate Chip
- Quaker Chewy Dipps Peanut Butter
- Quaker Chewy Dipps Variety Pack
- Quaker Chewy Mini Dipps Birthday Blast
- Quaker Chewy Dipps Llama Rama
- Quaker Chewy Mini Dipps Summer Night S'mores
- Quaker Puffed Granola Apple Cinnamon Cereal
- Quaker Puffed Granola Blueberry Vanilla Cereal
- Quaker Simply Granola Oats, Honey & Almonds Cereal (2PK)
- Quaker Simply Granola Oats, Honey & Almonds Cereal
- Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal
- Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal (2PK)
- Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal (69oz)
- Quaker Protein Granola Oats, Chocolate & Almonds Flavor
- Quaker Chocolatey Favorites Snack Mix
- Quaker On The Go Snack Mix
- Gamesa Marias Cereal
- Cap'n Crunch Instant Oatmeal
- Gatorade Protein Bar Peanut Butter Chocolate

- Frito-Lay Snacks Variety Pack with Quaker Chewy
- Frito-Lay Chips and Quaker Chewy Granola Bars Variety Pack
- Crunchy & Chewy Snacks, Frito-Lay Chips, Cookies, Nuts and Quaker Bars Variety Pack
- Lunch Box Mix, Frito Lay Chips, Cookies and Quaker Chewy Bars Variety Pack
- Frito-Lay Popped & Baked Chips with Cookies, Nuts and Quaker Chewy Bars Variety Pack
- Frito-Lay Snack Time Favorites with Baked, Smartfood, SunChips and Quaker Chewy Granola Bars Variety Pack
- Tasty Snacks, Frito-Lay Chips, Nuts, Cookies and Quaker Chewy Bars Variety Pack
- Ultimate Flavor Snack Care Package, Variety Assortment of Chips, Cookies, Crackers & More
- Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple
- Quaker Chewy Granola Bars (Fruity Fun) Splendid Strawberry
- Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple and Splendid Strawberry Variety Pack
- Quaker Chewy Granola Bars Yogurt Strawberry Flavor
- Quaker Chewy Granola Bars Yogurt Blueberry Flavor
- Quaker Chewy Granola Bars Yogurt Variety Packs
- Cap'n Crunch Treats Crunch Berries Cereal Bar
- Cap'n Crunch Treats Bars Variety Pack
- Cap'n Crunch Treats Peanut Butter Crunch Cereal Bar
- Cap'n Crunch Treats Original Crunch Cereal Bars
- Quaker Chewy Granola Breakfast Cereal Chocolate & Strawberry Variety Pack
- Quaker Chewy Granola Breakfast Cereal Chocolate
- Quaker Chewy Granola Breakfast Cereal Strawberry
- Quaker Oatmeal Squares Cinnamon
- Quaker Oatmeal Squares Brown Sugar
- Quaker Oatmeal Squares Honey Nut
- Quaker Oatmeal Squares Breakfast Cereal Variety Pack
- Cap'n Crunch OOPS! All Berries Cereal
- Cap'n Crunch Cinnamon Crunch Cereal
- Cap'n Crunch Sea Berry Crunch Cereal
- Cap'n Crunch Instant Oatmeal Variety Pack
- Cap'n Crunch OOPS! All Berries Instant Oatmeal

- Munchies Snack Mix (Munch Mix)

**Questions? Visit WEBSITE or call toll-free 1-888-888-8888**

3

## THE SETTLEMENT BENEFITS

### 8.  What does the Settlement provide?

If approved by the Court, Defendant will establish a Settlement Fund of **$6,750,000.00**, for payments to Plaintiffs and members of the Settlement Class, Service Awards, costs for notice and administration, and court-awarded Attorneys' Fees and Attorneys' Costs.

- Settlement Class Members who timely submit a valid Claim Form **with Proof of Purchase** of a Covered Product shall receive the full purchase price for each unit of Covered Product listed on the Proof of Purchase, inclusive of all taxes.

- Settlement Class Members who timely submit a valid Claim Form **without Proof of Purchase** of a Covered Product shall receive the average retail price for up to two (2)  Covered Products claimed per Household, plus a 10% allowance for sales tax.

If a Settlement Class Member or any person in that Settlement Class Member's Household received Recall Reimbursement from Defendant, the amount of that Settlement Class Member's payment shall be reduced by the amount of Recall Reimbursement that Settlement Class Member or persons in that Settlement Class Member's Household have received.

Each Settlement Class Members' payment shall be increased or decreased on a *pro rata* basis such that the total amount paid to all Settlement Class Members equals the Available Settlement Funds.

### 9.  What rights am I giving up by remaining in the Settlement Class?

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You and your respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns ("Releasing Parties") will not be able to sue, continue to sue, or be part of any other lawsuit against Quaker or the Released Parties about the legal issues resolved by this Settlement, and released by the Settlement Agreement. The specific rights you are giving up are called Released Claims (*see* next question).

"Released Parties" means Defendant and each and all of its past, present and future direct and indirect affiliates, subsidiaries, divisions, parents, owners, predecessors, successors and assigns, and all other persons or entities under common control with Defendant, and each and all of their respective former, present and future officers, directors, shareholders, members, lenders, investors, partners, employees, agents, representatives, licensors, attorneys, accountants, insurers, and any suppliers, resellers, retailers, wholesalers, distributors, customers and all other persons or entities in the chain of distribution of the Covered Products, whether specifically named and whether or not participating in the settlement by payment or otherwise.

### 10.  What are the Released Claims?

The Released Claims include: Any and all claims, liens, demands, actions, causes of action, rights, duties, obligations, damages, costs, attorneys' fees or liabilities of any kind or nature whatsoever, whether legal or equitable or otherwise, known or unknown, accrued or to accrue, vested or contingent, liquidated or otherwise, whether based in contract, tort, warranty, fraud, negligence, violation of federal or state statute or any other theory, that arise out of or relate to: (i) the allegations, claims, or contentions that were, or could have been, asserted in the Litigation, including but not limited to allegations, claims, or contentions related in any way to the manufacture, testing, labeling, marketing, sales, advertising, and use of the Covered Products with respect to the potential for contamination by Salmonella or any other bacteria or contaminant; and (ii) any alleged acts, omissions, or misrepresentations related in any way to the potential for Salmonella, or any other bacteria or contaminant, with respect to the Covered Products.  The Released Claims exclude claims for bodily injury. More information is provided in the Settlement Agreement available at: **WEBSITE.**

## HOW TO GET SETTLEMENT BENEFITS—SUBMITTING A CLAIM FORM

| **11.    How do I make a claim for Settlement benefits?** |
|---|

You must complete and submit a Claim Form by ==DATE==. Claim Forms may be submitted online at ==WEBSITE== or downloaded from the Settlement Website and mailed to the Claim Administrator at the address on the form. Claim Forms are also available by calling ==1-888-888-8888== or by writing to the Claim Administrator via mail: Claim Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103; or email: ==EMAIL ADDRESS==.

| **12.    What happens if my contact information changes after I submit a claim?** |
|---|

If your contact or payment information changes after you submit a Claim Form, it is your responsibility to provide your updated information to the Claim Administrator in writing via mail or email.

| **13.    When will the Settlement benefits be issued?** |
|---|

Payments for valid and timely Claim Forms that are approved will be issued by the Claim Administrator after the Settlement is approved and becomes Final. Payments will be issued via the payment method selected on the Claim Form.

The Court will hold a hearing on ==[date]== at ==[time]==, to decide whether to approve the Settlement. The Court may move the Final Approval Hearing to a different date or time without providing further Notice to the Settlement Class. The date and time of the Final Approval Hearing can be confirmed at ==[website]==. If the Settlement is approved, there may be appeals. The appeal process can take time. If there is no appeal, your payment will be processed promptly.

We do not know how long it may take the Court to approve the Settlement as final, and whether any appeals will be filed. Please be patient and check ==WEBSITE== for updates.

## THE LAWYERS REPRESENTING YOU

| **14.    Do I have a lawyer in this case?** |
|---|

Yes, The Court has appointed these law firms to represent the Settlement Class: Sultzer & Lipari, PLLC; Levin, Sedran, & Berman LLP; Poulin Willey Anastopoulo; Bursor & Fisher, P.A.; Milberg, Coleman, Bryson, Phillips, Grossman, PLLC; Reese LLP; Leeds Brown Law, P.C.; and Goldenberg Schneider, L.P.A.

These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Teresa Herendeen, Raymond Kessler, Hartence Hill, Lazaro Rodriguez, and Barbara Abreu are Settlement Class Members like you and the Court appointed them as Class Representatives.

| **15.    How will Settlement Class Counsel be paid?** |
|---|

Class Counsel may apply to the Court for an award of an Attorneys' Fees and Expense Payment in a total amount not to exceed one-third of the Settlement Fund, in the aggregate.  In no event shall Defendant be liable for any attorneys' fees or expenses in excess of that amount.

Class Representatives may additionally apply to the Court for a Service Award not to exceed $500.00 each as compensation for (a) the time and effort undertaken in and risks of pursuing this Litigation, including the risk of liability for the Parties' costs of suit, and (b) the additional release set forth in Paragraph 8.2. of the Settlement Agreement.

Any award of Attorneys' Fees and Expense Payment or Service Awards approved by the Court will be paid out of the Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendant and/or the other Released Parties on your own based on the claims raised in this Litigation or released by the Released

Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

| 16. | How do I get out of the Settlement? |
|---|---|

In order to validly be excluded from the Settlement, Settlement Class Members must submit a request to be excluded online via the Settlement Website at WEBSITE no later than DEADLINE. Settlement Class Members can alternatively send a letter or a completed Exclusion Request Form to the Claim Administrator, so it is mailed with a postmark date no later than DATE to: **Claim Administrator, Attn: Exclusion Requests, P.O. Box 58220, Philadelphia, PA 19102**. You can't exclude yourself via phone, fax, or email.

The exclusion request must clearly state that the Settlement Class Member wants to be excluded from the Settlement ("Opt Out") in *Kessler v. The Quaker Oats Company,* No. 7:24-cv-00526, pending in the United States District Court for the Southern District of New York, and must include his or her full name, current address, personal signature, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication.

| 17. | If I exclude myself, can I still receive Settlement benefits? |
|---|---|

No. All persons who Opt Out cannot claim any money available from the Settlement and will not be bound by the terms of the Settlement Agreement or by any orders or judgments from the Court approving the Settlement. All persons falling within the definition of the Settlement Class who do not Opt Out shall be bound by the terms of the Settlement Agreement and the Final Approval Order and Judgment.

| 18. | If I do not exclude myself, can I sue the Defendant for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue or continue to sue the Defendant and the other Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendant or any of the other Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

| 19. | How do I tell the Court that I do not like the Settlement? |
|---|---|

If you are a member of the Settlement Class and you do not exclude yourself, you can object to the Settlement if you don't like any part of it. You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. You can also object to Class Counsel's request for attorneys' fees and expenses and/or to the service award for the Class Representatives. The Court will consider your views.

Your objection and supporting papers must be in writing and must include: a caption or title that identifies it as "Objection to Class settlement in Kessler, et al. v. The Quaker Oats Company, No. 7:24-cv-00526"; information sufficient to identify and contact you or your attorney if represented; information sufficient to establish your standing as a Settlement Class Member; a clear and concise statement of your objection, as well as any facts and law supporting the objection; your signature; and the signature of your counsel, if any.

Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the objector lacks standing to make the objection.

If any Settlement Class Member wishes to object to the Settlement, the Settlement Class Member must electronically file via the Court's ECF system or deliver to the Clerk of the Court by mail, express mail, or personal delivery, a written notice of objection. To be timely, the objection must be *received by* the Clerk of the Court (not just postmarked or sent) prior to the Objection Deadline.

COURT ADDRESS

*Beyer v. Flagstar Bancorp, Inc., et al.,*
Case No. 1:24-cv-05268-JGK (U.S. District Court for the Southern District of California)
Case 1:24-cv-05268-JGK Document 13-3 Filed 06/25/24 Page 59 of 88

| 20. | What is the difference between objecting and requesting exclusion? |
|---|---|

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

| 21. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing on DATE at TIME in Courtroom X of the United States District Court for the Southern District of New York, located at ADDRESS, or via Zoom webinar, and/or by remote access as determined by the Court.

The date and time of the Final Approval Hearing, as well as whether the hearing will be conducted in person or by remote access, is subject to change without further notice to the Settlement Class, so please monitor the Settlement Website to confirm whether the date for the Final Approval Hearing has changed.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement, Class Counsel's application for Attorneys' Fees and Expense Payment, and the Service Awards to the Named Plaintiffs. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

| 22. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Settlement Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is complete and submitted on time, the Court will consider it.

| 23. | May I speak at the Final Approval Hearing? |
|---|---|

Yes. If you wish to attend and speak at the Final Approval Hearing, you must indicate this in your written objection (*see* Question 19). Your objection must state that it is your intention to appear at the Final Approval Hearing and must identify any witnesses you may call to testify or exhibits you intend to introduce into evidence at the Final Approval Hearing. If you plan to have your attorney speak for you at the Final Approval Hearing, your objection must also include your attorney's name, address, and phone number.

## IF YOU DO NOTHING

| 24. | What happens if I do nothing at all? |
|---|---|

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement benefits. You will also give up certain rights, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant or any of the other Released Parties about the legal issues in this Litigation and released by the Settlement Agreement.

## GETTING MORE INFORMATION

| 25. | How do I get more information? |
|---|---|

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at WEBSITE. If you have questions about the proposed Settlement or anything in this Notice, you may contact the Claim Administrator:

Claim Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Email: EMAIL ADDRESS
Toll-Free: 1-XXX-XXX-XXXX

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE
TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# Exhibit C

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:** [DEADLINE]

</td><td>

*Kessler, et al. v. The Quaker Oats Company*
Case No. 7:24-cv-00526-KMK (S.D.N.Y.)

**SETTLEMENT CLAIM FORM**

</td><td>

**QUA-CLAIM**

</td></tr>
</table>

## <u>GENERAL INSTRUCTIONS</u>

You are eligible to submit a Claim Form if you are a Settlement Class Member. By timely submitting a valid Claim Form, you will be included in the Settlement Class identified in the Notice and the Class Action Settlement Agreement and Release. If you also separately submit a Request for Exclusion (in other words, if you ask to "opt out" of the Settlement Class), this Claim Form will be deemed invalid. If you fail to submit your Claim Form by the deadline, your claim will be rejected, and you will be deemed to have waived all rights to receive a class benefit under the settlement.

To be valid, your Claim Form must be completely and accurately filled out, signed and dated, and must include all requested information. If your Claim Form is incomplete, untimely, illegible, not signed, or contains false information, it may be rejected by the Settlement Administrator.

The **Settlement Class** includes all natural persons who, between the earliest date of distribution of any Covered Product and [PRELIMINARY APPROVAL DATE], purchased in the United States any **Covered Product** for personal, family or household use, and not resale, except for any **Excluded Persons**.

> **Excluded Persons** include (1) any judge presiding over the Litigation, their staff and their immediate family members; (2) The Quaker Oats Company ("Defendant"); (3) any entity in which a Defendant has a controlling interest; (4) any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns; and (5) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in Section VI of this Agreement.

> **Covered Products** include any product that was subject to the recall initiated by Defendant on December 15, 2023 and expanded on January 11, 2024 (the "Recall"), as identified in Exhibit D to the Settlement Agreement and at [WEBSITE], including but not limited to: Quaker Big Chewy Bars Chocolate Chip; Quaker Big Chewy Bars Peanut Butter Chocolate Chip;  Quaker Big Chewy Bars Variety Pack; Quaker Chewy Bars and Dipps Variety Pack;  Quaker Chewy Bars Chocolate Chip; Quaker Chewy Bars Chocolate Chip Cookie Dough;  Quaker Chewy Bars Chocolate Chip Holiday Minis; Quaker Chewy Bars Chocolate Chip Halloween Minis; Quaker Chewy Bars Chocolate Chip Spring Minis; Quaker Chewy Bars Chocolate Chip Valentine Minis; Quaker Chewy Bars Dark Chocolate Chunk; Quaker Chewy Bars Chocolate Chunk; Quaker Chewy Bars Less Sugar Chocolate Chip; Quaker Chewy Bars Less Sugar Cookies & Cream; Quaker Chewy Bars Less Sugar Peanut Butter Chocolate Chip; Quaker Chewy Bars Less Sugar Variety; Quaker Chewy Bars Oatmeal Raisin; Quaker Chewy Bars Peanut Butter Chocolate Chip; Quaker Chewy Bars S'mores; Quaker Chewy Bars Variety Pack; Quaker Chewy Dipps Chocolate Chip;  Quaker Chewy Dipps Peanut Butter; Quaker Chewy Dipps Variety Pack; Quaker Chewy Mini Dipps Birthday Blast; Quaker Chewy Dipps Llama Rama; Quaker Chewy Mini Dipps Summer Night S'mores; Quaker Puffed Granola Apple Cinnamon Cereal; Quaker Puffed Granola Blueberry Vanilla Cereal; Quaker Simply Granola Oats, Honey & Almonds Cereal (2PK); Quaker Simply Granola Oats, Honey & Almonds Cereal; Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal; Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal (2PK); Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal

**SETTLEMENT CLAIM FORM**

Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]

QUA-CLAIM

(69oz); Quaker Protein Granola Oats, Chocolate & Almonds Flavor; Quaker Chocolatey Favorites Snack Mix; Quaker On The Go Snack Mix; Frito-Lay Snacks Variety Pack with Quaker Chewy; Frito-Lay Chips and Quaker Chewy Granola Bars Variety Pack; Crunchy & Chewy Snacks, Frito-Lay Chips, Cookies, Nuts and Quaker Bars Variety Pack; Lunch Box Mix, Frito Lay Chips, Cookies and Quaker Chewy Bars Variety Pack; Frito-Lay Popped & Baked Chips with Cookies, Nuts and Quaker Chewy Bars Variety Pack; Frito-Lay Snack Time Favorites with Baked, Smartfood, SunChips and Quaker Chewy Granola Bars Variety Pack; Tasty Snacks, Frito-Lay Chips, Nuts, Cookies and Quaker Chewy Bars Variety Pack; Ultimate Flavor Snack Care Package, Variety Assortment of Chips, Cookies, Crackers & More; Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple; Quaker Chewy Granola Bars (Fruity Fun) Splendid Strawberry; Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple and Splendid Strawberry Variety Pack; Quaker Chewy Granola Bars Yogurt Strawberry Flavor; Quaker Chewy Granola Bars Yogurt Blueberry Flavor; Quaker Chewy Granola Bars Yogurt Variety Packs; Cap'n Crunch Treats Crunch Berries Cereal Bar; Cap'n Crunch Treats Bars Variety Pack; Cap'n Crunch Treats Peanut Butter Crunch Cereal Bar; Cap'n Crunch Treats Original Crunch Cereal Bars; Quaker Chewy Granola Breakfast Cereal Chocolate & Strawberry Variety Pack; Quaker Chewy Granola Breakfast Cereal Chocolate; Quaker Chewy Granola Breakfast Cereal Strawberry; Quaker Oatmeal Squares Cinnamon; Quaker Oatmeal Squares Brown Sugar; Quaker Oatmeal Squares Honey Nut; Quaker Oatmeal Squares Breakfast Cereal Variety Pack; Cap'n Crunch OOPS! All Berries Cereal; Cap'n Crunch Cinnamon Crunch Cereal; Cap'n Crunch Sea Berry Crunch Cereal; Gamesa Marias Cereal; Cap'n Crunch Instant Oatmeal; Cap'n Crunch OOPS! All Berries Instant Oatmeal; Cap'n Crunch Instant Oatmeal Variety Pack; Gatorade Protein Bar Peanut Butter Chocolate; Munchies Snack Mix (Munch Mix).

**Please reference the detailed lists of products available on [website] to ensure that the product for which you seek reimbursement was subject to the Recall.**

---

## <u>SETTLEMENT CLASS MEMBER BENEFITS</u>

Cash benefits shall be paid to each Settlement Class Member who submits a Valid Claim in accordance with the following terms:

- Settlement Class Members who timely submit a valid Claim Form **with Proof of Purchase** of a Covered Product shall receive the full purchase price for each unit of Covered Product listed on the Proof of Purchase, inclusive of all taxes.

- Settlement Class Members who timely submit a valid Claim Form **without Proof of Purchase** of a Covered Product shall receive the average retail price for up to two (2) Covered Products claimed per **Household**, plus a 10% allowance for sales tax.

- If a Settlement Class Member or any person in that Settlement Class Member's Household received Recall Reimbursement from Defendant, regardless of whether such Recall Reimbursement was provided in the form of cash, check, gift card or coupon, as reflected on the Settlement Class

Your claim must be
submitted online or
__postmarked by:__
**[DEADLINE]**

*Kessler, et al. v. The Quaker Oats Company*
Case No. 7:24-cv-00526-KMK (S.D.N.Y.)

**SETTLEMENT CLAIM FORM**

QUA-CLAIM

Member's Claim Form or in the records of Defendant, the amount of that Settlement Class Member's payment shall be reduced by the amount of Recall Reimbursement that Settlement Class Member or persons in that Settlement Class Member's Household have received (provided that the payment shall not be reduced below $0.00).

- Each Settlement Class Members' payment shall be increased or decreased on a *pro rata* basis such that the total amount paid to all Settlement Class Members equals the Available Settlement Funds.

**Proof of Purchase** means an itemized retail sales receipt or other document or photo (including, but not limited to, a credit card, retail store club or loyalty card record) showing, at a minimum, the purchase of a Covered Product (including a product name or SKU sufficient to identify the product purchased), the purchase price, and the date (month/year) and place of the purchase. In providing Proof of Purchase, you may redact balance information and any information regarding transactions other than your purchase of the Covered Product from your credit card or other statements.

**Household** means a single dwelling unit, no matter the number of natural persons residing therein.

## I.  CLAIMANT CONTACT INFORMATION

Provide your contact information below. It is your responsibility to notify the Claim Admininstrator of any changes to your contact information after the submission of your Claim Form.

**First Name**                          **Last Name**

**Street Address**

**City**                          **State**          **Zip Code**

**Email Address (required for online submission)**          **Phone Number  (optional)**

## II.  COVERED PRODUCT PURCHASE INFORMATION

☐  **Check this box if you are enclosing Proof of Purchase of a Covered Product**.
- Enter the number of Covered Products you are enclosing Proof of Purchase for: _____
- Did you or anyone in your Household receive any Recall Reimbursement (including in the form of cash, check, coupons or gift cards) for any of these Covered Products? (Y/N): _____
- If yes, provide the total amount of Recall Reimbursement you or anyone in your Household received in connection with these Covered Products: _____

<table>
<tr><td>Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]</td><td>*Kessler, et al. v. The Quaker Oats Company*<br>Case No. 7:24-cv-00526-KMK (S.D.N.Y.)<br>**SETTLEMENT CLAIM FORM**</td><td>QUA-CLAIM</td></tr>
</table>

☐ **Check this box if you are claiming a cash benefit for a Covered Product for which you do <u>not</u> have Proof of Purchase.**

**Complete the chart below providing information about the Covered Product(s) you purchased for which you do not have Proof of Purchase (maximum two Covered Products per Household):**

| COVERED PRODUCT PURCHASE INFORMATION | COVERED PRODUCT #1 | COVERED PRODUCT #2 |
|---|---|---|
| Name of Covered Product | | |
| Approximate Purchase Date (MM/YYYY) | | |
| Did you or anyone in your Household receive any Recall Reimbursement for this Covered Product? (Y/N) | | |
| If so, provide the amount of Recall Reimbursement you or anyone in your Household received for this Covered Product. | | |

## III.   PAYMENT SELECTION

If your Claim Form is valid, signed, and has been timely submitted, you will receive a payment by electronic deposit through a Prepaid Mastercard, Venmo, or Zelle below. Please select **one** of the following payment options:

☐ **Prepaid Mastercard**
   Enter the email address you want the Prepaid Mastercard sent to: _____

☐ **Venmo**
   Enter the mobile number associated with your Venmo account: _____

☐ **Zelle**
   Enter the email address or phone number associated with your Zelle account: _____

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>: [DEADLINE]**

</td><td>

*Kessler, et al. v. The Quaker Oats Company*
Case No. 7:24-cv-00526-KMK (S.D.N.Y.)

**SETTLEMENT CLAIM FORM**

</td><td>

**QUA-CLAIM**

</td></tr>
</table>

## IV.    CERTIFICATION & SIGNATURE

**By signing below and submitting this Claim Form, I certify under penalty of perjury under the laws of the United States that:**

- I am a natural person who, between the earliest date of distribution of any Covered Product and the date of Preliminary Approval, purchased in the United States the Covered Product(s) identified above for personal, family or household use, and not resale;
- The information provided in this Claim Form, including any Proof of Purchase documentation submitted in support of this Claim, is true and correct to the best of my knowledge;
- Nobody has submitted another Claim Form in connection with this Settlement on my behalf;
- Only one Claim Form has been submitted for my Household, which includes all persons residing at the same physical address; and
- Neither I nor any member of my Household has previously received a refund for any portion of the purchase price of the Covered Product(s) claimed above, with the exception of any Recall Reimbursement from Defendant, which I have identified above.
- I understand the Claim Administrator may contact me requesting additional information about my Claim and that failure to provide the requested information may result in the denial of my Claim.

Signature: _____    Printed Name: _____    Date: _____

---

### SUBMITTING YOUR CLAIM FORM

Claim Forms may be submitted online at WEBSITE by **DEADLINE** or completed and mailed to: Quaker Settlement, Attn: Claim Form Submissions, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103 **postmarked no later than DEADLINE.**

Please keep a copy of your Claim Form and any supporting materials you submit. Do not submit your only copy of the supporting documents. Materials submitted will not be returned. Copies of documentation submitted in support of your Claim should be clear and legible.

If you have any questions or if you would like to request a paper check, please contact the Claim Administrator by email at EMAIL ADDRESS or by mail at the address listed above.

DO NOT ADDRESS ANY QUESTIONS ABOUT THIS LAWSUIT TO THE CLERK OF THE COURT, THE JUDGE, COUNSEL FOR DEFENDANT, OR TO ANY AGENT OR EMPLOYEE OF DEFENDANT.

# EXHIBIT D

**RECALLED PRODUCTS**:

| GRANOLA BARS | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Quaker Big Chewy Bars Chocolate Chip | 5ct 7.4 oz | 30000314074 | Best Before of Aug-02-24 and any earlier date | |
| | 1ct 1.48 oz<br><br>10ct 14.8 oz | 30000004081 (Bar)<br><br>30000315651 (Caddy)<br><br>30000315658 (Case) | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Big Chewy Bars Peanut Butter Chocolate Chip | 5ct 7.4 oz | 30000316856 | Best Before of Aug-02-24 and any earlier date | |
| | 1ct 1.48 oz<br><br>10ct 14.8 oz | 30000004098 (Bar)<br><br>30000315668 (Caddy)<br><br>30000315665 (Case) | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Big Chewy Bars Variety Pack | 36ct 53.3 oz | 30000567609 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars and Dipps Variety Pack | 14ct 13 oz | 30000576533 | Best Before of Aug-02-24 and any earlier date |  |
| | 58ct 58.6 oz | 30000562468 | Best Before of Aug-02-24 and any earlier date |  |

1

| | | | | |
|---|---|---|---|---|
| Quaker Chewy Bars Chocolate Chip | 8ct 6.7 oz | 30000311820 | Best Before of Aug-02-24 and any earlier date | |
| | 18ct 15.1 oz | 30000450178 | Best Before of Aug-02-24 and any earlier date | |
| | 30ct 25.2 oz | 30000573402 | Best Before of Aug-02-24 and any earlier date | |
| | 36ct 30.2 oz | 30000566237 | Best Before of Aug-02-24 and any earlier date | |
| | 58ct 48.7 oz | 30000563045 | Best Before of Aug-02-24 and any earlier date | |
| | 1ct 0.84 oz 440ct 369.6 oz | 03077504 (Bar) 30000562581 (Tote) | Best Before of Aug-02-24 and any earlier date | |
| Quaker Chewy Bars Chocolate Chip Cookie Dough | 8ct 6.7 oz | 30000576519 | Best Before of Sep-01-24 and any earlier date | |
| Quaker Chewy Bars Chocolate Chip Holiday Minis | 28ct 13.8 oz | 3000057787 | Best Before of Aug-02-24 and any earlier date | |
| Quaker Chewy Bars Chocolate Chip Halloween Minis | 28ct 13.8 oz | 30000312575 | Best Before of Aug-02-24 and any earlier date | |
| | 40ct 19.6 oz | 30000571231 | Best Before of Aug-02-24 and any earlier date | |

2

| | | | | |
|---|---|---|---|---|
| Quaker Chewy Bars Chocolate Chip Spring Minis | 28ct 13.8 oz | 30000569504 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars Chocolate Chip Valentine Minis | 28ct 13.8 oz | 30000311639 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars Dark Chocolate Chunk | 8ct 6.7 oz | 30000311868 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars Chocolate Chunk | 1ct 1.41 oz | 30000003442 (Bar) 30000565879 (Tote) | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars Less Sugar Chocolate Chip | 8ct 6.7 oz | 30000311752 | Best Before of Jun-03-24 and any earlier date |  |
| | 18ct 15.1 oz | 30000571682 | Best Before of Jun-03-24 and any earlier date |  |
| | 58ct 48.7 oz | 30000565506 | Best Before of Jun-03-24 and any earlier date |  |
| Quaker Chewy Bars Less Sugar Cookies & Cream | 1ct 1.38 oz | 30000003435 (Bar) 30000565862 (Tote) | Best Before of Jun-03-24 and any earlier date |  |
| | 8ct 6.7 oz | 30000311875 | Best Before of Jun-03-24 and any earlier date |  |

3

| | | | | |
|---|---|---|---|---|
| Quaker Chewy Bars Less Sugar Peanut Butter Chocolate Chip | 8ct 6.7 oz | 30000311769 | Best Before of Jun-03-24 and any earlier date |  |
| Quaker Chewy Bars Less Sugar Variety | 8ct 6.7 oz | 30000311943 | Best Before of Jun-03-24 and any earlier date |  |
| | 18ct 15.1 oz | 30000450109 | Best Before of Jun-03-24 and any earlier date |  |
| | 58ct 48.7 oz | 30000564998 | Best Before of Jun-03-24 and any earlier date |  |
| | 60ct 50.4 oz | 30000575185 | Best Before of Jun-03-24 and any earlier date |  |
| Quaker Chewy Bars Oatmeal Raisin | 8ct 6.7 oz | 30000311806 | Best Before of Aug-02-24 and any earlier date |  |
| | 58ct 48.7 oz | 30000568798 | Best Before of Aug-02-24 and any earlier date |  |
| | 1ct 0.84 oz<br><br>440ct 369.6 oz | 03076709 (Bar)<br><br>30000577011 (Tote) | Best Before of Aug-02-24 and any earlier date |  |
| | 8ct 6.7 oz | 30000311844 | Best Before of Aug-02-24 and any earlier date |  |

4

| | | | | |
|---|---|---|---|---|
| Quaker Chewy Bars Peanut Butter Chocolate Chip | 18ct 15.1 oz | 30000567265 | Best Before of Aug-02-24 and any earlier date |  |
| | 58ct 48.7 oz | 30000565513 | Best Before of Aug-02-24 and any earlier date |  |
| | 1ct 0.84oz / 440ct 369.6 oz | 03077601 (Bar) / 30000562598 (Tote) | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars S'mores | 1ct 0.84oz | 03076806 (Bar) | Best Before of Aug-02-24 and any earlier date |  |
| | 8ct 6.7 oz | 30000311813 | Best Before of Aug-02-24 and any earlier date |  |
| | 18ct 15.1 oz | 30000573174 | Best Before of Aug-02-24 and any earlier date |  |
| | 58ct 48.7 oz | 30000568804 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars Variety Pack | 8ct 6.7 oz | 30000311882 | Best Before of Aug-02-24 and any earlier date |  |
| | 14ct 11.8 oz | 30000575284 | Best Before of Aug-02-24 and any earlier date |  |
| | 18ct 15.1 oz | 30000451304 | Best Before of Aug-02-24 and any earlier date |  |

5

| | 30ct<br>25.2 oz | 30000573419 | Best Before of Aug-02-24 and any earlier date |  |
|---|---|---|---|---|
| | 36ct<br>30.2 oz | 30000566244 | Best Before of Aug-02-24 and any earlier date |  |
| | 48ct<br>40.3 oz | 30000317709 | Best Before of Aug-02-24 and any earlier date |  |
| | 58ct<br>48.7 oz | 30000562093 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Bars Variety Pack *(continued)* | 58ct<br>48.7 oz | 30000565520 | Best Before of Aug-02-24 and any earlier date |  |
| | 58ct<br>48.7 oz | 30000577257 | Best Before of Aug-02-24 and any earlier date |  |
| | 60ct<br>50.4 oz | 30000577349 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Dipps Chocolate Chip | 6ct<br>6.5 oz | 30000312698 | Best Before of Oct-01-24 and any earlier date |  |
| | 14ct<br>15.3 oz | 30000450529 | Best Before of Oct-01-24 and any earlier date |  |
| | 24ct<br>26.2 oz | 30000576809 | Best Before of Oct-01-24 and any earlier date |  |

|  | 30ct<br>32.7 oz | 30000569061 | Best Before of Oct-01-24 and any earlier date |  |
|---|---|---|---|---|
|  | 34ct<br>37.1 oz | 30000311653 | Best Before of Oct-01-24 and any earlier date |  |
| Quaker Chewy Dipps Peanut Butter | 6ct<br>6.3 oz | 30000312711 | Best Before of Oct-01-24 and any earlier date |  |
|  | 14ct<br>14.7 oz | 30000311332 | Best Before of Oct-01-24 and any earlier date |  |

| | | | | |
|---|---|---|---|---|
| Quaker Chewy Dipps Variety Pack | 14ct 15 oz | 30000567272 | Best Before of Oct-01-24 and any earlier date |  |
| | 48ct 51.6 oz | 30000574836 | Best Before of Oct-01-24 and any earlier date |  |
| Quaker Chewy Mini Dipps Birthday Blast | 12ct 8.9 oz | 30000572733 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Dipps Llama Rama | 6.3 oz 6 count | 030000569177 | Feb 10 24 K Feb 11 24 K |  |
| Quaker Chewy Mini Dipps Summer Night S'mores | 12ct 8.9 oz | 30000572757 | Best Before of Aug-02-24 and any earlier date |  |
| Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple | 0.84 oz 6 Count | 030000571750 | Best Before between Jan-11-24 and Sep-01-24 |  |
| Quaker Chewy Granola Bars (Fruity Fun) Splendid Strawberry | 0.84 oz 6 Count | 030000571767 | Jan-11-24 and Jul-03-24 |  |
| Quaker Chewy Granola Bars (Fruity Fun) Amazing Apple and Splendid Strawberry Variety Pack | 0.84 oz 48 Count | 030000572979 | Best Before between Jan-11-24 and Jul-03-24 |  |

8

| | | | | |
|---|---|---|---|---|
| Quaker Chewy Granola Bars Yogurt Strawberry Flavor | 1.23 oz 12 Count | 030000315675 | Best Before between Jan-11-24 and Oct-01-24 |  |
| | 1.23 oz 5 Count | 030000312803 | |  |
| | 1.23 oz 1 count | 030000000410 | |  |
| Quaker Chewy Granola Bars Yogurt Blueberry Flavor | 1.23 oz 1 Count | 030000000465 | Best Before between Jan-11-24 and Oct-01-24 |  |
| | 1.23 oz 5 Count | 030000312827 | |  |
| Quaker Chewy Granola Bars Yogurt Variety Packs | 1.23 oz 10 Count | 030000575741 | Best Before between Jan-11-24 and Oct-01-24 |  |
| | 1.23 OZ 21 Count | 030000569085 | |  |
| | 41.8 oz 34 Count | 030000576236 | |  |

| | | | | |
|---|---|---|---|---|
| | 1.23 oz 14 Count | 030000321362 | |  |

**RECALLED PRODUCTS:**

| CEREALS | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Quaker Puffed Granola Apple Cinnamon Cereal | 17 oz | 30000575758 | Best Before of Sep-01-24 and any earlier date |  |
| Quaker Puffed Granola Blueberry Vanilla Cereal | 17 oz | 30000575765 | Best Before of Sep-01-24 and any earlier date |  |
| Quaker Simply Granola Oats, Honey & Almonds Cereal | 2PK 48.2 oz | 30000573488 | Best Before of Sep-01-24 and any earlier date |  |
| Quaker Simply Granola Oats, Honey & Almonds Cereal | 24.1 oz | 30000572429 | Best Before of Sep-01-24 and any earlier date |  |
| Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal | 24.1 oz | 30000572436 | Best Before of Jun-03-24 and any earlier date |  |
| Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal | 2PK 48.2 oz | 30000577721 | Best Before of Sep-01-24 and any earlier date |  |
| Quaker Simply Granola Oats, Honey, Raisins & Almonds Cereal | 69 oz | 30000436073 | Best Before of Sep-01-24 and any earlier date |  |
| Quaker Protein Granola Oats, | 18 oz | 30000571627 | Best Before of Jan-09-24 and any earlier date |  |

| | | | | |
|---|---|---|---|---|
| Chocolate, & Almonds Flavor | 2PK 36 oz | 30000577783 | Best Before of Jan-09-24 and any earlier date |  |
| Quaker Chewy Granola Breakfast Cereal Chocolate & Strawberry Variety Pack | 12.6 oz 2 Pack | 030000577578 | Best Before between Jan-11-24 and Jul-03-24 |  |
| Quaker Chewy Granola Breakfast Cereal Chocolate | 12.6 oz | 030000576922 | Best Before between Jan-11-24 and Jul-03-24 |  |
| | 12.6 oz 2 Pack | 030000578209 | | |
| Quaker Chewy Granola Breakfast Cereal Strawberry | 13.6 oz | 030000576939 | Best Before between Jan-11-24 and Jul-03-24 |  |
| Quaker Oatmeal Squares Cinnamon | 14.5 oz | 030000061534 | Best Before between Jan-11-24 and Oct-1-24 |  |
| | 21 oz | 030000320730 | |  |
| | 43.5 oz 3 Pack | 030000577707 OR 030000566497 | |  |

| | | | | |
|---|---|---|---|---|
| Quaker<br>Oatmeal Squares Brown Sugar | 14.5 oz | 030000064412 | Best Before between Jan-11-24 and Oct-1-24 |  |
| | 21 oz | 030000064030 | | |
| | 29 oz<br>2 Count | 030000440612 | |  |
| | 43.5 oz<br>3 Pack | 030000566480 or 030000577691 | |  |
| Quaker<br>Oatmeal Squares Honey Nut | 14.5 oz | 030000313282 | Best Before between Jan-11-24 and Oct-1-24 |  |
| Quaker Oatmeal Squares Breakfast Cereal Variety Pack | 43.5 oz<br>3 pack | 030000562437 or 030000577653 | Best Before between Jan-11-24 and Oct-1-24 |  |

RECALLED PRODUCTS:

| GRANOLA BARS INCLUDED IN THE FOLLOWING SNACK BOXES | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Quaker Chocolatey Favorites Snack Mix | 20ct Box 378 oz | 30000577325 | Best Before Jun-03-24 and any earlier date |  |
| Quaker On The Go Snack Mix | 20ct Box 344 oz | 30000577318 | Best Before Jun-03-24 and any earlier date |  |
| Frito-Lay Snacks Variety Pack With Quaker Chewy | 20ct 17.42 oz (493.8g) | 28400715607 | Best Before March 12 2024 and any earlier date |  |
| Frito-Lay Chips and Quaker Chewy Granola Bars Variety Pack | 40ct 36.94 oz | 28400697965 | Best Before March 12 2024 and any earlier date |  |
| Crunchy & Chewy Snacks, Frito-Lay Chips, Cookies, Nuts and Quaker Chewy Bars Variety Pack | 40ct 36.205 oz | 28400714259 | Best Before March 12 2024 and any earlier date |  |
| Lunch Box Mix, Frito-Lay Chips, Cookies and Quaker Chewy Bars Variety Pack | 40ct 40.62 oz | 28400713375 | Best Before March 12 2024 and any earlier date |  |
| Frito-Lay Popped & Baked Chips with Cookies, Nuts and Quaker Chewy Bars Variety Pack | 40ct 35.58 oz | 28400714273 | Best Before March 12 2024 and any earlier date |  |

| | | | | |
|---|---|---|---|---|
| Frito-Lay Snack Time Favorites with Baked, Smartfood, SunChips and Quaker Chewy Granola Bars Variety Pack | 40ct 33.94 oz | 28400698009 | Best Before March 12 2024 and any earlier date |  |
| Tasty Snacks, Frito-Lay Chips, Nuts, Cookies and Quaker Chewy Bars Variety Pack | 40ct 41.56 oz | 28400713368 | Best Before March 12 2024 and any earlier date |  |
| Ultimate Flavor Snack Care Package, Variety Assortment of Chips, Cookies, Crackers, & More | 40ct 50.89 oz | 28400734868 | Best Before March 12 2024 and any earlier date |  |

**RECALLED PRODUCTS**:

| SNACK MIX | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Munchies Snack Mix (Munch Mix) | 0.875 oz 104 Count | 028400672405 | Best Before between JAN 11 24 through May 7 24 |  |

**RECALLED PRODUCTS:**

| CEREALS | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Gamesa Marias Cereal | 11.4 oz | 030000576946 | Best Before between Jan-11-24 and Jul-3-24 |  |
| | 11.4 oz 2 Count | 030000577172 OR 030000577400 | |  |

**RECALLED PRODUCTS**:

| CEREALS | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Cap'n Crunch OOPS! All Berries Cereal | 10.3 oz | 030000573235 | Best Before between Jan-11-24 H and Oct-1-24 H (Best Before Date must include "H" after date) |  |
| Cap'n Crunch Cinnamon Crunch Cereal | 11.2 oz | 030000578124 | Best Before between Jan-11-24 and Jul-3-24 |  |
| | 19.3 oz | 030000578131 | |  |
| Cap'n Crunch Sea Berry Crunch Cereal | 15.5 oz | 030000578186 | Best Before between Jan-11-24 and Jul-3-24 |  |
| CAP'N CRUNCH INSTANT OATMEAL | | | | |
| Cap'n Crunch Instant Oatmeal | 8.5 oz | 030000577103 | Best Before between Jan-11-24 and Oct-1-24 |  |

| | | | | |
|---|---|---|---|---|
| Cap'n Crunch OOPS! All Berries Instant Oatmeal | 8.5 oz | 030000577110 | Best Before between Jan-11-24 and Oct-1-24 |  |
| Cap'n Crunch Instant Oatmeal Variety Pack | 32.1 oz 24 Count | 030000577127 | Best Before between Jan-11-24 and Oct-1-24 |  |
| **CEREAL BARS** | | | | |
| Cap'n Crunch Treats Crunch Berries Cereal Bar | 0.84 oz 8 Count | 030000572726 OR 030000574065 | Best Before between Jan-11-24 and Oct-31-24 |  |
| | 2.11 oz 1 Count | 030000004111 | |  |
| | 1.79 oz 12 Count | 030000572788 | |  |
| | 0.84 oz 16 Count | 030000572764 | |  |
| Cap'n Crunch Treats Bars Variety Pack | 0.84 oz 32 Count | 030000572849 | Best Before between Jan-11-24 and Oct-01-24 |  |

| | | | | |
|---|---|---|---|---|
| Cap'n Crunch Treats Peanut Butter Crunch Cereal Bar | 0.84 oz 8 Count | 030000574072 OR 030000572740 | Best Before between Jan-11-24 and Oct-01-24 |  |
| | 2.11 oz 1 Count | 030000004128 | |  |
| | 2.11 oz 12 Count | 030000572801 | |  |
| Cap'n Crunch Treats Original Crunch Cereal Bars | 0.84 oz 8 Count | 030000576601 | Best Before between Jan-11-24 and Jul-03-24 |  |
| | 0.84 oz 16 Count | 030000576618 | |  |

**RECALLED PRODUCTS**:

| GATORADE PROTEIN PEANUT BUTTER CHOCOLATE BARS | | | | |
|---|---|---|---|---|
| **Product Description** | **Size** | **UPC** | **Best Before** | **Representative Image** |
| Gatorade Protein Bar Peanut Butter Chocolate | 2.8 oz | 052000010121 | Best Before between JAN 11 24 through APR 10 24 |  |
| | 2.8 oz 6 Count | 052000041132 | |  |
| | 2.8 oz 12 Count | 052000010138 | |  |