UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Raymond Kessler, Hartence Hill, Lazaro
Rodriguez, Teresa Herendeen, and Barbara Abreu
individually and on behalf of all
others similarly situated,

                Plaintiffs,

v.                                                                                  Case No.: 7:24-cv-00526


The Quaker Oats Company,

                Defendant.


------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Kenneth M. Karas, United States District Judge:

      Raymond Kessler, Hartence Hill, Lazaro Rodriguez, Teresa Herendeen, and Barbara Abreu

(collectively "Plaintiffs"), filed their Motion Final Approval of Class Action Settlement on July 14,

2025 (the "Motion"). Having considered the Settlement Agreement (the "**Settlement Agreement**")

(ECF No. 13-1); the Motion, memorandum of law, supporting declarations and exhibits; the lack of

any opposition to the Motion; any and all timely objections to the Settlement; all arguments presented

at any hearing of this matter; all relevant papers on file herein; and finding good cause appearing

hereby ORDERS:

      1.      This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C.

§§ 1332 and 1367 and personal jurisdiction over the Parties.

      2.      The Court hereby affirms its determinations in the Preliminary Approval Order and

finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the

Federal Rules of Civil Procedure, the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the

Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order

and finally certifies Raymond Kessler, Hartence Hill, Lazaro Rodriguez, Teresa Herendeen, and

Barbara Abreu as Class Representatives for the Settlement Class; and finally appoints Sultzer &

Lipari, PLLC, Levin Sedran & Berman, Leeds Brown Law, P.C., Reese LLP, Milberg Coleman

Bryson Phillips Grossman, PLLC, Poulin Willey Anastapoulo, Bursor & Fisher, P.A., and

Goldenberg Schneider, LP.A. (collectively, Class Counsel"). as Class Counsel for the Settlement

Class.

4.      The Court finds that the publication of the Notice, Summary Notice, and Claim

Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable

under the circumstances; (iii) constituted notice that was reasonably calculated to apprise

Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of

Lead Counsel's request for an award of attorneys' fees and payment of Litigation Expenses

incurred in connection with the prosecution of the Action, of Settlement Class Members' right to

object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement

Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive

notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the

Federal Rules of Civil Procedure, and the United States Constitution (including the Due Process

Clause).

5.      Pat Zhen is the only Class Member who has objected to the Settlement or any of its
terms.  Pat Zhen's objections are overruled for the reasons stated on the record at the
Settlement Hearing.

6.      Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlement and finds that in light of the benefits to the Settlement Class, the

complexity and expense of further litigation, the risks of establishing liability and damages, and

the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) the named Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed plan of allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Settlement Agreement; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

7.      Each Settlement Class Member who did not opt out, whether or not such Settlement Class Member executed and delivered a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement. With respect to the released claims, the Settlement Agreement and this Final Approval Order is binding on, and shall have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representatives or Settlement Class Members who did not opt out. All Settlement Class Members who did not opt out are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims.

8.      If the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided

3

by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

9.      Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

10.     A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. Such order shall not affect this Judgment and shall be considered separate from this Judgment. Such order shall not affect the finality of this Judgment or the Effective Date of the Settlement.

11.     Without affecting the finality of the Settlement Approval Order and Final Judgment for purposes of appeal, this Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement Approval Order and Final Judgment, and for any other necessary purpose.

IT IS SO ORDERED.

Dated: _____, 2025.            _____
                                        HON. KENNETH M. KARAS
                                        UNITED STATES DISTRICT JUDGE