UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

Raymond Kessler, Hartence Hill, Lazaro Rodriguez,: 
Teresa Herendeen, and Barbara Abreu, individually :
and on behalf of all others similarly situated,   :   Case No. 7:22-cv-00526-KMK
                                                  :
            Plaintiffs,                           :
v.                                                :   Hon. Kenneth M. Karas
                                                  :
                                                  :
The Quaker Oats Company,                          :
                                                  :
            Defendant.                            :
                                                  :
                                                  :

---------------------------------------------------------------

**DECLARATION OF JOSEPH I. MARCHESE IN SUPPORT OF PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARDS**

### I.    INTRODUCTION

I, Joseph I. Marchese, submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Service Awards, and affirm that the following is truthful and accurate:

1. I am a managing partner at Bursor & Fisher, P.A., and I am one of the attorneys principally responsible for handling this case for Plaintiffs and the proposed Class. I am an attorney at law licensed to practice in the State of New York, and I am a member of the Bar of this Court.

2. I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated in this Declaration.

3. On March 12, 2025, the Court granted Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement in this action and granted related relief. ECF Nos. 32, 34 (Preliminary Approval Order).

4. The proposed class action Settlement Agreement resolves claims for

economic harm regarding Defendants' deceptive and misleading business practices with respect to the manufacturing, marketing, and sale of Granola products that increased the risk of contracting Salmonella (the "Covered Products"). The Settlement Agreement provides significant monetary relief to the Settlement Class Members by way of a Settlement Fund of $6.75 million ("Settlement Fund"). The Settlement Agreement excludes the release of any claims for personal or bodily injury.

        5.        The Settlement Agreement provides that Defendant will establish a Settlement Fund in the amount of $6.75 million, which will be exhausted to pay all Valid Claims, as well as any attorneys' Fee Award and Costs, Service Awards, and Notice and Other Administrative Costs that are approved by the Court. §1.33. In addition, Quaker has agreed to pay a $100,000 Initial Settlement Administration Payment for the purposes of covering notice and administration costs that is separate and apart from the Settlement Fund so that the costs of providing notice and administering the settlement likely will not deplete the funds available for the proposed class members. § 4.1. Class Members who submit a Valid Claim that is not accompanied by Proof of Purchase shall receive the total of the average retail price for up to two (2) Covered Products claimed per household, with Quaker to provide the average retail prices of the Covered Products to the Class Administrator. §4.6.2. Class Members who submit a Valid Claim that is accompanied by Proof of Purchase of a Class Product shall be entitled to receive a full refund of the amount of money he or she spent on the Class Products that is documented by Proof of Purchase. §4.6.1. If a Settlement Class Member or any person in that Settlement Class Member's Household received Recall Reimbursement from Defendant, as reflected on the Settlement Class Member's Claim Form or in the records of Defendant, the amount of that Settlement Class Member's payment shall be reduced by the amount of Recall Reimbursement that Settlement Class Member or persons in that Settlement Class Member's Household have

received (provided that the payment shall not be reduced below $0.00). § 4.6.3. Each Settlement Class Member's payment shall be increased or decreased on a pro rata basis such that the total amount paid to all Settlement Class Members equals the Available Settlement Funds. § 4.6.4. In the event any checks issued to pay valid Claims are uncashed or not redeemed for 120 days, such funds shall be donated to a cy pres charity to be agreed upon by the parties and approved by the Court. § 4.10. All of this ensures that no settlement funds will revert to Defendant.

6. In addition to the monetary relief provided by the Settlement Agreement, after the first Action in the Litigation was filed, Defendant made a number of modifications to its practices and procedures regarding bacterial contamination including, but not limited to, expanding the Recall to include additional products that had the potential to be contaminated with salmonella. Moreover, Defendant closed a plant in Danville, Illinois that was a source of potential contamination. In addition, as a result of the Litigation, Defendant is continuing to diligently test its products to reduce the risk of potential bacterial contamination in the future. These modifications significantly benefit consumers, including Settlement Class Members who wish to purchase Defendant's products in the future. § 4.14.

7. Class Counsel achieved this proposed Settlement because of their experience in cases like this and because they invested considerable time, effort, and resources into prosecuting this case. By any measure, Class Counsels' efforts have been an unqualified success, and the Class Members have responded in kind, with more than one hundred and forty thousand Claims submitted, only one objection, and only fifteen valid requests for exclusion.

8. The Settlement achieved by Class Counsel is an excellent result for the Class and it benefits Class Members in a number of ways as detailed in the Declaration of Class Counsel Jason Sultzer filed in support of Plaintiffs' Motion for Attorney's Fees, Litigation Expenses and Service Awards, all of which I incorporate herein by reference.

9. At all times, Plaintiffs, by and through their counsel, have diligently co-prosecuted the Litigation.

10. As outlined in the Declaration of Jason Sultzer this Settlement materialized as a result of Class Counsels' investment of considerable time, effort and resources into the prosecution of this case. Through the Settlement, Class Counsel has made $6.75 million in valuable benefits available to Class Members.

11. The settlement provides an immediate and certain benefit to the Settlement Class and will avoid the substantial burdens and costs that continued and uncertain litigation would impose on the parties, non-party witnesses, and the courts. Furthermore, there are many steps between here and any potential verdict.

12. Class Counsel undertook and litigated this case on a fully contingent basis. Class Counsel assumed a very real risk in taking on this contingent fee class action. Class Counsel has demonstrated that they were prepared to invest time, effort, and money over a period of years with absolutely no guarantee of any recovery. If this Action had continued to be litigated and Plaintiffs were ultimately unsuccessful in their claims, Class Counsel would not be entitled to recover any attorneys' fees or costs.

13. Even if Plaintiffs could have defeated a motion to dismiss, obtained a class certification order and proceeded to trial, victory before the trier of fact would have been uncertain. Such uncertainty, moreover, was compounded by the appeals virtually certain to have followed any verdict. In short, while Class Counsel believes that the claims are viable and strong, there can be no denying the array of serious class-wide risks, any one of which could have precluded the Class and its counsel from recovering anything at all.

14. By any standard, this Settlement constitutes a favorable result made possible by the dedication and skill of Class Counsel under very difficult circumstances.

15. Moreover, Class Counsel are qualified, experienced, and generally able to conduct the Litigation. Class Counsel have invested considerable time and resources into the prosecution of the Litigation and possess a long and proven track record of the successful prosecution of class actions, including false advertising cases, and numerous appointments as class counsel.

II.     **QUALIFICATIONS**

16. My firm, Bursor & Fisher, P.A. is one of the preeminent plaintiff's class-action and complex commercial law firms in the nation with particular expertise in consumer class-actions. Since December 2010, attorneys at Bursor & Fisher have represented plaintiffs in more than 100 class action lawsuits in state and federal courts throughout the country in a variety of fields, including data privacy, home appliances, dietary supplements, pharmaceuticals, telecommunications, residential mortgage foreclosures, online social networking sites and others.

17. Bursor & Fisher has an active civil trial practice, having won multi-million dollar verdicts or recoveries in six of six civil jury trials since 2008. Bursor & Fisher's most recent trial victory came in 2019 in *McMillion v. Rash Curtis & Associates*, in which Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment. During the course of the defendant's appeal, the *McMillion* matter settled for $75.6 million, the largest Telephone Consumer Protection Act settlement ever

18. Bursor & Fisher has also won many contested class certification motions, including several in this District alone. *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015); *Hart v. BHH, LLC*, 2017 WL 2912519 (S.D.N.Y. July 7, 2017); *de Lacour v. Colgate-Palmolive Co.*, 338 F.R.D. 324 (S.D.N.Y. 2021). Indeed, Bursor & Fisher has been particularly active within the Second Circuit and has created extensive case law in this Circuit in all types of consumer class actions, including:

*Boelter v. Hearst Communications, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017); *Bergeron v. Rochester Institute of Technology*, 2020 WL 7486682 (W.D.N.Y. Dec. 18, 2020); *In re Welspun Litigation*, 2019 WL 2174089 (S.D.N.Y. May 20, 2019); *Ebin v. Kangadis Food Inc.*, 2014 WL 737878 (S.D.N.Y. Feb. 25, 2014); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d. 282 (S.D.N.Y. 2015); *Crespo v. S.C. Johnson & Son, Inc.*, 394 F. Supp. 3d 260 (S.D.N.Y. 2019); *Bourbia v. S.C. Johnson & Son, Inc.*, 375 F. Supp. 3d 454 (S.D.N.Y. 2019); *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014); and *Sholopa v. Turk Hava Yollari A.O., Inc. d/b/a Turkish Airlines*, 2022 WL 976825 (S.D.N.Y. Mar. 31, 2022).

19.     Moreover, in this year alone, this Court certified two class actions in which Bursor & Fisher is lead counsel. See *Maroney, et al v. Woodstream Corp.*, Case No. 19-cv-8294-KMK (S.D.N.Y. March 28, 2025) (appointed to represent a certified class of New York purchasers of ultrasonic PestChasers that were allegedly advertised in a false and misleading manner due to their lack of efficacy); *Newman v. Bayer Corp., et al,* Case No. 22-cv-7087-KMK (March 19, 2025) (appointed to represent a certified class of New York purchasers of One A Day gummy products that were deceptively labeled).

20.     Further, Bursor & Fisher has obtained significant class-wide settlements in this Circuit in all types of consumer class actions, including: *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279-AT (S.D.N.Y. 2019); *Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444-KMK (S.D.N.Y. 2018); *Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671-NRB (S.D.N.Y. 2019); *Gregorio v. Premier Nutrition Corp.*, Case No. 17-cv-05987-AT (S.D.N.Y. 2019); *Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812-KMK (S.D.N.Y. 2018); *Heigl v. Waste Management of New York, LLC*, Case No. 19-cv-05487-WFK-ST (E.D.N.Y. 2021); *D'Amario et al. v. Univ. of Tampa*, Case No. 7:20- cv-07344 (S.D.N.Y. 2022); *Rodriguez v. Citimortgage, Inc.*, Case No. 11-cv-4718-

PGG (S.D.N.Y. 2015); and *In re Scotts EZ Seed Litigation*, Case No. 12-cv-4727-VB (S.D.N.Y. 2018).

21.     Bursor & Fisher has extensive experience in the area of consumer fraud class- actions and has successfully challenged some of the nation's largest and most powerful corporations for a variety of unfair and deceptive business practices, including false advertising and mislabeling. As demonstrated by the cases described in Bursor & Fisher's resume, which can be found at ECF No.13-7, Bursor & Fisher has achieved great success for consumers throughout the nation.

22.     Courts in this District have recognized Bursor & Fisher's significant experience with regards to its class action practice. *See, e.g., Rodriguez v. CitiMortgage*, Case No. 1:11-cv- 4718, ECF No. 22 (S.D.N.Y. Nov. 14, 2011) (Gardephe, J.) (describing Bursor & Fisher as a "well- established law firm" that "has been appointed lead or co-lead class counsel in connection with three of the largest classes ever certified"); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 566 (S.D.N.Y. 2014) (Rakoff, J.) ("Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims including claims against food manufacturers … The firm has been appointed class counsel in dozens of cases in both federal and state courts, and has won multi-million dollar verdicts or recoveries in five [now six] class action jury trials since 2008."); *Mogull v. Pete's and Gerry's Organics, LLC*, 2022 WL 4661454, at *2 (S.D.N.Y. Sept. 30, 2022) (Briccetti, J.) ("Bursor & Fisher … has represented other plaintiffs in more than one hundred class action lawsuits, including several consumer class actions that proceeded to jury trials in which Bursor & Fisher achieved favorable results for the plaintiffs."); *Hart v. BHH, LLC*, No. 15-cv- 4804, ECF No. 317 at 13:3-5 (S.D.N.Y. Sep. 14, 2020) (Pauley III, J.) ("As the judge presiding in the case I can attest to the fact that [attorneys at Bursor & Fisher were] relentless throughout this litigation and, in my view, did an outstanding job.").

23. In the process of handling these cases, I, along with my firm, have devoted an extensive amount of time to the investigation, litigation, settlement, and administration of these class actions.

### III. SUMMARY OF BURSOR & FISHER'S WORK ON THIS MATTER AND UNREIMBURSED LITIGATION EXPENSES

24. Jason Sulzer summarized Class Counsel's efforts leading to the Settlement including pre-suit investigation, litigation efforts and the mediation in his Declaration, all of which I incorporate herein by reference. I will summarize Bursor & Fisher's work in conjunction in this matter which led to the Settlement.

25. Bursor & Fisher began investigating possible claims related to the presence of Salmonella in the Products in December 2023 when Defendant issued a recall based on the presence of Salmonella in the Products. Bursor & Fisher investigated and analyzed, among other things, previous cases for recalls and salmonella related claims, Defendant's marketing and advertising campaigns, the scientific research on the dangers of Salmonella, the causes of Salmonella presence in food products, the effectiveness of the recall, and more. Shortly thereafter, Bursor & Fisher launched a social media campaign seeking potential clients who purchased one of the Products. Bursor & Fisher staff members as well as attorneys spent significant time calling potential leads and vetting possible clients to serve as class representatives.

26. Since its inception, Bursor & Fisher has actively participated in all aspects of the case, including, but not limited to: (1) case investigation; (2) drafting of the complaints (IL state court Complaint and the Amended Class Action Complaint); (3) settlement discovery; (4) legal research; (5) briefs and memorandum, including the Preliminary Approval brief: (6) participating in case strategy decisions; (7) participating in mediation and settlement negotiations; (8) communicating with defense counsel regarding litigation and settlement matters; (9)

documenting the settlement agreement and preparation of exhibits; and (10) preparing the settlement approval documents. Thus, the attorneys at Bursor & Fisher are fully familiar with the proceedings. These tasks required extensive legal research and attention to detail.

27. In addition, Bursor & Fisher has participated in regular calls with Class Counsel. During these calls, various aspects of this Litigation were discussed.

28. The table below details the hours billed and the amount billed at current rates through May 21, 2025 for Bursor & Fisher's attorneys and paralegals. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by Bursor & Fisher:

| **Attorney** | **Total Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| **Joseph I. Marchese** | 1.40 | $1,200.00 | $1,680.50 |
| **Joshua D. Arisohn** | 10.40 | $1,050.00 | $10,920.00 |
| **Matthew A. Girardi** | 0.60 | $650.00 | $390.00 |
| **Caroline C. Donovan** | 20.60 | $500.00 | $10,300.00 |
| **Victoria X. Zhou** | 0.60 | $500.00 | $300.00 |
| **Rebecca S. Richter** | 0.40 | $400.00 | $160.00 |
| **J. Georgina McCulloch** | 0.20 | $400.00 | $80.00 |
| **Total:** | **34.2** | | **$23,830.50** |

29. The attorneys of Bursor & Fisher billed this case at their usual and customary hourly billing rates, which have been approved by courts presiding over similar complex class action lawsuits, and which are commensurate with the prevailing market rates attorneys of comparable experience and skill handling complex litigation, including: *Norcross v. Tishman Speyer Properties, L.P. et al.*, Case No. 23-cv-11153, S.D.N.Y. (Aug. 16, 2024 Final Judgment And Order Of Dismissal With Prejudice); *Russett v. Northwestern Mutual Life Insurance Co.*, Case No. 19-cv-07414, S.D.N.Y. (Oct. 6, 2020 Final Judgment And Order Of Dismissal With Prejudice); *Edwards v. Hearst Communications, Inc.*, Case No. 15-cv-09279, S.D.N.Y. (Apr. 24, 2019 Final Judgment And Order Of Dismissal With Prejudice); *Taylor v. Trusted Media Brands,*

*Inc.*, Case No. 16-cv-01812, S.D.N.Y. (Feb. 1, 2018 Final Judgment And Order Of Dismissal With Prejudice); *Rodriguez v. CitiMortgage, Inc.*, Case No. 11-cv-4718, S.D.N.Y. (Oct. 6, 2015); *Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *20 (N.D. Cal. Apr. 17, 2020) (concluding that "blended rate of $634.48 is within the reasonable range of rates").

30. During the course of this action, Bursor & Fisher incurred $769.40 in unreimbursed expenses. These expenses were reasonably and necessarily incurred in connection with the prosecution of this litigation. These expenses are reflected in the books and records of The Bursor & Fisher and are a true and accurate summary of the expenses for this case. The chart below details the expenses incurred by category:

| CATEGORY | EXPENSE AMOUNT |
|---|---|
| Filing Fees | $600.50 |
| Service of Process Fees | $168.00 |
| **TOTAL** | $769.40 |

### IV.   SERVICE AWARDS

31. Class Counsel requests a service award of $500 for the Class Representative Plaintiffs. The named Plaintiffs were subjected to an extensive vetting interview. The named plaintiffs also provided information to substantiate the purchased products. The plaintiffs took on the responsibilities of a class representative, and were willing to be deposed, provide discovery, and testify at trial.

### V.   CONCLUSION

For the reasons set forth in this declaration, Class Counsel respectfully requests that the Court grant Plaintiffs' Motion for an award of Attorneys' Fees, Expenses and Service Awards for Class Representative Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of July 2025 in New York, New York.


                                                        \_\_/s/ Joseph I. Marchese_____
                                                        Joseph I. Marchese