UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND KESSLER, HARTENCE HILL, LAZARO RODRIGUEZ, TERESA HERENDEEN, AND BARBARA ABREU on behalf of themselves and all other individuals similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>THE QUAKER OATS COMPANY,<br><br>       Defendant. | Case No. 7:24-CV-00526 |

**DECLARATION OF JEFFREY K. BROWN ESQ.,
IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, LITIGATION COSTS, AND SERVICE AWARDS**

  I, Jeffrey K. Brown, Esq., declare under penalty of perjury pursuant to the laws of the United States of America that the forgoing is true and correct to the best of my knowledge:

  1. I am a managing partner at Leeds Brown Law, P.C. ("LBL"). My firm along with Reese LLP; Sultzer & Lipari, PLLC; Milberg Coleman Bryson Phillips Grossman, PLLC; Poulin Willey Anastopoulo; Levin Sedran & Berman; Bursor & Fisher, PA; and Goldenberg Schneider, LPA (collectively "Class Counsel"), represent the Named Plaintiffs and the Proposed Class ("Plaintiffs"). I am admitted to practice in the Southern District of New York.

  2. I am personally familiar with the facts set forth in this declaration. If called as a witness, I could and would competently testify to the matters stated herein.

  3. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Litigation Costs, and Service Awards – as well as the application for Final Approval of the Class Settlement. I am one of the attorneys personally responsible for the handling of this case, including

1

strategic decisions, communications with the Named Plaintiff Barbara Abreu, negotiating the proposed settlement before the Honorable Jay C. Gandhi (Ret.), and preparing strategy for this motion for final approval.

4. On March 12, 2025, the Court granted Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement in this action and granted related relief. *See* Dkt. 34, the Preliminary Approval Order.

5. The proposed class action Settlement Agreement resolves claims of economic harm arising from Defendants' alleged use of misleading labeling, marketing, and promotion related to the potential presence of Salmonella in the Covered Products. The settlement provides substantial monetary relief to Settlement Class Members through a non-reversionary $6.75 million Settlement Fund ("Settlement Fund"). *See* Dkt. 13-1 § 1.33. Notably, the Settlement extends the scope of relief beyond the product recall initiated by Quaker Oats Company on December 15, 2023, and expanded on January 11, 2024 (the "Recall"), by offering compensation to Class Members who did not receive a refund through the Recall process. The Settlement Agreement expressly excludes the release of any claims involving personal or bodily injury.

6. While the procedural history of this litigation and the terms of this settlement are being further detailed by my co-counsel in their submissions, I submit this declaration for the purposes of detailing my firm's involvement in the action, our work with co-counsel, and the expenses my firm has incurred during the course of this action.

7. Additionally, I write in support of Named Plaintiff Barbara Abreu request for a service award, as she has served as an ideal Class Representative since the filing of the Amended Complaint in May of 2024 (Dkt. 9) and is a signatory to the Class Action Settlement Agreement and Release (Dkt. 13-1 at 38). Her involvement and dedication were critical to the success of this

case, and it is unlikely the litigation would have achieved the same results without her contributions.

## CLASS COUNSEL AND PLAINTIFFS HAVE INVESTED SIGNIFICANT TIME IN THE PROSECUTION OF THIS ACTION

8. Throughout the course of initial investigations, pleadings, exchange of relevant information between the Parties, mediation, settlement negotiations, and filing of the Settlement Agreement, Class Counsel, including our firm at LBL, has devoted significant time and resources to the investigation, prosecution, and resolution of this case.

9. Our firm undertook this matter at the expense of pursuing other cases or client engagements. Class Counsel litigated this case entirely on a contingency basis, assuming significant risk in doing so. From the outset, Class Counsel demonstrated a willingness to commit substantial time, effort, and financial resources, without any assurance of recovery. Had this Action proceeded through continued litigation and ultimately resulted in an unfavorable outcome for Plaintiffs, Class Counsel would have received no compensation for attorneys' fees or reimbursement for costs incurred.

10. During the course of the litigation, Class Counsel conducted significant legal research and investigated industry reports and literature regarding the dangers of Salmonella, and the Covered Products' market segment. Class Counsel engaged in a thorough analysis of the legal landscape, evaluating the risks and benefits of prosecuting this litigation and early resolution. Class Counsel additionally analyzed the claims alleged in the complaints, including Defendant's advertising campaigns, the relevant regulations and guidelines concerning labeling and advertising disclosure requirements for consumer products, such as the contaminated Products, regulations and guidelines regarding the presence of hazardous substances such as Salmonella in consumer products, the scientific research and literature concerning the dangers of Salmonella, and research

regarding how Defendant should have known the Products contained Salmonella. Further, Class Counsel conducted research into the market segment related to the Products to understand the potential scope of this matter, economic losses to Class Members, and marketing and sales trends, practices, and patterns.

11. The parties began settlement negotiations in the Spring of 2024, considering the strengths and weaknesses of this case. As discussions progressed, the Parties agreed to an informal exchange of information concerning the Covered Products, including potential contamination, sales data, details of the product recall, the scope of the asserted claims, and the potential damages at issue. Recognizing the complexity of the issues and the importance of resolving the claims in this Litigation, the Parties agreed that the assistance of an experienced mediator was necessary to facilitate meaningful settlement discussions.

12. Subsequently, the Parties engaged in extensive settlement discussions and document exchanges in or around the April 11, 2024 mediation with respected JAMS mediator, the Honorable Jay C. Gandhi (Ret.), who was critical to the resolution of this action. At the mediation, the experienced counsel on both sides engaged in extensive arm's-length negotiations and were able to reach an agreement in principle to settle the economic claims on a class-wide basis by creating a non-reversionary $6.75 million common fund.

13. Following the mediation, the Parties continued to work diligently to negotiate and prepare the Settlement Agreement, to formalize and execute the Settlement Agreement and to present it before the Court for preliminary approval.

14. On June 24, 2024, Plaintiffs filed their motion for preliminary approval of the Settlement (Dkt. 10) and was granted by this Court on March 13, 2025 (Dkt. 34).

15. Along with the importance of Judge Gandhi during mediation and settlement discussions, Class Counsel's hard work has helped bring this action to this point of settlement in the case, and the amount of work they put in reflects so.

## CLASS COUNSEL'S QUALIFICATIONS

16. Leeds Brown Law (LBL) has extensive experience litigating and successfully resolving complex class action lawsuits across a wide range of legal contexts, including consumer protection, labor law, and others. *See Swetz v. The Clorox Company*, Case No. 7:22-cv-09374-PMH (S.D.N.Y. May 22, 2024) (Dkt. 56) (granting final approval of class action settlement of $5.6 million for purchasers of cleaning products); *Griffin v. Aldi, Inc.* 16-cv-00354-LEK-ATB (N.D.N.Y. Nov. 15, 2018) (working with the other firms to obtain final approval of $9.8 million settlement on behalf of store managers across the nation); *Kellogg v. WSP USA, Inc.,* Index No. 605552/2024 (Sup. Ct. Nassau Cty. Aug. 1, 2024) (granting approval of class settlement of $15 million for manual workers throughout the NYC area); *Jones v. Adm'rs of the Tulane Educ. Fund,* 51 F.4th 101 (5th Cir. 2022) (obtaining reversal of the trial court's dismissal of breach of contract claims regarding mandatory fees counsel before ultimately resolving the matter for $3.6 million)*; Weinstein v. Jenny Craig Operations, Inc.*, 138 A.D.3d 546 (1st Dept. 2016) (upholding certification of employees at Jenny Craig's branches and locations in New York before plaintiffs ultimately resolved the matter for $2.25 million); *Marcus v. AXA Advisors, LLC*, 11-CV-2339 (SJ)(SMG) (E.D.N.Y. Oct. 21, 2015) (obtaining nationwide conditional certification under the FLSA of over 2,000 financial service workers before approving class wide settlement of $2.3 million); *Booth v. Molloy College*, 2022 N.Y. Slip Op 34476(U) (Sup. Ct. Nassau Cty., Dec. 12, 2022) (obtaining a grant of class certification as to all enrolled students during the Spring 2020 semester and appointing Leeds Brown Law as class counsel before resolving the matter on a class wide basis for $900 per student in monetary and non-

cash benefits); *Arredondo v. Univ. of La Verne*, 618 F. Supp. 3d 937 (C.D. Cal. 2022) (obtaining summary judgment on behalf of the class of undergraduate students on liability before ultimately resolving the action for more than $8.5 million, as one of the largest per student recoveries in the entire country on similar claims). *See also* LBL's Firm Resume attached hereto as **Exhibit A**.

17. LBL has been recognized for its work as class counsel representing clients as consumers. At the May 22, 2024 Fairness Hearing, the Honorable Philip M. Halpern of the Southern District of New York acknowledged class counsel's efforts, stating I'm delighted that you were able to resolve this. I think very highly of lawyers [including LBL] who actually take on these matters. And I noticed, with the Court's approval, there was a fair amount of self-organization at the beginning of this . . . So I very much appreciate what you've done. I think you did an excellent job." *See Swetz v. The Clorox Company*, Case No. 7:22-cv-09374-PMH (S.D.N.Y. May 22, 2024).

18. Currently, Leeds Brown Law is engaged in the prosecution of several consumer protection class action lawsuits, further demonstrating the firm's ongoing commitment to advocating for consumers' rights and holding companies accountable for deceptive or unlawful practices. *See Pompilio v. Boar's Head Provisions Co. Inc.*, Case No. 7:24-cv-08220 (S.D.N.Y.)(consumer protection case pertaining to the alleged deceptive and misleading business practices with respect to the manufacturing, marketing, and sale of defendant's products)*; Rugg-Harrel v. Treehouse Foods, Inc*., Case No. 1:24-cv-10992 (N.D. Ill.)(consumer protection case pertaining to the alleged deceptive and misleading business practices with respect to the manufacturing, marketing, and sale of defendant's products); *Stile v. Rallye Motors LLC*, Index No. 608131/2020 (Sup. Ct. Nassau Cty, 2020)(consumer protection putative class action case alleging defendants improperly engaged in deceptive, fraudulent, and/or illegal business practices, including but not limited to falsifying estimates and/or falsifying invoices with fictitious labor or

parts and providing kickback payments to insurance adjusters across thousands of automobile repairs); *Adoni v. Citicorp Credit Services, Inc. (USA)*, Case No. 2:21-cv-02108-JMA-AYS (E.D.N.Y.) (asserting deceptive business practices in the credit card application process at Home Depots across the country); among others.

19. Below is a chart that identifies the attorneys and staff who worked on this matter at our firm[1], their positions, hourly rate, the work performed correlated to the major tasks of the litigation and the corresponding fee, through July 14, 2025.

| **Attorney or Paralegal** | **Hours Expended** | **Rate Per Hour** | **Work Performed** |
|---|---|---|---|
| Jeffrey K. Brown, Esq. (Firm Managing Partner) | 325.4 hours | $875.00 | Legal strategy and investigation; settlement strategy |
| Michael Tompkins (Partner) | 1.1 hours | $700.00 | Settlement strategy |
| Rosario V. Bucaro and Madeleine Schwartz (Senior Paralegals) | 369.3 hours | $250.00 | Product and claims investigation; client vetting and communication; litigation, mediation and settlement support |
| Zaina Selim, Yulia Pechenkina, and CJ Muscanera (Paralegals and Summer Law Clerk) | 53.3 hours | $225.00 | Motion drafting and settlement process, mediation preparations and general litigation support |
| Jacqueline Prescott (Legal Assistant) | 17.6 hours | $150.00 | Organizing and reviewing documents |

---

[1] To the extent that the Court requests more detailed submissions, Class Counsel would request the ability to provide those in camera, ex parte review to not reveal privileged communications or strategy before this matter is formally dismissed.

> **Total Attorney Hours**: 326.5
> **Total Paralegal/Support Hours:** 440.2
>
> **Total Lodestar: $392,452.50**
>
> (As of July 14, 2025)

20. Based upon prior experience with time spent after final approval briefing – including interacting with the settlement claims administrator and resolving issues associated with distributions, Class Counsel estimate that we will expend an additional 30-40 hours on this matter until the claims administration process is complete. Most of that will likely be spent advising Class Members of the status of payments and administration process related to the same, plus preparing for the Fairness Hearing.

21. Our hourly rates, as reflected in the chart in paragraph 19, are rates similar to those previously approved in class actions around the country, including most recently in: *Swetz v. The Clorox Company*, Case No. 7:22-cv-09374-PMH (S.D.N.Y. May 22, 2024) (Dkt. 57) (approving fair and reasonable attorney's fees based on LBL's rates of up to $850 for Jeffrey K. Brown, and up to $200 for paralegals and support); *Arredondo v. The University of La Verne*, Case No. 2:20-cv-7665-MCS-RAO (C.D. Cal. April 14, 2023) (approved rates of $850 for Jeffrey K. Brown, and $200 for paralegals). The rates proposed are similar to other rates approved by Hon. Judge Kenneth M. Karas in other class actions by other similarly experienced counsel. *See e.g., Catalano v. Lyons Magnus, LLC*, Case No. 7:22-cv-06867-KMK (S.D.N.Y. April 10, 2024) (Dkt. 55) (Judge Karas granted rates between $900 and $1,057 for partners with at least 25 years of experience, stating that these are reasonable attorney rates based on attorneys' experience in class action cases); *Stanley v. Direct Energy Servs.*, Case No. 7:19-cv-03759-KMK (S.D.N.Y. April 5, 2022) (Dkt. 84) (Judge Karas granted $950 for partners, between $300 and $525 for associates, and between

8

$160 and $206 for paralegals, stating these are reasonable attorney fees based on the fact "the award reflects the public policy goal of incentivizing attorneys to bring cases…which serve the public interest."); Recently, LBL's rates have been approved in other class actions. *See e.g., Engel v. Gannon University.*, Case No.1:23-cv-00244-SPB (W.D. Pa. July 17, 2024) (Dkt. 40) (approving reasonable attorney's fees based on LBL's rates of between $700 and $925 for partners, up to $500 for associates, and between $150 and $205 for paralegals and support staff); *Meehan v. Roadmaster Drivers School, Inc.,* Case No. 5:22-cv-04299-JMG (E.D. Pa. Sept. 18, 2024) (approving the rates and submissions of class counsel[2], including attorneys at LBL, with rates up to $890 for partners and recognizing rates would be higher in certain parts of the country); *Shoffner v. Havenly Inc. et al.*, Index No. 609706/2023 (Sup. Ct. Nassau Cty. Oct. 2, 2024) (Dkt. 26) (approving reasonable attorney's fees based on LBL's rates of between $725 and $850 for partners, up to $425 for associates, and between $125 and $200 for paralegals and support); *Martinez v. Univ. of San Diego*, Case No. 3:20-cv-1946-RBM-VET (S.D. Cal. March 21, 2025) (approving fees, costs, and expenses for class counsel and holding that the lodestar cross check was reasonable, including LBL's hourly rate of $725 to $850 for partners and $200 for paralegals); *Stewart v. University of Maine System*, CV-20-537 (CCSC. ME. July 23, 2024) (approving reasonable attorney's fees based on LBL's rates of between $700 and $800 for partners, up to $425 for associates, and between $125 and $200 for paralegals and support); *Kincheloe v. University of Chicago*, Case No. 1:20-cv-03015-CPK (N.D. Ill. May 23, 2024) (Dkt. 122) (approving reasonable attorney's fees based on LBL's rates of between $675 and $800 for partners, up to $450 for

---

[2] "I do agree, as I noted earlier that the award for attorney's fees is reasonable under the Lodestar method and the percentage of [recovery] method the request falls within the range deemed reasonable as noted by other courts in [the Third Circuit]. … [A]s to the work Counsel has put in its -- from where I'm sitting, it's been substantial, and it's been first rate." (Transcript at 36: 12-19); "[E]ach [of the firms] has represented their client with zeal and vigor." (*Id.* at 26).

associates, and between $125 and $200 for paralegals and support); *Qureshi v. American Univ.*, Case No. 1:20-cv-1141-CRC (D.D.C. May 7, 2024) (Dkt. 99) (approving reasonable attorney's fees based on LBL's rates of between $650 and $800 for partners, up to $450 for associates, and between $125 and $200 for paralegals and support). These rates are set based on market rates for attorneys of comparable skill and experience, and they have been approved by federal and state courts throughout the nation.

22.    In addition to the time and work performed, our firm has also expended considerable resources in expenses that were not guaranteed to be reimbursed, but we seek them as part of the proposed settlement.

23.    Based on my review of our LBL's billing records and my personal knowledge of what was expended in this action, the following represents expenses that were paid by my firm and that are reasonable to the prosecution of the action:

| **Expenses and Nature of Payment** | **Amount** |
|---|---|
| Jeffrey K. Brown - Travel and Hotel to attend Mediation (April 2024) | $ 4589.05 |
| Court Reporter - Transcript of 3/12/25 proceeding held before the Honorable Kenneth M. Karas | $142.80 |
| Meals (5/29, 6/11 and 6/17/25) | $143.13 |
| **Total** | **$4,874.98** |

24.    These expenses are reasonable in this action, given the nature of the case.

25.    Based on my experience in complex class actions and in these types of cases, Class Counsel has worked efficiently to prosecute this action. In fact, each of the four firms operating as Class Counsel brings experience and credentials to support the Class members and the Settlement in this action.

26. As a result of this litigation, all Class Members will receive substantial benefits from the Settlement, and avoid the risks associated with continued litigation. The proposed terms of this Settlement fall squarely within the range of settlements of similar actions across the country and that more than supports the application to send notice to Class Members to advise them of their rights and give them the opportunity to be heard.

27. Our firm, along with co-counsel, have knowledge of the particular legal issues that were at risk of being adjudicated or ripe for resolution on appeal, including issues of damages, class certification, and liability. In our estimation, even if Plaintiffs won a contested class certification motion, it would likely be subject to a Rule 23(f) petition for review and then a decision on summary judgment would similarly be subject to another appeal.

28. Based on my experience, the Settlement is fair, reasonable, and adequate and treats all Class Members equitably and presents a resolution that resolves the claims of this action. I ask that the Court approve the Settlement achieved on behalf of the Class resulting from this hard-fought and lengthy litigation.

29. Additionally, our firm supports a service award for Named Plaintiff Barbara Abreu, as she has served as an ideal Class Representative throughout this action, making herself available through the course of this action, and most importantly looking out for the best interest of class members. Therefore, her service award is reasonable based on the hours and work that they put into making this case successful.

Dated: Carle Place, New York
       July 14, 2025                                                **LEEDS BROWN LAW, P.C.**

                                                                          /s/ Jeffrey K. Brown
                                                           Jeffrey K. Brown, Esq.
                                                           One Old Country Road, Suite 347
                                                           Carle Place, New York 11514
                                                           Tel: (516) 873-9550
                                                           jbrown@leedsbrownlaw.com

                                                           *Attorneys for Plaintiff Barbara Abreu & the Putative Class*

# EXHIBIT A

## Leeds Brown Law, P.C.
## Firm Biography

**Leeds Brown Law, P.C. ("LBL")** has considerable experience litigating class action lawsuits, especially those in state and federal courts in New York. *See e.g., Griffin v. Aldi, Inc.* 16-cv-00354-LEK-ATB (N.D.N.Y. Nov. 15, 2018) (working with the other firms to obtain final approval of $9.8 million settlement on behalf of store managers across the nation); *Weinstein v. Jenny Craig Operations, Inc.*, 138 A.D.3d 546 (1st Dept. 2016) (upholding certification of employees at Jenny Craig's branches and locations in New York); *Marcus v. AXA Advisors, LLC*, 11-CV-2339 (SJ)(SMG) (E.D.N.Y. Oct. 21, 2015) (granting nationwide conditional certification under the FLSA of over 2,000 financial service workers before approving class wide settlement). *Booth v. Molloy College*, 2022 N.Y. Slip Op 34476(U) (Sup. Ct. Nassau Cty., Dec. 12, 2022) (granting class certification as to all enrolled students during the Spring 2020 semester and appointing Leeds Brown Law as class counsel); *Dean v. Marvyille Univ. of St. Louis*, Cause NO. 20SL-CC02850 (Mo. Cir. Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with LBL along with co-counsel as Class Counsel); *Stewart v. Univ. of Maine System*, Civil Action Docket No. CV-20-537 (Me. Superior Ct., Cumberland Cnty., Sept. 8, 2023) (granting class certification with LBL serving as Class Counsel, along with co-counsel).

Additionally, LBL recently secured a decision from the New York Appellate Division, Second Department, that acknowledged two new causes of action and extended worker protections to temporary staffing workers. *See Membrives v. HHC TRS FP Portfolio*, 196 A.D.3d 560 (2d Dept.2021). During February 2022, LBL was recognized for its work on behalf of students at the University of La Verne that alleged that failed to receive the services they contracted and paid for. *See Arredonodo v. Univ. of La Verne*, Case No. 2:20-cv-7665(MCS)(RAO) (C.D. Cal. Feb. 8, 2022):

> Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. [Citing the declaration of Michael A. Tompkins]. The only firm without substantial class action experience, Charon Law, has experienced co-counsel as support… Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case.

In *Miazza, Gunter v. LSU,* Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), Leeds Brown Law, P.C. was appointed as "Co-Lead Class Counsel" and the Court noted that "This Court also finds that Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19… In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class."); *see also Stewart v. Univ. of Maine System*, Civil Action Dkt. CV20-537 (noting that "[LBL along

with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."). Additionally, LBL was appointed to serve on the executive committee in the matter *Wilson v. Walmart Inc.*, Case No. 3:21-CV-00082(DPM), wherein it is alleged that the makers and distributors of baby food failed to disclose that its products contained elevated amounts of toxic heavy metals -- in accordance with a U.S. House of Representative Report by the Subcommittee on Economic and Consumer Policy Committee on Oversight and Reform (Feb. 4, 2021);

Leeds Brown Law, P.C. also has substantial experience settling class actions in state and federal courts in New York. *See e.g., Settecasi v. Gotham Hall LLC*, 2022 NYLJ LEXIS 494 (Sup. Ct. N.Y. Cty. 2022) (denying defendants' summary judgment application and granting class certification); *Rutella v. National Secs. Corp.*, 2022 N.Y. Misc. LEXIS 2311 (Sup. Ct. Nassau Cty., May 25, 2022) (denying defendants' summary judgment motion and granting class certification for all workers in New York at four primary locations dating back to 2010); *Ramlochan v. Westchester Shores Event Holdings, Inc.*, Index No. 53509/2018 (Sup. Ct. Westchester Cty. Jan. 25, 2021) (in approving award of attorneys' fees, court acknowledged "the significant award agreed upon here comports with the firm's significant level of experiences and substantial work performed in the course of the litigation and the settlement process in this action"); *Settecasi v. Ark Restaurant Corp.*, Index No. 154038/2018 (Sup. Ct. N.Y. Cty., Aug. 3, 2022) (approving class wide settlement at several catering facilities in New York City); *Luchko v. Barclay Operating Corp.* Index No. 157657/2020 (Sup. Ct. N.Y Cty. Jan. 5, 2022); *Waloven v. Forty Eight Lounge, LLC*, Index No. 603608/2021 (Sup. Ct. Nassau Cty. Oct. 15, 2021); *Cantelmo v. Ravel Hotel LLC*, Index No. 606182/2020 (Sup. Ct. Nassau Cty. Sept. 29, 2021); *Robinson v. Wildlife Conservation Society*, Index No. 502823/2019 (Sup. Ct. Kings Cty. Sept. 9, 2021); *Villasin v. Marriott Hotel Services, Inc.*, Index No. 608511/2017 (Sup. Ct. Nassau Cty. Aug. 16, 2021); *Barnes v. PH New York, LLC*, 157340/2018 (Sup. Ct. N.Y. Cty. Apr. 6, 2021); *In re Mt. Fuji Restaurant Class Action Lawsuit*, Index No. 614047/2020 (Sup. Ct. Nassau Cty. Mar. 19, 2021); *Islam v. Morgans Hotel Group Management LLC*, Index No. 612723/2020 (Sup. Ct. Nassau Cty. Mar. 18, 2021); *Sanchez v. Craft Beekman, LLC*, Index No, 154833/2019 (Sup. Ct. N.Y. Cty. Mar. 17, 2021); *Mauro v. Gurney's Inn Resort & Spa LLC*, Index No. 616077/2019 (Sup. Ct. Nassau Cty. Mar. 15, 2021); *Cedeno v. Hibernia Construction LLC*, Index No. 605947/2017 (Sup. Ct. Nassau Cty. Mar. 8, 2021); *Gonzalez v. Sterling Caterers, Inc.*, Index No. 603074/2019 (Sup. Ct. Nassau Cty. Feb. 26, 2019); *Padder v. Levy Premium Foodservice Limited Partnership,* Index No. 518187/2018 (Sup. Ct. Kings Cty. Dec. 9, 2020); *Gonzalez v. Masgad Corp.*, Index No. 607031/2018 (Sup. Ct. Nassau Cty. Oct. 7, 2020); *Angulo v. Parm Battery Park LLC*, Index No. 508280/2020 (Sup. Ct. Kings Cty. Sept. 28, 2020); *Cortes v. Pacific Langham New York Corporation*, Index No. 154853/2018 (Sup. Ct. N.Y. Cty. June 17, 2020); *Vizcaino v. The Ritz Carlton Hotel Company, L.L.C.*, Index No. 607281/2016 (Sup. Ct. Suffolk Cty. May 29, 2020); *Pinzon v. Summit Development Corp.*, Index No. 604025/2016 (Sup. Ct. Nassau Cty. May 11, 2020); *Contreras v. Salem Golf Club Associates, LLC*, Index No. 63967/2018 (Sup. Ct. Westchester Cty. Mar. 16, 2020); *James-Howell v. Family Residences and Essential Enterprises, Inc.*, Index No. 605950/2017 (Sup. Ct. Mar. 11, 2020); *Santa Maria v. Aimbridge Hospitality, LLC*, Index No. 2018-51928 (Sup. Ct. Dutchess Cty. Feb. 24, 2020); *Padder v. Logans Sanctuary LLC*, Index No. 602455/2018 (Sup. Ct. Nassau Cty. Feb. 19, 2020); *Diaz v. Anvil NY LLC*, Index No. 525279/2018 (Sup. Ct. Kings Cty. Jan. 9, 2020); *Godfrey v. The Executive Club LLC*, Index No. 512924/2018 (Sup. Ct. Kings

Cty. Dec. 18, 2019); *Ramlochan v. Manhasset Bay Yacht Club*, Index No. 605618/2018 (Sup. Ct. Nassau Cty. Dec. 11, 2019); *Ferguson v. The Lure Group*, Index No. 156054/2017 (Sup. Ct. N.Y. Cty. Dec. 3, 2019); *Destefano v. Cold Spring Country Club, Inc.*, Index No. 617008/2017 (Sup. Ct. Suffolk Cty. Nov. 25, 2019); *Ascensio v. Dinosaur Restaurant, LLC*, Index No. 154847/2017 (Sup. Ct. N.Y. Cty. Nov. 12, 2019); *Robinson v. Access Food & Beverage, Inc.*, Index No. 152746/2018 (Sup. Ct. N.Y. Cty. Nov 8, 2019); *Contreras v. Dania Marina, Inc.*, Index No. 5436/2018 (Sup. Ct. Westchester Cty. Oct. 3, 2019); *Posner v. NYS Pool Management Company, Inc.*, Index No. 609371/2017 (Sup. Ct. Nassau Cty. Sept. 26, 2019); *Maria v. Sankara NY, LLC*, Index No. 51469/2018 (Sup. Ct. Westchester Cty. Aug. 20, 2019); *Settecasi v. Michael Scott Catering LLC*, Index No. 601994/2018 (Sup. Ct. Nassau Cty. Aug. 19, 2019); *Torres v. Old Oaks Country Club, Inc.*, Index No. 63047/2017 (Sup. Ct. Westchester Cty. Aug. 16, 2019); *Ayasi v. Sirena Restaurant, Inc.*, Index No. 504596/2019 (Sup. Ct. Kings. Cty. Aug. 7, 2019); *Locandro v. Willow Ridge Country Club, Inc.*, Index No. 63740/2017 (Sup. Ct. Westchester Cty. July 16, 2019); *McShane v. Foxsco Inc.*, Index No. 607129/2017 (Sup. Ct. Nassau Cty. July 8, 2019); *Maor v. Volume Service America, Inc.*, Index No. 158298/2014 (Sup. Ct. N.Y. Cty. June 6, 2019); *Blue v. MDC Tavern Corp.*, Index No. 600162/2017 (Sup. Ct. Nassau Cty. May 22, 2019); *Fernandez v. Masterpiece Caterers, Corp.*, Index No. 51469/2018 (Sup. Ct. N.Y. Cty. May 7, 2019); *Montero v. 333 Bayville Avenue Restaurant Corp.*, Index No. 603760/2017 (Sup. Ct. Nassau Cty. May 6, 2019); *Maor v. GAC Caterers, Inc.*, Index No. 25669/2017 (Sup. Ct. Bronx Cty, May 6, 2019); *Fredericks v. Derek Lam International LLC*, Index No. 154922/2015 (N.Y. Sup. Ct. N.Y. Cty. May 30, 2018); *Craparotta v. Ralph Lauren Corporation*, Index No. 153553/2015 (N.Y. Sup. Ct. N.Y. Cty. May 1, 2018); *Huggins v. Gucci America, Inc.*, Index No. 161446/2014 (N.Y. Sup. Ct. N.Y. Cty. Apr. 30, 2018); *Jailall v. Diesel U.S.A., Inc.*, Index No. 156210/2015 (N.Y. Sup. Ct. N.Y. Cty. Mar. 28, 2018); *Podell v. Alexander Wang Global Retail LLC*, Index No. 600355/2015 (N.Y. Sup. Ct. Nassau Cty. Dec. 19, 2017); *Smith v. The Donna Karan Company LLC*, Index No. 157912/2013 (N.Y. Sup . Ct. N.Y. Cty. Nov. 13, 2017); *Zarembra v. Gilt Groupe, Inc.*, Index No. 151631/2017 (N.Y. Sup. Ct. N.Y. Cty. Oct. 25, 2017); *Lass v. Alice (Plus) Olivia, LLC*, Index No. 150527/2015 (N.Y. Sup. Ct. N.Y. Cty. Oct. 10, 2017); *Warren v. Marc Jacobs International, LLC*, Index No. 160107/2014 (N.Y. Sup. Ct. N.Y. Cty. Sept. 20, 2017); *Kocivar v. Wenner Media LLC*, Index No. 150756/2015 (N.Y. Sup. Ct. N.Y. Cty Aug. 2, 2017); *Giraudo v. Dolce & Gabbana, USA, Inc.*, Index No. 652522/2015 (N.Y. Sup. Ct. N.Y. Cty Jul. 19, 2017); *Awogbile v. Kenneth Cole Productions, Inc.*, Index No. 161886/2014 (N.Y. Sup. Ct. N.Y. Cty. Jul. 18, 2017); *Carden v. IMG Worldwide, LLC*, Index No. 162501/2014 (N.Y. Sup. Ct. N.Y. Cty. May 30, 2017); *Mendez v. KCD, Inc.*, Index No. 155702/2015 (N.Y. Sup. Ct. N.Y. Cty. Jan. 4, 2017); *Whitlow v. Burberry Limited*, Index No. 150529/2015 (N.Y. Sup. Ct. N.Y. Cty. Nov. 15, 2016); *Smith v. Fendi North America, Inc.*, Index No. 151756/2015 (N.Y. Sup. Ct. Nassau Cty. Oct. 19, 2016); *Grant v. Warner Music Group Corp.*, Case No. 13-CV-449 (PGG) (S.D.N.Y. Mar. 10, 2016); *Vitetta v. Sirius XM Radio Inc.*, Case No. 14-CV-2926 (VEC) (S.D.N.Y. Feb. 17, 2016); *Arias v. Clear Channel Broadcasting, Inc.*, Case No. 14-CV-05088 (SN) (S.D.N.Y. Feb. 2, 2016); *O'Jeda v. Viacom*, 13 Civ. 5658 (JMF)(GWG) (S.D.N.Y Jan. 13, 2016).*Villasin v. Glenarbor Golf Club, LLC*, Index No. 608512/2017 (Sup. Ct. Nassau Cty. Apr. 25, 2019); *Heale v. Hickory Ridge Golf & Country Club Inc.*, Index No. E2017000673 (Sup. Ct. Monroe Cty. Apr. 5, 2019); *Salzman v. Coveleigh Club, Inc.*, Index No. 608525/2017 (Sup. Ct. Nassau Cty. Apr. 2, 2019); *Villasin v. American Yacht Club*, Index No. 608975/2017 (Sup. Ct. Nassau Cty. Jan. 10, 2019); *Salzmann v. Metropolis Country Club, Inc.*, Index No. 608527/2017 (Sup. Ct. Nassau Cty. Jan. 7, 2019).

Jeffrey K. Brown of Leeds Brown Law is a graduate of SUNY Albany and Hofstra Law School, and is the managing partner of Leeds Brown Law. Since his admission to the New York State Bar in 1997, Mr. Brown has served as lead counsel in hundreds of class actions and individual cases for unpaid wages, overtime and tips, sexual harassment and employment discrimination in the New York City Metropolitan area which have generated millions of dollars for the Firm's Clients. Among just a few of his highlights, Mr. Brown served as lead counsel in a real estate discrimination case, *Board of Managers of Vista Tower Condominium v. Roosevelt Avenue Associates*, in which the Firm recovered approximately $19 million on behalf of 135 Asian condominium owners in Flushing, Queens. In other actions, Mr. Brown has been recognized for his work. See e.g., *Colabufo v. CNA Financial Corp.*, 04-CV-1863(BMC) (S.D.N.Y. July 31, 2009) ("We're obviously dealing with high-end lawyers in this case … It seems like they gave their all to this. It seems like it would be an overstatement to say 'sweat blood,' but it sounds to me like there was a lot of sweating involved on both sides in this and the plaintiffs, no question, earned their fee in this ... You can't argue to that unless you point to some specific infirmity in counsel's performance and there is no suggestion of that here … [P]laintiffs' law firms … appeared to have done an excellent job in this, so I don't have any question about the adequacy of representation of the class.").

Michael A. Tompkins of Leeds Brown Law is a graduate of the University of North Carolina – Chapel Hill (B.A.), Indiana University – Bloomington (M.S.), and Hofstra University School of Law (J.D.) and works for Leeds Brown Law on complex litigation related to class and collective actions. Mr. Tompkins has also been involved in large scale securities class actions andconsumer fraud class actions in various courts. Mr. Tompkins has served as class counsel in dozens of class actions and has been acknowledged for his involvement in those cases. *See e.g. Malcok v. SEB Service of New York, Inc.*, Case No. 11-CV-5089(MDG) (E.D.N.Y. March 13, 2017) ("[Mr. Jeffrey K. Brown, Mr. Michael A. Tompkins, Ms. Suzanne Leeds and co- counsel] have experience litigating class and collective actions based on wage and hour claims.…This Court observed counsel's performance in this action … and finds that their performance in both litigating and settling this case demonstrates their commitment to the classes and to representing the interests of the classes."); *see also Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266 at *7 (S.D.N.Y. Oct. 13, 2015) ("Virginia & Ambinder, LLP and Leeds Brown Law, P.C. are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases."); *Cohan v. Columbia Sussex Management, LLC*, 2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ("Class counsel [LBL and V&A]are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases."); *Garcia v. Exec. Club LLC*, No. 10-cv-1545 (SHS), 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012) ("Class Counsel [V&A and LBL] have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel [including Michael A. Tompkins] have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action."). In 2019, Honorable Gretchen Walsh, J.S.C. Commercial Division, Westchester County, commended Leeds Brown Law, P.C. for its work and vigorous representation of its clients, including the class, in *Contreras v. Dania Marina, Inc.*, Index No. 54536/2018 (Sup. Ct.

Westchester Cty., Oct. 3, 2019), when approving the class-wide settlement. Mr. Tompkins has also spoken as symposiums and events regarding wage violations, class actionsettlements, and worker protections. Additionally, Mr. Tompkins serves on the Nassau County Comptroller's Living Wage Advisory Committee and is admitted to practice in New York State, Eastern District of New York, Southern District of New York, Northern District of New York, the Second Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals. Recently, Mr. Tompkins has been lead or co-lead counsel in several actions that have resolved themselves in the college COVID refund context. *See e.g., Qureshi v. American Univ.*, Case No. 1:20-cv-1141-CRC (D.C. Dist. May 7, 2024) (granting final approval of the class settlement for $5.439M based on the reasonableness and fairness of the settlement); see also *Arredonodo v. Univ. of La Verne*, Case No. 2:20-cv-7665(MCS)(RAO) (C.D. Cal) (reflecting one of the largest per student recoveries in the country after successfully obtaining class certification and summary judgment on behalf of the class of undergraduate students in the amount of more than $8.8M in conferred benefits).

Brett R. Cohen of Leeds Brown Law is a graduate of Fordham Univ. School of Law (J.D.) and the University of Wisconsin-Madison (B.S.), and previously worked under Hon. Arthur M. Diamond, J.S.C. of New York State Supreme Court Nassau County prior to joining Leeds Brown Law. Mr. Cohen is admitted to practice in New York, California, and Florida, and has served as lead counsel for Leeds Brown Law, in several actions that have resolved themselves in recent years, including for alleged stolen gratuities. *See e.g., Aguiar v. Airport Inn Inc.*, Index No. 603675/2018 (Sup. Ct. Nassau Cty., Feb. 7, 2022) (approving Brett Cohen, Michael Tompkins and Jeffrey K. Brown as class counsel "based on their experience litigating class actions, including those under the Labor Law and the Hospitality Wage Order"); *Luchko v. Barclay Operating Corp.* Index No. 157657/2020 (Sup. Ct. N.Y Cty. Jan. 5, 2022); *Waloven v. Forty Eight Lounge, LLC*, Index No. 603608/2021 (Sup. Ct. Nassau Cty. Oct. 15, 2021); *Cantelmo v. Ravel Hotel LLC*, Index No. 606182/2020 (Sup. Ct. Nassau Cty. Sept. 29, 2021); *Robinson v. Wildlife Conservation Society*, Index No. 502823/2019 (Sup. Ct. Kings Cty. Sept. 9, 2021); *Villasin v. Marriott Hotel Services, Inc.*, Index No. 608511/2017 (Sup. Ct. Nassau Cty. Aug. 16, 2021); *Barnes v. PH New York, LLC*, 157340/2018 (Sup. Ct. N.Y. Cty. Apr. 6, 2021); *In re Mt. Fuji Restaurant Class Action Lawsuit*, Index No. 614047/2020 (Sup. Ct. Nassau Cty. Mar. 19, 2021); *Islam v. Morgans Hotel Group Management LLC*, Index No. 612723/2020 (Sup. Ct. Nassau Cty. Mar. 18, 2021); *Sanchez v. Craft Beekman, LLC*, Index No, 154833/2019 (Sup. Ct. N.Y. Cty. Mar. 17, 2021); *Mauro v. Gurney's Inn Resort & Spa LLC*, Index No. 616077/2019 (Sup. Ct. Nassau Cty. Mar. 15, 2021). In one recent case, Judge Terry J. Ruderman acknowledged Leeds Brown. See *Ramlochan v. Westchester Shores Event Holdings, Inc. et. al.* Index No. 53509/2018 (N.Y. Sup. Ct. Westchester Cty. April 23, 2020), where the Honorable Terry J. Ruderman grants class certification and states that Plaintiffs' counsel "has shown its ability to manage a class action…"). Brett is admitted in New York, New Jersey, Florida, and California, along with various United States District Courts in those states.

Anthony M. Alesandro of Leeds Brown Law is a graduate of SUNY Albany (B.A.) and Maurice A. Deane School of Law at Hofstra University (J.D.). Mr. Alesandro has served as part of the Leeds Brown Law complex litigation team since 2018 during which time he has worked on several class actions that have resolved in recent years including *Contreras v. Dania Marina, Inc.*, Index No. 54536/2018 (Sup. Ct. Westchester Cty., Oct. 3, 2019)("Thank you for all your

efforts on both sides here. I think everybody was vigorously represented in this action. And I commend counsel for their work as well"); *Settecasi v. Ark Restaurants Corp, et. al.*, Index No. 154038/2018 (Sup. Ct. N.Y. Cty., Oct. 3, 2018); *Cedeno et al v. Hibernia Construction, Inc. et al*, Index No. 605947/2017 (Sup. Ct. Nassau Cty. Mar. 12, 2021); among others. Further, Mr. Alesandro has worked on Leeds Brown Tuition Refund team since March 2020, during which time Leeds Brown has had success in litigating and settling cases on behalf of students around the country. *See e.g.*, *Dean v. Marvyille Univ. of St. Louis*, Cause No. 20SL-CC02850 (Mo. Cir. Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with LBL along with co-counsel as Class Counsel); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023)(granting final approval of the class action settlement); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022)(granting final approval of the class action settlement); *see also Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29, 2023) (granting final approval); *Kincheloe v. Univ. of Chicago*, Case No. 1:20-cv-3015 (N.D. Ill. Aug. 16, 2023) (granting preliminary approval motion due by Oct. 17, 2023). Mr. Alesandro is admitted to the New York Bar, The Southern District of New York, and the Eastern District of New York.

In total, Mr. Brown, Mr. Tompkins, Mr. Cohen, and Mr. Alesandro have been involved in more than 90 class or collective actions settlements, which has resulted in over $90,000,000 available to class members to collect since 2011.