

July 31, 2025

**VIA ECF**
Judge Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

<div align="center">Re: <em>Kessler v. The Quaker Oats Co.</em><br>Index No: 24-cv-526-KMK</div>

Your Honor:

      We are one of the firms the Court Appointed as Class Counsel, and, as such, represent Plaintiffs and the putative class in the above captioned matter. (*See* ECF No. 34). As the Court is aware, this matter is a class action in which the Court preliminarily approved a settlement between the parties and scheduled a final approval hearing for August 4, 2025. (*See* ECF No. 34).

      We write to address the latest (and untimely) objections by Pat Zhen. On July 10, 2025, we wrote to inform the Court of Mr. Zhen's initial objection to certain technical procedural aspects of the Settlement. (*See* ECF No. 37). On July 14, 2025, Plaintiffs moved for final approval of the Settlement, as well as an award of attorneys' fees. (*See* ECF Nos. 42 & 46). Subsequently, on July 21, 2025, Plaintiffs filed their response to Mr. Zhen's objection, explaining that: 1) Mr. Zhen does not have standing to lodge his objection; 2) investigations by the Claims Administrator and Class Counsel's independent investigator reveal indicia of fraud related to Mr. Zhen's reimbursement claim; and 3) Mr. Zhen's objections to the procedural aspects of the claims process are either moot or meritless. (*See* ECF No. 57). In addition, the investigation revealed that Mr. Zhen is a professional and serial objector to class action settlements.[1]

      Class Counsel recently became aware that Mr. Zhen has mailed or intends to mail a second objection (the "Second Objection") to the Court related to Class Counsels' request for attorneys' fees, as well as a third objection (the "Third Objection") to Class Counsel's motion to certify the class (as well as a "reply" in response to the opposition to his initial objection). Mr. Zhen submitted these objections despite previously telling Class Counsel that he had no objection to the request for attorneys' fees or the Settlement itself. Mr. Zhen's Second Objection is annexed as Exhibit 1 and his Third Objection is annexed as Exhibit 2.

      Notably, nowhere in his Second Objection, Third Objection, or the reply in support of his

---

[1] Professional objectors have been described as "attorneys who oppose settlements on behalf of nonnamed class members and threaten to file meritless appeals of the final judgment merely to extract a payoff." *See* John E. Lopatka and Hon. D. Brooks Smith, *Class Action Professional Objectors: What to Do About Them?*, 39 Fla. St. U. L. Rev. 865, 866 & n.2 (2012) (citing cases).

initial objection, does Mr. Zhen verify his identity or offer any explanation for the indicia of fraud associated with his claim in this case and other cases that render his objections highly suspicious. For the reasons set forth herein and in Class Counsel's opposition to Mr. Zhen's initial objection, each of Mr. Zhen's objections are meritless and should be rejected.

### **Mr. Zhen's Second, and Untimely, Objection**

First, as a threshold matter, Mr. Zhen still has not established the requisite standing to assert objections to the Settlement because he has not demonstrated that he purchased a Covered Product and, therefore, cannot show that he is a member of the Class. As set forth in Class Counsel's response to Mr. Zhen's initial objection, neither of the Products that Mr. Zhen identified in his claim submission are Covered Products. In his untimely Second Objection, Mr. Zhen insists that the granola bars he purchased are part of the Settlement, but ignores that only granola bar packages consisting of specific weights and a specific number of bars qualify as Covered Products under the Settlement. *See* Dkt. 13-1, Exhibit D (listing the Covered Products). During his conversations with Class Counsel, Mr. Zhen claimed that he had purchased additional Quaker products (including "Nutri Bars," which are not Quaker products), but was unable to identify which products, or when or where he purchased them. *See* ECF No. 57-1, ¶ 16. Nor did Mr. Zhen identify in his initial objection (where he purported to have purchased the Quaker Chewy Yogurt Variety Pack Chewy (14 Ct) (17.2 Oz) and the Quaker Assorted Chewy (48 Ct) (48.32 Oz)) and any additional Quaker products he purchased.

Now, months after the claims period and objection deadline has expired, realizing that he did not purchase a Covered Product and is not a Class Member, Mr. Zhen is attempting to manufacture standing by vaguely referencing other products he claims to have purchased, including one that was manufactured years before the recall at issue in this case. Specifically, Mr. Zhen has changed his story and suddenly remembers that he purchased "Quaker Big Chewy Bars Chocolate Chip, Quaker Big Chewy Bars Variety Pack, Quaker Chewy Bars Chocolate Chip, Quaker Chewy Bars Chocolate Chunk, and other Quaker granola and chewy bar products." Even if taken as true, this late information does not grant Mr. Zhen standing because he provides no details (bar count, UPC Code, "best by" date, etc.) about which specific products he purchased or when or where he purchased them (other than to say that he purchased them in the United States). Absent such details, neither Class Counsel nor the Court can conclude that Mr. Zhen purchased a Covered Product. Moreover, Mr. Zhen's newfound contention that he has "unopened bags of Quaker Simply Granola Cereal from 2021 "in his "inventory" does not establish that he is a member of the Class. Mr. Zhen tellingly failed to list that product on the electronic claim form he attempted to submit or otherwise mention it until weeks after the objection deadline, despite extensive correspondence with Class Counsel. But even assuming, for sake of argument, that he did purchase Quaker Simply Granola Cereal in 2021 as he now contends, he fails to attest that he did so "for personal, family or household use, and not resale," a prerequisite to qualifying as a Class member. Mr. Zhen's reference to his so-called "inventory" – combined with the unlikelihood that an ordinary consumer would keep an unopened two-pack of cereal for ***four years*** from the date of purchase and well beyond its "best-by" date (typically six to eight months for cereal products) – suggests such an inference is implausible, to say the least.

Second, Mr. Zhen's objection should be rejected because it is untimely. As Mr. Zhen

2

acknowledges, the class notice in this case explicitly informed Class Members that the deadline for objections was June 27, 2025. *See* ECF No. 44, Ex H. Mr. Zhen represented to Class Counsel that he mailed his Second Objection to the Court on or about July 28, 2025, more than a month after the objection deadline. As set forth below, Mr. Zhen and the Class Members were informed of the exact amount of attorneys' fees and expenses[2] that Class Counsel intended to seek in connection with the Settlement, and thus Mr. Zhen and the Class Members had every opportunity to object to the fee request prior to the deadline. Mr. Zhen failed to do so and his objection should be overruled accordingly. *See Melito v. Am. Eagle Outfitters, Inc.,* 2017 U.S. Dist. LEXIS 146343, *41 (S.D.N.Y. Sep. 8, 2017) (holding that an untimely objection was waived); *Willix v. Healthfirst, Inc.,* 2011 U.S. Dist. LEXIS 21102, *10 (E.D.N.Y. Feb. 18, 2011) (overruling untimely objections to class settlement). Notably, as set forth in Class Counsel's opposition to Mr. Zhen's initial objection, Mr. Zhen is a sophisticated professional and repeat objector who is intimately familiar with the procedures for making claims and filing objections to class action settlements. Mr. Zhen is well-aware of the requirements for timely filing objections and establishing standing as a member of the class. Mr. Zhen has no legitimate excuse for failing to do so here.

Third, Mr. Zhen's claim that the preliminary approval order issued by the Court setting the schedule for the settlement process was improper is directly contrary to Second Circuit precedent. Specifically, Mr. Zhen complains that because the Court set the date for submission of Class Counsel's motion for attorneys' fees on July 14, 2025, after the deadline for objections (*See* ECF No. 35, ¶ 15), Class Members did not have an adequate opportunity to object to Class Counsel's request for fees. The Second Circuit, however, has explicitly held that counsel does not need to apply for attorneys' fees related to a class action settlement before the expiration of the objection deadline. Specifically, in *Cassese v. Williams*, 503 Fed. Appx. 55 (2d Cir. 2012), the Court upheld the district court's denial of an objection identical to Mr. Zhen's and held that notice was proper and comported with due process where it informed the class members of the fees and expenses class counsel intended to seek, class counsel sought fees and expenses in that same amount, and class members who had previously objected to the fee award had time prior to the final approval hearing to review class counsel's fee application to clarify their objections. *Id*. at 58.

Here, as in *Cassese*, the Long Form Notice informed Mr. Zhen and the Class Members that Class Counsel intended to apply for a total award of one third of the Settlement Fund ($2,250,000.00) covering both fees and expenses.[3] *See* ECF No. 44, Ex H. Moreover,"[i]n its ensuing fee motion, class counsel requested fees and costs in the precise amounts specified in the settlement notice and divulged additional information regarding counsel's billing rates, hours worked, and tasks performed." *See Cassese*, 503 Fed. Appx. 55, 58. *See also Carlson v. Xerox Corp.,* 355 F. App'x 523, 525 (2d Cir. 2009)) (concluding under similar circumstances that notice of class counsel's fee motion "was reasonably directed to class members as required by Rule 23").[4]

---

[2] Class Counsel's request for one-third of the Settlement Fund includes both attorneys' fees and expenses.

[3] The fact that the exact amount of Class Counsel's expenses was not disclosed in the class notice is irrelevant inasmuch as Class Counsel is not seeking additional reimbursement for expenses. The request for one-third of the Settlement Fund includes both attorneys' fees and expenses.

[4] Class Counsel supplied the Court with all of the requisite information it needed to conduct the lodestar cross check top percentage fee calculation. *See Cassese*, 503 Fed. Appx. 55, 59 (Its statement that the "need for exact records [wa]s not . . . imperative," id. at 38, is consistent with our recognition that "where used as a mere cross check" to a percentage fee calculation,] the "hours documented by counsel need not be exhaustively scrutinized by the district court," citing Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Accordingly, Mr. Zhen and the Class Members were informed about and had an opportunity to object to the Class Counsel's fee application well in advance of the expiration of the objection deadline. Indeed, the scheduling procedure that Mr. Zhen objects to is standard practice and has been approved and followed by a number of courts in this district in cases involving Class Counsel, including before Your Honor. *See e.g*: *Wayne Catalano, et. al. v. Lyons Magnus, LLC and TRU Aseptics, LLC*, Index No. 7:22-cv-06867-KMK (Karas, J.) (ECF No. 36) (permitting filling of final approval motion and fee application on the same day after the objection deadline); *Patora v. Colgate-Palmolive Co*. (S.D.N.Y. 7:23-cv-01118-VB) (ECF No. 26) (Briccetti, J.) (same).[5]

For the reasons set forth in Plaintiffs' final approval and fee motions, the settlement is fair, reasonable and adequate in light of the risks of continued litigation. Class Counsel's request for attorneys' fees equal to one-third of the Settlement Fund is reasonable and justified by the time, expertise, and effort Class Counsel brought to bear in litigating this case and negotiating the Settlement.[6] Mr. Zhen's arguments to the contrary are meritless. Specifically, his contention that the Settlement is inadequate in light of the high sales of the Products at issue ignores the risks of litigating the case and that damages would have been a fraction of the sales price. *See* ECF No. 47 (explaining that the settlement amount represents between approximately 25% and 74% of the total potential damages). Nor does Mr. Zhen's argument that the claims rate is too low have any bearing on Class Counsel's application for fees. *See In re Bear Stearns,* 909 F. Supp. 2d. 259, 267 (S.D.N.Y. Nov. 9, 2012) (It is the "absence of significant exclusion[s] or objection[s] that courts in this Circuit regularly consider, not low response rates.") (internal quotations omitted); *Jermyn v. Best Buy Stores, L.P.,* 2012 U.S. Dist. LEXIS 90289, 2012 WL 2505644, at *6 (S.D.N.Y. June 27, 2012) (observing that "claims made' settlements regularly yield response rates of 10 percent or less"). The Claims Administrator provided a robust notice program that reached an estimated 79.6-85.96% of the Class (*See* ECF No. 44, ¶ 17) and its methodology for filtering out potentially fraudulent claims has been approved by courts in this circuit. *See* ECF No. 57, p. 8. Accordingly, Mr. Zhen's suggestion that there were millions of valid class members who were deprived of an opportunity to make a claim is unfounded and rank speculation. Mr. Zhen is also incorrect that "Class Counsel has provided no analysis as to how much will actually reach the hands of the [claimants]." In fact, Class Counsel made it clear that if its application for fees is granted, and accounting for approximate notice costs, as estimated $4,100,955.00 will be made available to the Class. *See* ECF No. 43, ¶ 6. Again, this is a significant recovery for the Class. Finally, Mr. Zhen's accusation that Class Counsel engaged in harassing or unethical behavior is baseless. By vetting and investigating Mr. Zhen's claims, Class Counsel simply carried out their fiduciary duty to protect the Class and the integrity of the claims process by ensuring that invalid claims are rejected. Nor were the communications between Class Counsel and Mr. Zhen "settlement discussions" protected by FRE 408, because (at least according to Mr. Zhen) the purpose of the discussion was not to negotiate payment in exchange for withdrawing the objection, but rather to clarify and help Class Counsel understand Mr. Zhen's complaints about the claims process and the clerk of court's

---

[5] The fact that Mr. Zhen was well aware of Class Counsel's fee request and chose not to object to the request until now renders his motivations for doing so suspect. Mr. Zhen's initial objection did not object to the fee request. And during his conversations with Class Counsel, Mr. Zhen explicitly represented that he did not take issue with the request for attorneys' fees. Now, after Class Counsel opposed his initial objection, investigated his claims for indications of fraud, asked him to verify his identity (which he continues to refuse to do), and denied an anonymous demand for $100,000 in exchange for withdrawing the objection (*See* ECF No. 57-1, ¶ 23), Mr. Zhen has suddenly decided that Class Counsel's fee request is improper.

[6] Notably, Class Counsel's decision not to request an award of expenses in addition to the standard one-third in attorneys' fees preserved Settlement funds for the Class Members.

failure to docket the objections.

### **Mr. Zhen's Third and Untimely, Objection**

As an initial matter, Mr. Zhen's Third Objection to class certification should be rejected because, as stated above, he does not have standing to object to any aspect of the Settlement, and his objection is untimely.

Even setting aside these threshold deficiencies, Mr. Zhen's Third Objection simply repeats many of the same complaints raised in his prior objections (e.g. the size of the settlement and number of claims in relation to the number of Class Members, the alleged ethical violations of Class Counsel). Class Counsel has already demonstrated that Mr. Zhen's arguments are meritless. The new arguments Mr. Zhen asserts are equally baseless. First, he perplexingly argues that Class Counsel did not submit a motion for class certification and did not define the class. A cursory review of the docket demonstrates this claim is false. The Court's Preliminary Approval Order explicitly granted preliminary certification to the Class and defined the Class as "All natural persons who, between the earliest date of distribution of any Covered Product and the date of Preliminary Approval, purchased in the United States any Covered Product for personal, family or household use, and not for resale, except for any Excluded Persons." ECF No. 34 at ¶ 2. That Order also preliminarily appointed Class Counsel. *Id*. at ¶ 6. As Mr. Zhen is well-aware, Class Counsel has now moved for final approval of the Settlement, including class certification and appointment of Class Counsel. *See* ECF No. 45 (Proposed Order requesting, *inter alia*, certification of the Settlement Class and appointment of Class Counsel).

Nor as Mr. Zhen argues, is the Class impermissibly vague or inadequately defined. The Class Period begins at the first date of the manufacture of each of the Covered Products. ECF No. 12-1, § 1.9. It applies to any of the Covered Products (i.e., the UPCs listed in Exhibit D to the Settlement Agreement, which is available in the "Important Documents" section of the settlement website) up to the preliminary approval date. ECF No. 12-1, § 1.11. Accordingly, Class Members have all the information they need to determine whether their purchase was covered – if they purchased any of the specific UPCs listed on Exhibit D at any time before preliminary approval, they are Class Members. Moreover, even if purchasers do not have the UPC of the product(s) they purchased, they can provide an approximate date of purchase when they submit their claim, which allows the Claims Administrator to determine if they purchased a Covered product during the Class Period.

Mr. Zhen's complaints regarding the Settlement Agreement's non-disparagement clause (ECF No. 12-1, § 10.3) are similarly meritless. First, the non-disparagement clause only applies to Class Counsel and Settlement Class Members. For the reasons set forth herein and in the opposition to Mr. Zhen's initial objection, Mr. Zhen is not a Settlement Class Member. Accordingly, he is not bound by the non-disparagement clause and has no standing to object to it. Second, it is not unusual at all for non-disparagement clauses to be included in settlement agreements because Defendants want to protect their reputation and business interests after setting the lawsuit. As such, the non-disparagement clause helps mitigate this risk by preventing Class Counsel and settlement class members who receive the settlement benefits from publicly airing grievances or making negative comments about the defendant. Here, the non-disparagement

clause in the Settlement Agreement was heavily negotiated by experienced counsel on both sides with the assistance of an experience mediator, Judge Gandhi (Ret.). As a result of those negotiations, the clause is limited in scope and narrowly tailored to the specific subject matter of the litigation and does not include any liquidated damages clause or specific enforcement mechanism, as non-disparagement clauses typically do. Third, any Class Member who does not wish to be bound by the non-disparagement clause can simply exclude themselves from the Class. Class Members' right to opt out was explicit in the Class Notice as well as in the Settlement Agreement itself, both of which were available and accessible to the public on the settlement website in the "Important Documents" section, not buried or hidden as Mr. Zhen suggests. Accordingly, Mr. Zhen's concern that Class Members would unknowingly or unwillingly be bound by the non-disparagement clause (or any aspect of the Settlement Agreement) is unfounded and does not change anything with respect to the Settlement being fair, reasonable, and adequate.

**Mr. Zhen's Reply Regarding His Initial Objection**

As part of his Third Objection, Mr. Zhen also submits a "reply" in support of his initial objection. The majority of the reply repeats arguments Mr. Zhen already made in his initial objection or Second Objection (e.g. that he has standing, that unclaimed funds should escheat to the state, that the debit card terms are not disclosed, that the release language is too broad, that the Court improperly failed to place his objection on the docket, that the claims process is flawed and the Claims Administrator rejected too many claims, and that Class Counsel engaged in unethical conduct). Those arguments are addressed herein and in Class Counsels' opposition to the initial objection, and Class Counsel will not overburden the Court by reiterating the reasons they are meritless. To the extent Mr. Zhen's reply raises new arguments which were not included in his initial objection, those arguments are untimely inasmuch as the deadline to make objections has expired.

Tellingly, Mr. Zhen's reply does not respond to Class Counsels' argument that his objections should be denied because he has refused to verify his identity and his claim submission is rife with indicia of fraud. While certain details regarding the Claims Administrator and Class Counsels' investigation into Mr. Zhen have been sealed[7], Mr. Zhen has been served with opposition to his initial objection and all the exhibits thereto. Moreover, the indicia of fraud related to his claim are set forth in Class Counsels' opposition on the public docket (ECF No. 57). Mr. Zhen has simply chosen not to address any of the information indicating that his objection is highly suspicious and that his claim was correctly rejected. The fact that Mr. Zhen continues to refuse to validate his identity is reason enough to deny his objections.

For the reasons set forth herein, Class Counsel requests that the Court reject each of Mr. Zhen's objections and grant the motions for final approval of the Settlement and for attorneys' fees

---

[7] Docket No. 57-1, the supporting declaration of Jason Sultzer in opposition to Mr. Zhen's objection was temporarily sealed by the ECF Help Desk because it attached an exhibit which contains a partially redacted social security number and date of birth. That exhibit was previously publicly filed in the Northern District of California in another litigation in which Mr. Zhen lodged an objection (*In re Telescopes Antitrust Litig* (N.D. Cal.) (5:20-cv-03639-EJD). Mr. Zhen has moved for a protective order in the *Telescopes* matter seeking to have the documents removed from the public docket.

in full.[8]

We thank the Court for its time and attention to this matter.

**SULTZER & LIPARI, PLLC**

Jason P. Sultzer

CC: Pat Zhen (*pro se* Objector)
By email

---

[8] Class Counsel notes that Mr. Zhen also objects to service awards to the named plaintiffs. Those awards are reasonable for the reasons set forth in Plaintiff's motion (ECF No. 47). To the extent the notice of motion (ECF Doc. 46) misstates that the named plaintiffs are seeking $2,500 *each*, Class Counsel clarifies (as set forth in the motion) that the plaintiffs are only seeking $500 each, $2,500 total.