Pat Zhen
PO Box 366047
San Juan PR 00936
(787) 547-5010
legal@patzhen.com



Objector

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Raymond Kessler, Hartence Hill, Lazaro
Rodriguez, Teresa Herendeen, and Barbara Abreu
individually and on behalf of all
others similarly situated,
Plaintiffs,

v.

The Quaker Oats Company,                    Case No.: 7:24-cv-00526
Defendant.

### EXHIBIT 1 TO THE DECLARATION OF PAT ZHEN

In error, Exhibit 1 to the Declaration of Pat Zhen was omitted from the mailed filing. It is attached hereto. I declare under the penalty for perjury that Exhibit 1 is a Pathward/Blackhawk agreement forced upon Class members in other cases. The Pathward/Blackhawk agreements have slight variations. Class Counsel has not disclosed the agreement in this case.      Dated this 29th day of July, 2025.
Respectfully submitted,

_____
Pat Zhen

1000388

# E-Sign Disclosure

This E-Sign Disclosure and Consent ("Disclosure"), applies to all Communications for any Account offered through card-activate.com that is not otherwise governed by the terms and conditions of an electronic disclosure and consent.

The words **"we,"** **"us,"** and **"our"** refer to Pathward®, National Association, Member FDIC, with whom you have your Account, and the words **"you"** and **"your"** mean you, the individual(s) or entity identified on the Account(s). As used in this Disclosure, **"Account"** means the account you have with us. **"Communication"** means any customer agreements or amendments thereto, disclosures, notices, responses to claims, transaction history, privacy policies and all other information related to the product or service, including but not limited to information that we are required by law to provide to you in writing.

1. **Scope of Communications to Be Provided in Electronic Form.** When you use a product or service to which this Disclosure applies, you agree that we may provide you with any Communications in electronic format, and that we may discontinue sending paper Communications to you, unless and until you withdraw your consent as described below. Your consent to receive electronic communications and transactions includes, but is not limited to:
   - All legal and regulatory disclosures and communications associated with the product or service available through card-activate.com for your Account
   - Notices or disclosures about a change in the terms of your Account or associated payment feature and responses to claims
   - Privacy policies and notices
2. **Method of Providing Communications to You in Electronic Form.** All Communications that we provide to you in electronic form will be provided either (1) by access to a web site that we will designate in an e-mail notice we send to you at the time the information is available, or (2) to the extent permissible by law, by access to a web site that we generally designate in advance for such purpose.
3. **How to Withdraw Consent.** You may withdraw your consent to receive Communications electronically by contacting Customer Service at 833-249-7650 or writing to us at P.O. Box 9018; Coppell, TX 75019. At our option, we may treat your provision of an invalid e-mail address, or the subsequent malfunction of a previously valid e-mail address, as a withdrawal of your consent to receive electronic Communications; however your access and use of card-activate.com may be terminated. Any withdrawal of your consent to receive electronic Communications will be effective only after we have a reasonable period of time to process your withdrawal. If you withdraw your consent and we have your name and address, we will mail paper versions of all Communications to you at no additional cost. If you have withdrawn your consent and wish to receive electronic Communications again in the future, you may do so by contacting Customer Service at 833-249-7650 or writing to us at P.O. Box 9018; Coppell, TX 75019.
4. **How to Update Your Records.** It is your responsibility to provide us with true, accurate and complete e-mail address, contact, and other information related to this Disclosure and your Account(s), and to maintain and update promptly any changes in this information. You can update information (such as your e-mail address) through card-activate.com or by contacting us at 833-249-7650.
5. **Hardware and Software Requirements.** In order to access, view, and retain electronic Communications that we make available to you, you must have:
   - an Internet browser that supports 128 bit encryption;
   - sufficient electronic storage capacity on your computer's hard drive or other data storage unit;
   - an e-mail account with an Internet service provider and e-mail software in order to participate in our electronic Communications programs;
   - a personal computer (for PC's: Pentium 120 MHz or higher; for Macintosh, Power Mac 9500, Power PC 604 processor: 120-MHz Base or higher), operating system and telecommunications connections to the Internet capable of receiving, accessing, displaying, and either printing or storing Communications received from us in electronic form via a plain text-formatted e-mail or by access to our web site using one of the browsers specified above.
6. **Requesting Paper Copies.** We will not send you a paper copy of any communication, unless you request it or we otherwise deem it appropriate to do so. You can obtain a paper copy of an electronic Communication by printing it yourself or by requesting that we mail you a paper copy, provided that such request is made within a reasonable time after we first provided the electronic Communication to you. To request a paper copy, contact Customer Service at 833-249-7650 or write to us at P.O. Box 9018; Coppell, TX 75019. We may charge you a reasonable service charge for the delivery of paper copies (see disclosed Fee Schedule) of any Communication provided to you electronically pursuant to this authorization. We reserve the right, but assume no obligation, to provide a paper (instead of electronic) copy of any Communication that you have authorized us to provide electronically.
7. **Communications in Writing.** All Communications in either electronic or paper format from us to you will be considered "in writing." You should print or download for your records a copy of this Disclosure and any other Communication that is important to you.


8. **Federal Law.** You acknowledge and agree that your consent to electronic Communications is being provided in connection with a transaction affecting interstate commerce that is subject to the federal Electronic Signatures in Global and National Commerce Act, and that you and we both intend that the Act apply to the fullest extent possible to validate our ability to conduct business with you by electronic means.
9. **Termination/Changes.** We reserve the right, in our sole discretion, to discontinue the provision of your electronic Communications, or to terminate or change the terms and conditions on which we provide electronic Communications. We will provide you with notice of any such termination or change as required by law.
10. **Consent.** By purchasing or using a card or Account from this site, you hereby give your affirmative consent to provide electronic Communications to you as described herein. You further agree that your computer satisfies the hardware and software requirements specified above and that you have provided us with a current e-mail address at which we may send electronic Communications to you.

**List of all fees ("Long Form")** for Disbursements Prepaid Mastercard Virtual Card

| All fees | Amount | Details |
|---|---|---|
| **Get Started** | | |
| Account Purchase | $0 | |
| **Spend money** | | |
| POS Transactions With PIN | $0 | Per purchase |
| POS Transactions Without PIN | $0 | Per purchase. POS transactions without PIN include both signature-based transactions and all PIN-less transactions without a signature |
| **Get cash** | | |
| ATM withdrawal fee | N/A | Your account cannot be used at ATMs |
| **Information** | | |
| Customer service (automated or live agent) | $0 | |
| ATM balance inquiry – US/Domestic | N/A | Your account cannot be used at ATMs |
| **Other** | | |
| Inactivity Fee | $5.95 | You will be charged $5.95 each month after you have not completed a transaction using your card for 12 months. |
| Convert to Plastic Fee | $3.00 | Applies if you request that we convert your Virtual Card to a plastic card. This feature is not available for all Accounts |
| Card Replacement Fee | $6.95 | Applies only if you have converted your Virtual Card to a plastic card and later ask for a replacement card. |
| Expedited Delivery Fee | $20.00 | Applies only if you have converted your Virtual Card to a plastic card |

If you register you Card your funds are eligible for deposit insurance up to the applicable limits by the Federal Deposit Insurance Corporation ("FDIC"). Your funds will be held at Pathward,
N.A. or placed by Pathward as custodian at one or more participating FDIC-insured banks (each a "Program Bank"). In the event the FDIC were to be appointed as a receiver for Pathward or a Program Bank, your funds, aggregated with any other funds you have on deposit at such institution, would be eligible to be insured up to $250,000 for each legal category of account ownership, subject to compliance with FDIC deposit insurance requirements. You are responsible for monitoring the total amount of all direct or indirect deposits held by you or for you with Pathward and the Program Banks for purposes of monitoring the amount of your funds eligible for coverage by FDIC insurance. To assist with calculating your FDIC deposit insurance coverage, the FDIC has an Electronic Deposit Insurance Estimator available at https://edie.fdic.gov. For more information, see also https://www.fdic.gov/deposit/deposits/prepaid.html.
No overdraft/credit feature.
Contact Customer Service by calling 833-249-7650, by mail at P.O. Box 9018; Coppell, TX 75019, or visit card-activate.com.
For general information about prepaid accounts, visit cfpb.gov/prepaid. If you have a complaint about a prepaid account, call the Consumer Financial Protection Bureau at 1-855-411-2372 or visit cfpb.gov/complaint.

## Disbursements Prepaid Mastercard Virtual Card Agreement

**CUSTOMER SERVICE CONTACT INFORMATION:**
**Address:** P.O. Box 9018; Coppell, TX 75019
**Website:** card-activate.com
**Phone Number:** 833-249-7650 (toll free in USA); or 339-234-6415 (outside USA)

**IMPORTANT NOTICES:**

(1) PLEASE READ CAREFULLY. THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION ("ARBITRATION CLAUSE" SECTION) REQUIRING ALL CLAIMS TO BE RESOLVED BY WAY OF BINDING ARBITRATION.

(2) ALWAYS KNOW THE EXACT DOLLAR AMOUNT AVAILABLE ON THE VIRTUAL CARD. MERCHANTS MAY NOT HAVE ACCESS TO DETERMINE THE ACCOUNT BALANCE.

(3) BY ACCEPTING OR USING THIS VIRTUAL CARD, YOU AGREE TO BE BOUND BY THE TERMS AND CONDITIONS CONTAINED IN THIS AGREEMENT.

(4) THIS CARD IS BEING PROVIDED AS THE SOLE METHOD TO RECEIVE YOUR FUNDS DISBURSEMENT. CONSULT THE CORPORATE SPONSOR IF YOU HAVE ANY QUESTIONS REGARDING DISBURSEMENT, AS YOU MAY NOT HAVE RECOURSE IF YOU DISPOSE OF OR CHOOSE NOT TO USE THIS CARD.

(5) BY USING THIS VIRTUAL CARD, YOU ARE ALSO AGREEING TO PATHWARD®, NATIONAL ASSOCIATION'S PRIVACY POLICY. PROGRAM MANAGERS MAY HAVE DIFFERENT PRIVACY PRACTICES, SO IT IS IMPORTANT YOU REVIEW THEIR POLICY AS WELL, IF APPLICABLE.

This Cardholder Agreement **("Agreement")** sets forth the terms and conditions under which the Disbursements Prepaid Mastercard Virtual Card **("Virtual Card")** has been issued to you by Pathward, National Association. **"You"** and **"your"** means the person or persons who have received and are authorized to use the Virtual Card as provided for in this Agreement. **"We," "us,"** and **"our"** mean collectively, Pathward, National Association, a federally chartered bank, member FDIC, and its divisions or assignees, and also includes, unless otherwise indicated, our Program Manager. **"Program Manager"** refers to Blackhawk Network, Inc., who performs certain services related to your Virtual Card on Pathward, National Association's behalf. **"Corporate Sponsor"** means the company who has directly or indirectly established this Virtual Card for the purpose of disbursing funds to you. The Virtual Card is nontransferable, and it may be canceled at any time without prior notice subject to applicable law. Please read this Agreement carefully and keep it for future reference. Your full fee schedule, otherwise known as the **"Long Form,"** is attached to and considered part of this Agreement.

### 1. ABOUT YOUR VIRTUAL CARD

Your Virtual Card is a virtual prepaid card, which allows you to access funds loaded to your Virtual Card by the Corporate Sponsor. Your Account consists of an Account number, a "Valid Thru" date, and a security code, just like those on a plastic card. The Virtual Card is a prepaid Card loaded by the Corporate Sponsor, redeemable to buy goods and services at participating merchants, in the United States which can be found at card-activate.com or call the Customer Service Number. You should treat your Virtual Card with the same care as you would treat cash. Your Virtual Card account is intended for personal, family, or household use and not intended for business purposes. Your Virtual Card account does not constitute a checking or savings account and is not connected in any way to any other account you may have. Your Virtual Card is not a gift card, nor is it intended to be used for gifting purposes. Your Virtual Card is not a credit card. You will not receive any interest on the funds in your Virtual Card account. We may close your Virtual Card or refuse to process any transaction that we believe may violate the terms of this Agreement or represents illegal or fraudulent activity. You are responsible for notifying us immediately upon any change to your address, phone number, or email address. If your address changes to a non-US address, we may cancel your Virtual Card and return funds to you in accordance with this Agreement.

Pathward, N.A. will act as custodian of your funds upon its receipt of your funds. Once your Card is activated, you will be able to provide Pathward, as custodian, with instructions about the funds accessible through the Card. Activation of the Card authorizes us to hold your funds at Pathward or as custodian to place your funds at one or more participating FDIC-insured banks (each a **"Program Bank"**). Visit www.pathwardprogrambanks.com to find the most up-to-date list of Program Banks. If you do not agree to your funds being held by us at Pathward or placed by Pathward as custodian at other Program Banks, please immediately transfer or spend *all* the funds on your Card. For more information on FDIC deposit insurance limits and related conditions, please refer to the Long Form section at the beginning of this Agreement.

### 2. ACTIVATING YOUR VIRTUAL CARD

You must activate your Virtual Card prior to use by visiting the Website at card-activate.com.

## 3. BUSINESS DAYS

For purposes of this Agreement, our business days are Monday through Friday, excluding Federal holidays. Customer Service hours may differ.

## 4. USING YOUR VIRTUAL CARD

### a. Accessing Funds

You have arranged to have funds transferred directly to your Virtual Card from the Corporate Sponsor through Automated Clearing House ("ACH") loads. This is the only load method for your Virtual Card. Each time you use your Virtual Card, you authorize us to reduce the value available on your Virtual Card by the amount of the transaction and applicable fees. You may use your Virtual Card to purchase or lease goods or services wherever your Account is honored as long as you do not exceed the value available on your Virtual Card. Card cannot be used at merchants outside of the United States, including internet and mail/telephone order merchants outside of the United States. Generally, your Virtual Card will allow you to purchase goods or services at online, telephone, or mail order merchants wherever Mastercard debit cards are honored in the United States. You are the only authorized user of the Virtual Card. If you permit someone else to use the Virtual Card, we will treat this as if you have authorized such use, and you will be responsible for any transactions made subject to such use.

**You CANNOT use your Virtual Card to:** (i) exchange your Virtual Card for its cash value; (ii) perform any illegal transactions; (iii) use the bank routing number and account number to make a debit transaction with any item processed as a check (these debits will be declined and your payment will not be processed); (iv) make business-related transactions; or (v) used to make foreign transactions. In addition, YOU ARE NOT PERMITTED TO EXCEED THE AVAILABLE AMOUNT IN YOUR VIRTUAL CARD ACCOUNT THROUGH AN INDIVIDUAL TRANSACTION OR A SERIES OF TRANSACTIONS. Nevertheless, if a transaction exceeds the balance of the funds available in your Virtual Card account, you will remain fully liable to us for the amount of the transaction and agree to pay us promptly for the negative balance. If your Virtual Card has a negative balance, any deposits will be used to offset the negative balance. We may also use any deposit or balance on another card or account you have with us to offset a negative balance on this Virtual Card.

**Split Transactions:** If you do not have enough funds available in your Virtual Card account, you may be able to instruct the merchant to charge a part of the purchase to the Virtual Card and pay the remaining amount with another form of payment. These are called "split transactions." Some merchants do not allow accountholders to split transactions or will only allow you to do a split transaction if you pay the remaining amount in cash. Please note that many online merchants do not support split transactions.

### b. Limits

| Load, Withdrawal and Spend Limits* ||
|---|---|
| **Load Limitations** | **Limit** |
| Maximum Virtual Card Balance at any time | $1,000 |
| Total number of times the Corporate Sponsor can reload your Virtual Card | If the word "NON-RELOADALBE" is printed on the e-mail you received with your Virtual Card information, the Corporate Sponsor cannot reload your Virtual Card. Otherwise, there are no limits to the number of times the Corporate Sponsor can reload your Virtual Card, but your balance cannot exceed the Maximum Account Balance |
| Maximum amount of Corporate Sponsor loads | $1,000 |
| **Spend Limitations** | **Limit** |
| Maximum amount in Point of Sale Signature or Point of Sale PIN Transactions | There are no specific dollar limitations for POS transactions; however, we may decline any transaction if we reasonably suspect illegal or unauthorized use of your Virtual Card. |
| *Third parties may impose additional limitations. ||

## 5. CONFIDENTIALITY

We may disclose information to third parties about your Virtual Card account or the transactions you make:
(1) Where it is necessary for completing transactions;
(2) In order to verify the existence and condition of your Virtual Card account for a third party, such as merchant;
(3) In order to comply with government agency or court orders, or other legal reporting requirements;
(4) If you give us your written permission;
(5) To our employees, auditors, affiliates, service providers, or attorneys as needed; or
(6) As otherwise necessary to fulfill our obligations under this Agreement.

## 6. DOCUMENTATION

### a. Receipts
You may be able to get a receipt at the time you make any transfer to or from your account using an ATM or point-of-sale terminals. You may need a receipt in order to verify a transaction with us or the merchant.

### b. Account History and Balance
You may obtain information about your Virtual Card balance by calling Customer Service. This information, along with a 12–month history of account transactions, is also available online at the Website mentioned above.

You also have the right to obtain at least 24 months of written history of account transactions by calling or by writing Customer Service. You will not be charged a fee for this information unless you request it more than once per month.

## 7. TRANSACTIONS AND PREAUTHORIZED TRANSFERS

### a. Right to stop payment and procedure for doing so
You are not permitted to use your Virtual Card to make recurring payments (such as such as recurring bill payments, subscriptions, memberships, rentals, etc.), and we will decline these payments if you attempt to make them.

### b. Our liability for failure to complete transactions
If we do not complete a transaction to or from your Card account on time or in the correct amount according to our Agreement with you, we will be liable for your losses and damages proximately caused by us. However, there are some exceptions. We will not be liable, for instance:
(1) If, through no fault of ours, you do not have enough funds available in your Card account to complete the transaction;
(2) If a merchant refuses to accept your Card;
(3) If an ATM where you are making a cash withdrawal does not have enough cash;
(4) If an electronic terminal where you are making a transaction does not operate properly and you knew about the problem when you initiated the transaction;
(5) If access to your Card has been blocked after you reported your Card or PIN lost or stolen;
(6) If there is a hold or your funds are subject to legal process or other encumbrance restricting their use;
(7) If we have reason to believe the requested transaction is unauthorized;
(8) If circumstances beyond our control (such as fire, flood or computer or communication failure) prevent the completion of the transaction, despite reasonable precautions that we have taken; or
(9) For any other exception stated in our Agreement with you.

### c. Authorization Holds
With certain types of purchases (such as those made at restaurants, hotels, or similar purchases), your Virtual Card may be "preauthorized" for an amount greater than the transaction amount to cover gratuity or incidental expenses. Any preauthorization amount will place a "hold" on your available funds until the merchant sends us the final payment amount of your purchase. Once the final payment amount is received, the preauthorization amount on hold will be removed. During this time, you will not have access to preauthorized amounts. If you authorize a transaction and then fail to make a purchase of that item as planned, the approval may result in a hold for that amount of funds.

## 8. ADDITIONAL TERMS OF THE AGREEMENT

### a. Personal Identification Number ("PIN")
If you wish to make PIN debit purchases, you may obtain a PIN by visiting the Website or calling the Customer Service Number. **Virtual Cards are not accepted at ATMs and cannot be used to obtain cash in any purchase transaction.** You should not write or keep your PIN with your Virtual Card. Never share your PIN with anyone and do not enter your PIN into any terminal that appears to be modified or suspicious. If you believe that there has been unauthorized access to your PIN, you should contact Customer Service immediately.

### b. Returns and Refunds
If you are entitled to a refund for any reason for goods or services obtained with your Virtual Card the return and refund will be handled by the merchant. If the merchant credits your Virtual Card, the credit may not be immediately available. While merchant refunds post as soon as they are received, please note that we have no control over when a merchant sends a credit transaction and the refund may not be available for a number of days after the date the refund transaction occurs. We are not responsible for the quality, safety, legality, or any other aspect of any goods or services you purchase with your Virtual Card.

### c. Virtual Card Replacement and Expiration
If you need to replace your Virtual Card for any reason, please contact Customer Service to request a new Virtual Card, but note that we will charge a Card Replacement Fee. See Long Form for applicable fees. Please note that your Virtual Card has a "Valid Thru" date. You may not use the Virtual Card after the "Valid Thru" date. However, even if the "Valid Thru" date has passed, the available funds on your Virtual Card do not expire. You will not be charged a fee for replacement cards that we send due to expiration of the Card.

### d. Converting Your Account to a Plastic Card
You may be able to convert your Virtual Card into a plastic card. This feature is not available for all accounts. To find out

if a plastic card is available and to request a plastic card, visit the website or call Customer Service. A fee applies for converting your Virtual Card into a plastic card as shown in the Long Form.

**e. Authorized Users**
If you allow another person to use the Virtual Card, you will be responsible under this Agreement for all transactions made by that person, regardless of whether you intended to be responsible for all of them, as well as all associated fees and charges, even if any of those transactions, fees or charges caused your balance to go negative.

**f. Communications**
You agree that we may monitor and record any calls or other communications between us and you. You also agree that we or our service providers may contact you with any contact information you provide to us, including cellular and wireless phone numbers, landline numbers, and email addresses. You also agree that we or our service providers may contact you by using an automated dialing or email system, by text, or artificial or recorded voice. You agree to pay any service charges assessed by your plan provider for communications we send or make to you or that you send or make to us.

## 9. UNAUTHORIZED TRANSACTIONS
**a. Your Liability for Unauthorized Transactions**
If you believe your plastic card (if you requested a plastic card) has been lost or stolen or, your Virtual Card has been compromised, or an unauthorized transaction has been made using the information from your plastic card or Virtual Card without your permission, contact Customer Service IMMEDIATELY. We will ask for the plastic card or Virtual Card number and other identifying details. **We may not be able to assist you if you do not have the Virtual Card or plastic card number, as applicable.** We may not be able to assist you if you do not contact us within 60 days of the unauthorized transaction. If a plastic card was requested and subsequently lost, we will charge a fee as noted in the fee table above (subject to applicable law) for any lost/stolen Card, which will be deducted from the balance on the plastic card, or Virtual Card, as applicable. A reissued plastic card may take up to 30 days to process.

**b. Your registered Virtual Card may have some additional protections against unauthorized use:**
Under Mastercard's Zero Liability Policy, if your card is registered at the time of the unauthorized transactions, your liability for unauthorized transactions on your Mastercard-branded Virtual Card is $0.00 if you notify us promptly upon becoming aware of the loss or theft, and you exercised reasonable care in safeguarding your Account from loss, theft, or unauthorized use. This policy limiting your liability does not apply to debit transactions not processed by Mastercard, certain commercial transactions, or unregistered cards.

## 10. LEGAL NOTICES
**a. English Language Controls**
Translations of this Agreement that may have been provided are for your convenience only and may not accurately reflect the original English meaning. The meanings of terms, conditions, and representations herein are subject to definitions and interpretations in the English language.

**b. Account Closure**
You may close your Virtual Card at any time by contacting Customer Service. Your request for Virtual Card closure will not affect any of our rights or your obligations arising under this Agreement prior to the request. Should your Virtual Card account be closed, we will issue you a credit for any unpaid balances, subject to fees as disclosed in the Long Form. We reserve the right to close your Virtual Card account should you complete or attempt to complete any of the prohibited actions in this Agreement.

**c. Assignability**
You may not assign or transfer your Virtual Card or your obligations under this Agreement. We may, however, transfer or assign our rights under this Agreement, including any balances in your Virtual Card account. If we assign our rights, you will get a notification from us.

**d. Legal Process**
We will comply with any state or federal legal process, including, without limitation, any writ of attachment, adverse claim, execution, garnishment, tax levy, restraining order, subpoena or warrant we believe to be legally valid relating to you or your Card. You agree that we will honor valid legal process that is served personally, by mail, or by facsimile transmission upon us. You agree that we will have no liability to you for honoring any such legal process. You also agree that you be obligated to assert any claims of exemption you may have under state or federal law and that we will have no obligation to assert the same on your behalf except to the extent required under federal law. We will enforce our right of setoff and security interest against any of your Card accounts in order to reimburse us for any sums owed to us. We may refuse to permit withdrawals or transfers from your account until such legal process is satisfied or dismissed, even if such action results in insufficient funds to satisfy an obligation you may have incurred. You agree to release and indemnify, defend and hold us harmless from all actions, claims, liabilities, losses, costs and damages including, without limitation, attorneys' fees, associated with our compliance with any legal process. When we receive an order instructing us to restrict access to funds in a Card account, we may remove the funds from the account and maintain

them separately.

**e. Other Terms**
You will be notified of any change to this Agreement in the manner required by applicable law prior to the effective date of the change. However, if the change is made for security purposes, we can implement such change without prior notice. We do not waive our rights by delaying or failing to exercise them at any time (for example, assessing a fee less than described, or not all, for any reason does not waive our right to begin charging the fee as set forth in this Agreement without notice). If any provision of this Agreement is determined to be invalid or unenforceable under any rule, law, or regulation of any governmental agency, local, state, or federal, the validity or enforceability of any other provision of this Agreement will not be affected. This Agreement will be governed by the law of the state of South Dakota (without regard to the laws regarding conflicts of laws) except to the extent governed by federal law. With the exception of disputes subject to the Arbitration Clause below, any disputes relating to this Agreement shall be subject to the exclusive jurisdiction and venue of the federal and state courts located in the state of South Dakota. You acknowledge and agree that we shall have a right of setoff to apply the funds in your Card Account to any debt that you owe to us.  You further grant us a security interest in all of your funds in our possession as collateral for any sums that you owe us under this Agreement. Should your Virtual Card have a remaining balance after a certain period of inactivity, we may be required to remit the remaining funds to the appropriate state agency.

## 11. PRIVACY
We may provide information to our employees, auditors, affiliates, service providers, or attorneys as needed, or to any third party if you give us your written permission. We may also collect: (1) Information about purchases made with the Card, such as date of purchase, amount and place of purchase; (2) Information you provide to us when you register a Card, or for replacement Cards, or when you contact us with customer service issues, such as name, address, phone number.

We may also disclose information about the Card or the transactions you make to third parties in order to: (1) complete transactions; (2) verify the existence and condition of the Card for a third party, such as merchant; (3) provide customer services; (4) process claims for lost or stolen Cards; (5) help protect against fraud and to conduct research and analysis; or (6) comply with government agency or court orders, or other legal reporting requirements.

## 12. JURY TRIAL WAIVER
**YOU AND WE ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT MAY BE WAIVED IN CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND WE KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS AGREEMENT. THIS JURY TRIAL WAIVER WILL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION THE ARBITRATION CLAUSE SET FORTH IN THE FOLLOWING SECTION, WHICH CONTAINS ITS OWN JURY TRIAL WAIVER.**

## 13. ARBITRATION CLAUSE
We have put this Arbitration Clause in question and answer form to make it easier to follow. However, this Arbitration Clause is part of this Agreement and is legally binding. For purposes of this section, our **"Notice Address"** is: Pathward, N.A., Attn: Customer Service, 5501 S Broadband Ln, Sioux Falls, SD 57108.

| Background and Scope. | | |
|---|---|---|
| **Question** | **Short Answer** | **Further Detail** |
| What is arbitration? | An alternative to court | In arbitration, a neutral third-party arbitrator ("Arbitrator") solves Disputes in an informal hearing on an individual basis. |
| Is it different from court and jury trials? | Yes | The hearing is private. There is no jury. It is usually less formal, faster and less expensive than a lawsuit. Pre-hearing fact finding is limited. Appeals are limited. Courts rarely overturn arbitration awards. |
| Can you opt-out of this Arbitration Clause? | Yes, within 60 days | If you do not want this Arbitration Clause to apply, you must send us a signed notice within 60 calendar days after you establish the Virtual Card. You must send the notice in writing (and not electronically) to our Notice Address. Provide your name, address and Virtual Card number. State that you "opt out" of the Arbitration Clause. Opting out will not affect the other provisions of this Agreement. |
| What is this Arbitration Clause about? | The parties' agreement to arbitrate Disputes | Unless prohibited by applicable law and unless you opt out, you and we agree that you or we may elect to arbitrate individually or require individual arbitration of any "Dispute" as defined below. |
| Who does the Arbitration Clause cover? | You, us and certain "Related Parties" | This Arbitration Clause governs you and us. It also covers certain "Related Parties": (1) our parents, subsidiaries, affiliates, and their successors and permitted assigns; (2) our employees, directors, officers, shareholders, members and representatives; and (3) any person or company that is involved in a Dispute you pursue at the same time you pursue a related Dispute with us. |
| What Disputes does the Arbitration Clause cover? | All Disputes (except certain Disputes about this Arbitration Clause) | This Arbitration Clause governs all "Disputes" that would usually be decided in court and are between us (or any Related Party) and you. In this Arbitration Clause, the word "Disputes" has the broadest reasonable meaning. It includes all claims even indirectly related to your Virtual Card or this Agreement or the relationships between you and us and/or "Related Parties" resulting therefrom, including but not limited to, initial claims, counterclaims, crossclaims, third-party claims, and claims based on any constitution, statute, regulation, ordinance, common law rule (including rules relating to contracts, torts, negligence, fraud or other intentional wrongs) and equity. It includes claims that seek relief of any type, including damages, and/or injunctive, declaratory, or other equitable relief. It includes claims related to the validity in general of this Agreement. **However, it does not include disputes about the validity, coverage or scope of this Arbitration Clause or any part of this Arbitration Clause. (This includes a Dispute about the rule against class arbitration.) All such disputes are for a court and not an Arbitrator to decide.** |
| Who handles the arbitration? | Usually AAA or JAMS | Arbitrations are conducted under this Arbitration Clause and the rules of the arbitration administrator in effect when the arbitration is started. The arbitration administrator will be either:<br>• The American Arbitration Association ("AAA"), 120 Broadway, 21th Floor, New York, NY 10271, www.adr.org.<br>• JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com<br>• Any other company picked by agreement of the parties.<br>If all the above options are unavailable, a court will pick the administrator. No arbitration may be administered without our consent by any administrator that would permit a class arbitration under this Arbitration Clause. The Arbitrator will be selected under the administrator's rules. However, the Arbitrator must be a lawyer with at least ten years of experience or a retired judge unless you and we otherwise agree. |
| Can Disputes be litigated? | Sometimes | Either party may bring a lawsuit if the other party does not demand arbitration. Also, any individual claim(s) by you or us in which the amount in controversy (exclusive of attorneys' fees and costs if applicable law so provides) is properly within the jurisdiction of a small-claims court may be removed to small-claims court at the election of the opposing party by providing notice within 21 days of receiving the arbitration demand from the other party; however, if that action is transferred, removed or appealed to a different court, a party may elect arbitration.<br>Even if all parties have opted to litigate a Dispute in court, you or we may elect arbitration with respect to any Dispute made by a new party or any Dispute later asserted by a party in that lawsuit or in any related or unrelated lawsuit (including a Dispute initially asserted on an individual basis but modified to be asserted on a class, representative, or multi-party basis). Nothing in that litigation shall constitute a waiver of any rights under this Arbitration Clause. |
| Are you and we giving up any rights? | Yes | For Disputes that are arbitrated under this Arbitration Clause, you and we give up our rights to:<br>1. Have juries decide Disputes.<br>2. Have courts, other than small-claims courts, decide Disputes.<br>3. Serve as a private attorney general or in a representative capacity in court or in arbitration.<br>4. Join a Dispute that you, we, or Related Parties have with a dispute that others have.<br>5. Bring or be a class member in a class action in court or in a class arbitration.<br>The Arbitrator shall have no authority to conduct any arbitration inconsistent with this section or to issue any relief that applies to any person or entity except you or us or Related Parties individually. |
| Can you or another consumer start a class arbitration? | No | **The Arbitrator is not allowed to handle any Dispute on a class or representative basis.** All Disputes subject to this Arbitration Clause must be decided in an **individual** arbitration or an **individual** small-claims action. You may not pursue any type of collective action or class action against us in arbitration. |
| What law applies? | The Federal Arbitration Act ("FAA") | This Agreement and the Virtual Card involve interstate commerce. Thus, the FAA governs this Arbitration Clause. The Arbitrator must apply substantive law consistent with the FAA. The Arbitrator must honor statutes of limitation and privilege rights. The Arbitrator is authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. In the event of any conflict or inconsistency between this Arbitration Clause and the administrator's rules or the Agreement, this Arbitration Clause will govern. |
| Will anything I do make this Arbitration Clause ineffective? | No | This Arbitration Clause stays in force even if: (1) you or we end this Agreement; or (2) we transfer or assign our rights under this Agreement , or (3) a party files for bankruptcy (if bankruptcy law permits). |

| Process. | | |
|---|---|---|
| What must a party do before starting a lawsuit or arbitration? | Send a written Dispute notice and work to resolve the Dispute | Before starting a lawsuit or arbitration, the complaining party must give the other party written notice of the Dispute. The notice must explain in reasonable detail the nature of the Dispute and any supporting facts. If you are the complaining party, you must send the notice in writing (and not electronically) to our Notice Address. You or an attorney you have personally hired must sign the notice and must provide the Virtual Card number and a phone number where you (or your attorney) can be reached. A letter from us to you will serve as our written notice of a Dispute. Once a Dispute notice is sent, the complaining party must give the other party a reasonable opportunity over the next 30 days to resolve the Dispute on an individual basis. |
| How does an arbitration start? | Mailing a notice | If the parties do not reach an agreement to resolve the Dispute within 30 days after notice of the Dispute is received, the complaining party may commence a lawsuit or an arbitration, subject to the terms of this Arbitration Clause. To start an arbitration, the complaining party picks the administrator and follows the administrator's rules. If one party begins or threatens a lawsuit, the other party can demand arbitration. This demand can be made in court papers, such as a motion to compel arbitration. Once an arbitration demand is made, no lawsuit can be brought and any existing lawsuit must stop unless a court rules otherwise. |
| Will any hearing be held nearby? | Yes | The Arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve a Dispute based on written filings and/or a conference call. However, any in-person arbitration hearing must be held at a place reasonably convenient to you. |
| What about appeals? | Very limited | Appeal rights under the FAA are very limited. The Arbitrator's award will be final and binding. Any appropriate court may enter judgment upon the Arbitrator's award. |

| Arbitration Fees and Awards. | | |
|---|---|---|
| Who bears arbitration fees? | Usually, we do. | We will pay all filing, administrative, hearing and Arbitrator fees if you act in good faith, cannot get a waiver of such fees and ask us to pay. We will always pay amounts required under applicable law or the administrator's rules. |
| When will we cover your legal fees and costs? | If you win | If you win an arbitration, we will pay the reasonable fees and costs for your attorneys, experts and witnesses. We will also pay these amounts if required under applicable law or the administrator's rules or if payment is required to enforce this Arbitration Clause. The Arbitrator shall not limit his or her award of these amounts because your Dispute is for a small amount. |
| Will you ever owe us for arbitration or attorneys' fees? | Only for bad faith | The Arbitrator can require you to pay our fees if (and only if): (1) the Arbitrator finds that you have acted in bad faith (as measured by the standards set forth in Federal Rule of Civil Procedure 11(b)); and (2) this power does not make this Arbitration Clause invalid. |
| Can an award be explained? | Yes | A party may request details from the Arbitrator, within 14 days of the ruling. The Arbitrator will determine whether to grant such request. |
| What happens if a part of this Arbitration Clause cannot be enforced? | It depends | If any portion of this Arbitration Clause cannot be enforced, the rest of the Arbitration Clause will continue to apply, except in two instances. First, if a court rules that the Arbitrator can decide a Dispute on a class basis and that ruling is not reversed on appeal, then this entire Arbitration Clause (except for this sentence) will be void. Second, if a claim is brought seeking public injunctive relief and a court determines that the restrictions in this Arbitration Clause prohibiting the Arbitrator from awarding relief on behalf of third parties are unenforceable with respect to such claim (and that determination becomes final after all appeals have been exhausted), then the claim for public injunctive relief will be determined in court and any individual claims seeking monetary relief will be arbitrated. In such a case, the parties will request that the court stay the claim for public injunctive relief until the arbitration award pertaining to individual relief has been entered in court. In no event will a claim for public injunctive relief be arbitrated. |

Prepaid Virtual Card is issued by Pathward, National Association, Member FDIC, pursuant to license by Mastercard International Incorporated.
© 2022 - 2023 Pathward, National Association