UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**Raymond Kessler, Hartence Hill, Lazaro Rodriguez, Teresa Herendeen, and Barbara Abreu individually and on behalf of all others similarly situated,**

                 **Plaintiffs,**

v.                                                                                  Case No.: 7:24-cv-00526

**The Quaker Oats Company,**

                 **Defendant.**

------------------------------------------------------------x

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COST, AND SERVICE AWARDS**

Kenneth M. Karas, United States District Judge:

Raymond Kessler, Hartence Hill, Lazaro Rodriguez, Teresa Herendeen, and Barbara Abreu (collectively "Plaintiffs"), filed their Motion for Attorneys' Fees, Litigation Costs, and Service Awards on June 13, 2025 (the "Motion"). Having considered the Settlement Agreement (the "**Settlement Agreement**") (ECF No. 13-1); the Motion, memorandum of law, supporting declarations and exhibits; the lack of any opposition or meritorious objections to the Motion; all arguments presented at any hearing of this matter; all relevant papers on file herein; and finding good cause appearing hereby ORDERS:

      1.      This Court has subject-matter jurisdiction over this Litigation pursuant to 28 U.S.C. §§ 1332 and 1367 and personal jurisdiction over the Parties.

2.  Unless otherwise defined herein, the Court adopts the terms and definitions set forth in the Settlement Agreement.

3.  Counsel for the Settlement Class[1] ("Class Counsel") provided adequate Notice of the Fee and Expense Application to the potential class members in a reasonable manner, and such Notice complies with Federal Rules of Civil Procedure 23(h)(1) and due process. The Notice provided to all potential class members stated that Class Counsel could seek attorneys' fees and costs up to 1/3 of the Settlement Fund, and further directed Settlement Class Members to a website on which the full Motion was accessible one day following filing. Settlement Class Members were given the opportunity to object to the Motion in compliance with Rule 23(h)(2), however no objections to the fee and expense provision of the Settlement Agreement or Motion were made.

4.  I hereby award $2,250,000.00 in attorneys' fees and costs to Class Counsel. As of June 2025 Class Counsel, collectively, have devoted approximately 1,485.49 hours, with a lodestar of $1,535,306.41 to achieve the Settlement in this Litigation. Having reviewed Class Counsel's Motion, the Court finds the requested amount of attorneys' fees to be fair, reasonable, and appropriate pursuant to *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and applicable case law. The Court analyzed each *Goldberger* factor in detail at the August 4, 2025 Final Approval Hearing, and incorporates those findings by reference.

5.  The Court also finds that Class Counsel have incurred $ 72,003.41 in litigation costs. All of these costs were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the complex nature and scope of this case. The Court finds that Class

---

[1] The Court a conditionally designated Sultzer & Lipari, PLLC., Levin Sedrin & Berman LLP, Poulin, Willey, Anastopoulo, LLC, Leeds Brown Law, P.C., Reese LLP, Milberg Coleman Bryson Phillips Grossman, PLLC, Bursor & Fisher, P.A., and Goldenberg Schneider, LP.A. as Class Counsel. *See* ECF Doc. 34.

Counsel are entitled to reimbursement for these costs and incorporates by reference the findings made at the August 4, 2025 Final Approval Hearing.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. The Settlement Agreement created a Settlement Fund of $6.75 million in cash for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreement;

   b. Settlement Class Members who submitted timely and valid claim forms benefited from the Settlement Agreement because of the efforts of the Class Counsel and the Class Representative Plaintiff;

   c. The fee sought by Class Counsel is fair and reasonable;

   d. Class Counsel have prosecuted the litigation with skill, perseverance, and diligence, as reflected by the Settlement Fund achieved and the positive reception of the Settlement Agreement by the Settlement Class;

   e. This Litigation involved complex factual and legal issues that were extensively researched and developed by Class Counsel;

   f. Had the Settlement Agreement not been achieved, a significant risk existed that Plaintiffs and the Class Members may have recovered significantly less or nothing from Defendants;

   g. Public policy considerations support the requested fees; and

   h. The amount of attorneys' fees awarded and expenses reimbursed is appropriate to the specific circumstances of this Litigation.

7.      Class Counsel shall allocate the awarded attorneys' fees and expenses among Counsel in a manner in which, in their judgment, reflects the contributions of such counsel to the prosecution and settlement of this Litigation.

8.      The Court further approves an incentive award of $500 for each of the Settlement Class Representatives for their active participation in this Litigation. This incentive award is justified by: (1) the risks Class Representative Plaintiff faced in bringing this lawsuit, financial and otherwise; (2) the amount of time and effort spent on this Litigation by the Class Representative Plaintiff; and (3) the benefits the Class Representative Plaintiffs helped obtain for the Settlement Class Members under the Settlement Agreement. The Court incorporates by reference the findings made at the August 4, 2025 Final Approval Hearing.

9.      The Attorneys' Fee, Cost, and Service Award set forth in this Order shall be paid and distributed in accordance with the terms of the Settlement Agreement.

IT IS SO ORDERED.

Dated: August 7, 2025

_____
HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COST, AND SERVICE AWARD