Pat Zhen
PO Box 366047
San Juan PR  00936
(787) 547-5010
legal@patzhen.com

**MEMO ENDORSED**

Objector

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Raymond Kessler, Hartence Hill, Lazaro Rodriguez, Teresa Herendeen, and Barbara Abreu individually and on behalf of all others similarly situated,
Plaintiffs,

v.

The Quaker Oats Company,
Defendant.

The Parties are directed to respond to this Motion by 8/29/2025.  SO ORDERED.

*[signature]*

8/21/2025

Case No.: 7:24-cv-00526

**RENEWED MOTION TO UNSEAL, AND TO DIRECT CLASS COUNSEL TO EMAIL ENTRY 57-1; OBJECTION TO THE FILING UNDER SEAL OF ENTRY 57-1;AND TO PROVIDE AN EXTENDED REPLY TIME TO 57-1**

Objector Pat Zhen (hereinafter "Objector") files this, his renewed objection to the filing of Entry 57-1 under seal and his motion to unseal said document and to unseal the various *pro se* filings submitted by Objector:

1. This Court, pursuant to its supervisory powers over its own documents and filings, maintains jurisdiction to issue the

appropriate relief relating to sealed documents even after judgment. See *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004). Regardless, the original motion to unseal was filed prior to judgment and is simply floating somewhere in this Court's shadow docket and this motion should be considered *nunc pro tunc*.

2. The original motion to unseal and objections to sealing were originally received by the Clerk of Court on July 29, 2025, at Fedex Tracking Number 8830 9351 2540. Exhibit 1 shows the delivery to the Clerk. Exhibit 2 is the original motion.[1] To date, the original motion has not been docketed.[2] To preserve the integrity of the proceeding, and so the objection to the sealing is on the docket, Zhen renews the motion.

---

[1] This motion removes the part asking for Zhen's documents to be placed onto the public docket as said documents were placed there on August 5, 2025 (except the document relating to the sealing).

[2] Zhen recognizes that the objections and documents he filed from June 27, 2025, to the present, have finally been docketed on August 5, 2025. However, the document pertaining to the sealed papers at 57-1 does not appear to have been filed. Zhen notes that there is a constitutional consequence to the deviation of normal procedure where, in contravention of the clear directives of the Federal Rules of Civil Procedures, papers are not immediately placed on the public docket preventing the public from viewing them.

3. Class Counsel emailed the undersigned a copy of their letter to the Court asking to respond to the objections. *See* Entry 37. Based on this, Class Counsel obviously knew how to serve Zhen.

4. However, Class Counsel neither emailed their response nor the document at 57-1 that includes a barrage of allegations attacking Objector in violation of F.R.E. 404(a) and (b).[3] (Class Counsel also did not serve ECF 57, but Objector acquired it from RECAP www.courtlistener.com).

5. Knowing that Zhen served Class Counsel by email and mailed the objection to sealing (Exhibit 2) to this Court, at the hearing on August 4, 2025, Class Counsel asked this Court to permanently seal six pages from the filing and remained mute as to the objections.[4]

---

[3] In an email, Class Counsel claimed that they mailed the documents. There exists no certificate of service. To date, the documents were not received. However, the documents never should have been sealed. Class Counsel should comply with Rule 5.2 relating to redactions.

[4] The dialogue was:

MR. SULTZER: One is I have a document. It's Exhibit 5 from Document 57-1, pages 61 and 65. It's temporarily under seal pursuant to ECF Rule 27.1. I wanted to see if we could do a motion orally under Rule 5.2 of Federal Rules of Civil Procedure to put that under permanent seal because it does have addresses and social security numbers that aren't completely redacted for the objector. So I don't know if you want to – (Cross-talk)
THE COURT: So would you redact that information or just seal the whole document?
MR. SULTZER: I think all we would need to do is seal the six pages. It's a LexisNexis report that contained I think -- it already has redacted social

6. When the Court asked if there were objections, Class Counsel continued to remain silent despite knowing Zhen's position and that the Clerk was refusing to place his documents on the docket.

7. The largest problem is that Class Counsel filed Exhibit 57-1 without separating the so-called "sealed" portion, so the entire paper remains under seal and not accessible.

8. At the hearing, Class Counsel only asked for pages 61 to 65 to be under seal, but at no time have the other pages within the document been separated. They remain unavailable to the public and have never been served on Zhen. It is not for this Court to sever the document, but is the obligation of Class Counsel to file the non-sealed portion.

9. Class Counsel had no authority to file documents "under seal" temporarily when it did not accompany a motion to seal justifying the sealing.

---

security numbers, but it's not the first five; it's the last four. And then there is addresses in there as well, so I want to make sure we are in compliance with Rule 5.2.
THE COURT: All right. Anybody have any objection to that motion? All right. That's granted. I suppose that could count on your win/loss record.
MR. SULTZER: Right. Yeah…

10. Worse, Class Counsel admits the pages, other than 61 through 65, should not be sealed in any manner yet they remain unconstitutionally inaccessible.

11. As far as the pages that are sealed, to wit, pages 61 through 65, Class Counsel had no business filing the first five digits of the Social Security Numbers without redaction regardless of an intent to request sealing. The fact that they are sealed makes no difference considering that the ECF system is vulnerable to hackers. *See* [https://www.politico.com/news/2025/08/06/federal-court-filing-system-pacer-hack-00496916](https://www.politico.com/news/2025/08/06/federal-court-filing-system-pacer-hack-00496916) (ECF system, including sealed documents, accessed by hackers).

12. This Court was not to apply a "no objection" test as to sealing, but rather to apply the Second Circuit's test.

13. In *Brown v. Maxwell*, 929 F.3d 41 (2d. Cir. 2019), the United States Court of Appeals for the Second Circuit set forth the requirements for sealing a document and the standards for unsealing it when requested.

14. The sealing of the entirety of ECF 57-1, particularly the affidavits therein, prevented the objector from responding to the allegations therein. This violates his due process right.

Zhen should have been able to review this document prior to having to reply to Class Counsel's response.

15. When sealing a document, the court must first perform a three-step analysis. First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–20 (2d Cir. 2006) (discussing same three-step analysis).

16. As the Second Circuit recognized, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch,* 435 F.3d at 119. The presumption of public access is based on the need for independent federal courts "to have a measure of accountability and for the public to have confidence in the administration of justice." *Id. (quoting United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). Thus, "professional and public monitoring" of the courts "is an

essential feature of democratic control" of the third branch of government, which necessarily requires public "access to testimony and documents that are used in the performance of Article III functions." *Id. (quoting Amodeo*, 71 F.3d at 1048).

17. In *Lugosch*, the Second Circuit recognized that materials submitted for consideration in an as-yet-undecided summary judgment motion constitute judicial documents "as a matter of law" because the motion sought to have the court "adjudicate[] substantive rights." 435 F.3d at 121–22. In this case we have a battery of materials that Class Counsel seeks to have this Court read and cite to attack Zhen.

18. The fact that the objections were pending at the time was not a relevant factor. The Second Circuit specifically rejected an argument that it would be "premature" to determine the judicial nature of a document before a court "knows the disposition of the underlying motion." *Id.* at 121.

19. In addition to the allowance of Class Counsel to file 57-2 under seal and without public access when they did not even file a motion, the Clerk's continued refusal to file Zhen's correspondence, objections, and motions on the public docket also violates due process and the First Amendment for the

reasons contained in Zhen's Second Objections and in this motion above.[5]

20. Finally, Zhen notes the prejudice that occurred from the sealing in that he could not fully respond to the filing prior to this Court's final judgment.

WHEREFORE, Objector Pat Zhen respectfully demands that this Court unseal the document at 57-1, albeit with the redactions required by Federal Rule of Civil Procedure 5.2.

## Declaration

I, Pat Zhen, declare and state under the penalty for perjury that the foregoing is true and correct to the best of my knowledge as is the text below: 28 USC 1746.

I am a class member. ECF 57-1 remains fully sealed, not just the six pages cited by Class Counsel at the hearing. Class Counsel never separated the document.

I filed the document attached at Exhibit 2 by sending to the Clerk using Federal Express. The document arrived as shown by Exhibit 1. The Clerk did not file it. The *pro se* Office claims they mail all documents to chambers and will not file them.

---

[5] As explained, this Court caused most of Zhen's documents to be filed, albeit some over a month after receipt; however, the motion to unseal and objections to sealing remain hidden on the shadow docket, somewhere, perhaps in a box at the Clerk's *pro se* office.

I served Class Counsel with the motion objecting to sealing on the same date I mailed it to the Court. On July 28, 2025, Class Counsel acknowledged it and wrote, "Pat, 57-1 was temporarily sealed in an effort to protect your information. It includes the same Lexis report that you moved to seal in the 9th circuit." However, it is not just the report. It is all of the affidavits cited and the report is only 6 pages of what Class Counsel describes as over 65 pages.

I am a class member in this case. Claimants without receipts were limited to two products. I listed Quaker Chewy Yogurt Variety Pack and Quaker Assorted Chewy 48 pack on the electronic claim form. These products were listed as included in the case. However, in addition to this, I purchased Quaker Big Chewy Bars Chocolate Chip, Quaker Big Chewy Bars Variety Pack, Quaker Chewy Bars Chocolate Chip, Quaker Chewy Bars Chocolate Chunk, and other Quaker granola and chewy bar products while in the United States.

In fact, I reviewed my inventory and I have full, unopened bags of the following Quaker Granola Cereal from 2021 that was subject to recall and is part of the settlement. At the Court, Defendant's, or Class Counsel's request, it can be sent for inspection. I bought this within the United States during the class period, a period that was never defined except to say it began during product inception:





Respectfully submitted,

_____

Pat Zhen