# Sultzer & Lipari

August 29, 2025

**VIA ECF**
Judge Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Kessler v. The Quaker Oats Co.*
Index No: 24-cv-526-KMK

Your Honor:

We represent Plaintiffs and the class in the above captioned matter. Pursuant to the Court's Order (ECF No. 70), we write in response to objector Pat Zhen's motion (ECF No. 69) to unseal ECF No. 57-1. As set forth below, neither Class Counsel nor Defendant opposes Mr. Zhen's request to publicly file a redacted version of 57-1. Class Counsel, however, takes the opportunity to respond to several additional issues raised by Mr. Zhen in his motion.

As the Court is aware, Docket No. 57-1 is the supporting declaration of Jason Sultzer in opposition to Mr. Zhen's objection to the Class Action Settlement in this matter. 57-1 also includes the exhibits to the Sultzer Declaration, which set forth, *inter alia*, the indicia of fraud related to Mr. Zhen's objection. 57-1 was temporarily sealed by the ECF Help Desk because it attached an exhibit which contains a partially redacted social security number and date of birth. That exhibit was previously publicly filed in the Northern District of California in another litigation in which Mr. Zhen lodged an objection (*In re Telescopes Antitrust Litig* (N.D. Cal.) (5:20-cv-03639-EJD). Mr. Zhen moved for a protective order in the *Telescopes* matter seeking to have the documents removed from the public docket.

On August 4, 2025, the Court held a fairness hearing during which it granted Class Counsels' motion for final approval and attorneys' fees and overruled Mr. Zhen's objections in their entirety. At the hearing, the Court also permanently sealed the portion of 57-1 that contained Mr. Zhen's private information. Mr. Zhen now asks that the Court unseal 57-1 (albeit with a fully redacted social security number and date of birth) so that it is part of the public record.

Again, Class Counsel has no objection to unsealing 57-1 and replacing the document with a version that fully redacts Mr. Zhen's social security number and date of birth. Class Counsel has also consulted with counsel for the Defendant, who similarly does not oppose Mr. Zhen's request. To the extent, however, Mr. Zhen's motion challenges Class Counsels' method of service or the propriety of the Court's order permanently sealing the document, those arguments are meritless. At the hearing, the Court asked for any objections to sealing the document. Despite being given the opportunity to attend, however, Mr. Zhen was not present at the fairness hearing and did not object to sealing 57-1. In light of the lack of any opposition from Mr. Zhen or anyone else, the

Court's decision to permanently seal a portion of 57-1 was proper. Moreover, as evidenced by the attached Affidavit of Service, Class Counsel sent Mr. Zhen its opposition to his initial objections, including Document 57-1, by first class mail on July 22, 2025. Accordingly, contrary to Mr. Zhen's complaints, he had ample opportunity to review and respond to the arguments and evidence in 57-1 prior to the fairness hearing.

We thank the Court for its time and attention to this matter.

The Court will allow Mr. Zhen to submit a new version of Document 57-1 that unseals the information he wants to be publicly available, except for his social security number and date of birth. As for the procedural objections of Mr. Zhen, they have no merit whatsoever for the reasons noted herein.

SULTZER & LIPARI, PLLC

Jason P. Sultzer, Esq.

So Ordered.

8/29/25

CC: Pat Zhen (*pro se* Objector)
    By mail

JASON P. SULTZER

Sworn to before me this
__22nd__ day of July, 2025

_____
NOTARY PUBLIC

Amanda ~~Kaatz~~ Ciulla
Notary Public State of New York
01KA6212207
Qualified in Dutchess County
Commission Expires __10/13/25__

2