Pat Zhen
PO Box 366047
San Juan PR  00936
(787) 547-5010
legal@patzhen.com

Objector

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

Raymond Kessler, Hartence Hill, Lazaro
Rodriguez, Teresa Herendeen, and Barbara Abreu
individually and on behalf of all
others similarly situated,
Plaintiffs,

v.

The Quaker Oats Company,                     Case No.: 7:24-cv-00526
Defendant.

## OPPOSITION TO MOTION FOR APPEAL BOND

Objector Pat Zhen ("Zhen") objects to the motion for an appeal bond because, as explained below, it constitutes attempted punishment by Class Counsel, is excessive, and would render Fed. R. App. Proc. 7, as applied, unconstitutional:

I.   **An Appeal Bond for Administrative Costs is Not Authorized**

In *Adsani v. Miller,* 139 F.3d 67, 75, n. 9 (2d Cir.1998), *cert. den.* 525 U.S. 875 (1998), the Second Circuit explained that, "'[c]osts' under [Appellate] Rule 7 may include the definition of 'costs' contained *in the relevant statute under which appeal is sought* and are not limited by the enumeration of some 'costs' found in [Appellate] Rule 39."

In this case, there is no relevant underlying statute that provides for the awarding on appeal of costs incident to delay, and such costs are not listed in Appellate Rule 39.  *In re AOL Time Warner, Inc., Sec. & "Erisa" Litig.*, No. 02 CV. 5575 (SWK), 2007 WL 2741033 (S.D.N.Y. Sept. 20, 2007)(explaining why settlement administration costs cannot be taxed).

Without a fee shifting statute that would authorize taxation of the settlement administrator's "costs," there cannot be an appeal bond that incorporates them.  Despite thousands of class actions and appeals from the settlements, Class Counsel has failed to cite a single case where an objector was actually held liable for administrative costs that were incurred during an appeal.

Costs should be limited to actual, taxable costs. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007). In *In re: American President Lines, Inc.*, 779 F3d 714 (D.C. Cir. 1985), the D.C. Circuit explained that a district court exceeded its authority in requiring a $10,000 cost bond under Rule 7 alone without sufficient justification. 779 F.2d at 718–19. The Court held, "Excessive bond, however, is not an acceptable control" for reducing litigation expenses. The Court noted that the district court's bonding authority was limited to security for payment of costs on appeal, and that such costs expectably will not exceed $450, so any bond would be in that amount.

The proposed $42,000 cost bond in this case would "impose[] too great a burden on an objector's right to appeal and may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review." *Vaughn v. American Honda Motor Co., Inc.*, 507 F.3d 295, 300 (5th Cir. 2007). In *Vaughn*, the Fifth Circuit reduced a $150,000 cost bond in a class action to $1,000. In the present case, even $1,000 would be excessive because there is no plausibility for more than $200 in costs.

Under Second Circuit Local Rule 39.1, if the settlement is affirmed, Class Counsel will receive costs taxed at the lesser rate of actual photocopying fees or $.20 per page. *See* [https://www.ca2.uscourts.gov/clerk/case_filing/fee_schedule.html](https://www.ca2.uscourts.gov/clerk/case_filing/fee_schedule.html) According to the Federal Judicial Center's *Comparative Study of the Taxation of Costs in the Circuit Courts of Appeals Under Rule 39 of the Federal Rules of Appellate Procedure*, published in 2011, "the data show that across all circuits average costs awarded to appellees under subsection 39(a)(1) ranged from $84.15 to $198.08 ($153.68 median average award); under subsection 39(a)(2) average costs awarded to appellees ranged from $18.20 to $345.04 ($219.06 median average costs)."

II. **Any Delay Costs are offset by interest received on the settlement fund, or, what should have been paid to the settlement fund had Angeion Group not received kick backs**

In this case, the settlement fund of $8,000,000 has been turned over by the defendants. Those funds should be in an interest bearing treasury account during the pendency of the appeal. At a 4% interest rate, that fund would receive $320,000 per year, well more than the $42,000 sought.

It is well known that, because of Class Counsel's failure to oversee this matter in the best interests of the class members, Angeion Group may have been given discretion to receive less interest than a normal treasury account. *See Baker v. Angeion Group LLC, et al., 2:25-cv-02079-KBH (E.D. Pa., April 24, 2025) ; Whalen, et al., v. Epiq Systems, Inc., et al., No. 3:25-cv-4522 (N.D. Cal., filed May 28, 2025); Whalen v. Epiq Systems Inc., et al., No. 25-cv-4499 (S.D.N.Y., filed May 29, 2025); Tejon v. Epiq Systems, Inc., et al., No. 25-cv-22453 (S.D. Fla., filed May 29, 2025); Rieger v. Epiq Systems, Inc., et al., No. 3:25-cv-4793 (N.D. Cal., filed June 5, 2025)*(class action suits against Angeion Group for participated in a manipulative and deceptive scheme to obtain millions of dollars in undisclosed compensation for serving as the court-approved settlement administrators in hundreds, if not thousands, of mass tort and class action lawsuits across the United States by accepting kick backs/commission from banks in lieu of providing the classes with full interest compensation on settlement funds).  Obviously, Class Counsel has a fiduciary duty to the Class to assure this did not occur in this case and to have the funds placed in interest bearing treasury accounts).

Therefore, assuming Angeion Group is receiving a kick back, and only a 1% interest rate is being received by the Class, the fund would still receive double the delay costs cited by Angeion Group.

Because the administrative costs are offset by the interest, or can be placed in an interest bearing treasury account to offset the fees, there is no basis to require a cost bond.

### III. The Purpose of this Motion is to Discourage the Appeal, Intimidate, and Penalize the Appellant

"Toll-booths cannot be placed across the courthouse doors in a haphazard fashion." *Simulnet East v. Ramada Hotel,* 37 F.3d 573, 576 (9th Cir. 1994)*, quoting Aggarwal v. Ponce Sch. of Med.,* 745 F.2d 723, 727-28 (1st Cir. 1984)*.*

"[T]he Rule 7 bond is designed to protect 'the amount the appellee stands to have reimbursed,' not to impose an independent penalty on the appellant." *Adsani v. Miller,* 139 F.3d 67, 75 (2d Cir.1998); *Erickson Productions v. Kast,* 2016 WL 9115979 at *2 (N.D. Cal. July 22, 2016); *Fleury v. Richemont N. Am., Inc.*, 2008 WL 4680033, at *6 (N.D. Cal., Oct. 21 2008); *Capizzi v. States Resources Corp.*, 2005 WL 958400, at *1 (D.Mass. Apr.26, 2005).

Rule 7 bonds are not intended to be used as a means of discouraging appeals, even appeals which lack merit. *See, e.g.,*

*Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir.1974) ("[A]ny attempt [...] at preventing an appeal is unwarranted and cannot be tolerated."); *In re Diet Drugs,* 2000 WL 1665134, at *6 (E.D. Pa. 2000)¹ (reducing bond to estimated amount of actual costs of Class Counsel on appeal because an excessive bond "would effectively squelch the right to appeal for many if not all of [the objector]"); *cf. Lindsey v. Normet,* 405 U.S. 56, 77–79 (1972) (holding that bonds are not to be used as a barrier to appeal).

Appeal bonds must not create "an impermissible barrier to appeal." *Adsani v Miller,* 139 F.3d 67, 79 (2nd Cir. 1998). A bond cannot be imposed for the purpose of discouraging exercise of the right to appeal. *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir.1974) (stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"); *Azizian v. Federated Dept. Stores, Inc.,* 499 F3d 950, 961 (9th Cir. 2007)(*citing Clark*'s language with approval).

Rule 7 was not intended to be used as a means of discouraging appeals, even if perceived to be frivolous. *See In re*

---

¹ In *In re: Diet Drugs*, the district court ordered a $25,000 cost bond but explained that Class Counsel would have to serve two copies of the brief on 84 parties, pay for transcripts, and prepare an appendix. In the present case, Appellants paid for the transcription of every hearing, filed a complete Record, and briefs will be served on the parties through the ECF/ACMS system. $15,000 in potential costs to Class Counsel are not present in this case.

*American President Lines, Inc.,* 779 F.2d 714, 717 (DC Cir.1985).

Therefore, the excessive $42,000 plus appeals bond requested by Class Counsel is unwarranted.

### IV. The Excessive Appeal Bond Proposed is Unconstitutional

Overtaxing costs to avoid an appeal constitutes a serious matter that could rise to the level of a constitutional violation. The power to "close its courts" by imposing fees upon appeals is not unlimited, and may be invalid facially, *see Lindsey v. Normet,* 405 US 56, 77-79 (1972); *O'Day v. George Arakelian Farms, Inc.*, 536 F.2d 856, 861 (9th Cir. 1976), or invalid as applied. *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341–42 (7th Cir.), *cert. denied,* 419 U.S. 1070 (1974); *In re: American President Lines, Inc,* 779 F3d 714, 718-719 (D.C. Cir. 1985).

In *Lindsey,* the United States Supreme Court held that the constitution was violated by a state statute requiring a lessee who wished to appeal to file a bond in the amount of twice the rental value of the premises involved. 405 U.S. at 77. The Court based its ruling on the fact that "the double-bond requirement heavily burdens the statutory right ... to appeal." *Id.* While the Court found it reasonable to require adequate security to preserve an award

already made and protect appellees from loss during appeal, the double-bond failed to effectuate these purposes. *Id.* at 77–78. The Court noted that the double-bond requirement did not serve to screen out frivolous appeals because the double-bond "allows meritless appeals by others who can afford the bond." *Id.* at 78. The requirements of security for appeal to protect appellees are valid if "reasonably tailored to achieve these ends and uniformly and nondiscriminatorily applied." *Id.* at 79. *See also O'Day,* 536 F.2d at 859.

Objector does not suggest Rule 7 itself violates equal protection and due process, but, as applied in this case, Class Counsel's demand for $42,000, if granted, on an appeal that will realistically cost Class Counsel only a few hundred dollars in expenses constitutes the unconstitutional multiplier of the actual costs.  "A cost requirement valid on its face may offend the Constitution *as applied* to a particular case." *Boddie v. Connecticut*, 401 U.S. 371, 380 (1971).  A $42,000 bond would offend the Constitution in this case.

Indeed, requiring a bond for administrative expenses – which is not authorized by any statute and has never actually been taxed against an objector for an appeal – means that the rule is not being

"uniformly and nondiscriminatorily applied."

### V. Class Counsel's personal attacks on Zhen are abusive and inappropriate.

Zhen absolutely refused to provide Class Counsel with his identification. Already Class Counsel has had Angeion Group datamine other cases, without advising those district courts, for information about him. In addition, Class Counsel pulled consumer reports and filed them without redaction – but then called the ECF help desk to have the information sealed without judicial approval. Angeion Group has been the subject of databreaches and recently settled a class action suit for their poor protection of information. *See* Entry 75 (Declaration from Angeion Group vaguely discussing other claims in other cases, but no indication those courts provided permission for this type of data-mining of the unnamed settlements).

Class Counsel appears to have prevaricated a tale about someone calling and demanding $100,000 to withdraw these objections – a mysterious claim considering nobody could read the objections since this Court failed to file them prior to August 2025. Class Counsel refuses to provide Zhen with the time, date, or telephone number the purported caller dialed despite multiple requests. Zhen provided declarations and emails to Class Counsel

stating that he did not cause any such telephone call to be made, but Class Counsel continues to regurgitate the insinuation that some type of extortion is being attempted.  *See* attached Declaration of Pat Zhen.

Class Counsel falsely states that Zhen is not a member of the class all while knowing that practically all of the United States purchased at least one of the products since inception and despite Zhen providing photographs of the product he still has.  *Id.*

Class Counsel inappropriately, and in violation of Federal Rule of Evidence 408 attempts to use discussions during settlement negotiations to impugn or discredit Zhen, all while falsely telling Zhen that he does not attack class action objectors.

This Court should not weigh Class Counsel's inappropriate attacks unless a full evidentiary hearing can take place so that the parties can learn, under oath, the full details of the most likely prevaricated tale of a demand for $100,000 and with Angeion Group providing full disclosure of the data that it based its declaration on, including the settlements in question and whether it had permission to access and disclose said data by the administering district courts.

**VI.     Zhen cannot afford a $42,000 cost bond.**

As stated by the Declaration of Pat Zhen, he does not have $42,000 liquid to pay for an appeal bond.  If required, and affirmed in an appeal to the Second Circuit, the lack of available funds will mean that the bond would go unpaid.

**VII.    The merit of the appeal speak for themselves.**

The issues present are not issues where Second Circuit case law establishes that the issues lack merit.  On the contrary, this Court used a non-published and non-binding Second Circuit decision to find that it was appropriate to disallow any objections to the motion for attorney fees – even though Zhen opposed the motion shortly after the filing.  The case conflicts with published decisions from the Ninth and Eleventh Circuit.

There exist serious questions as to whether the Clerk's failure to file documents from objectors constitutes a due process violation.

The filings from Zhen are incorporated by reference and show that the appeal is not merely boilerplate meant to delay the proceedings.

## VIII.     Conclusion

Class Counsel's motion for a cost bond of $42,000 is clearly inappropriate and not authorized. Allowing an excessive cost bond to punish the objector that exceeds actual, taxable costs would render F.R.App.P. 7 unconstitutional as applied.   Class Counsel does not appear to have requested a bond to cover their photocopies, but if they did, most probably the costs would be less than $300.00.

WHEREFORE, Objector Pat Zhen respectfully requests that this Court deny the motion for a costs bond or, in the alternative, limit said bond to $300.00 which reflects actual, taxable costs.



_____
Pat Zhen