

December 16, 2025

**VIA ECF**
Judge Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Kessler, et al v. The Quaker Oats Co.,* Index No: 24-cv-526-KMK

Your Honor:

    We are counsel for Plaintiffs and the Class in the above-captioned matter.  On December 8, 2025, purported objector-appellant Enoch Barquero filed a letter requesting that the Court docket a notice of appeal of the Court's Orders granting final approval of the class settlement and Class Counsel's request for attorneys' fees, which Mr. Barquero sent directly to the Second Circuit Court of Appeals on September 8, 2025. (ECF No. 90).  For the reasons set forth below, Mr. Barquero's request should be denied, and his purported notice of appeal should be disregarded as untimely and procedurally deficient.  In the alternative, the Court should set a briefing schedule for Plaintiffs' anticipated motion for an appeal bond.

    Mr. Barquero is the third purported objector-appellant seeking to challenge the settlement this Court approved on August 7, 2025 (*See* ECF Nos. 66 & 67).  The Court thoroughly addressed and rejected the objections of the first objector-appellant, Pat Zhen, during the final approval hearing, and subsequently imposed an appeal bond of $5,000 on Mr. Zhen, reiterating that his objections were both "meritless and untimely" and finding that Mr. Zhen had engaged in bad faith and vexatious conduct. (ECF No. 88).  On September 5, 2025, a second individual, Bilal Amjad filed a notice of appeal repeating the same objections made by Mr. Zhen which the Court had already rejected. (ECF No. 85).  As with Mr. Zhen, Mr. Amjad's objections are untimely and meritless and he lacks standing to make them.  And, as with Mr, Zhen, Mr. Amjad's objections are rife with indicia of fraud, including his failure to provide a physical address, multiple different spellings of his name, and the suspect allegation that he lives in Costa Rica but purchased the products in the United States.[1]  Moreover, the identical nature of Mr. Amjad's objections suggest he is merely a pseudonym or compatriot of Mr. Zhen.  On October 9, 2025, Class Counsel filed a pre-motion letter requesting that the Court set a briefing schedule for an anticipated appeal bond motion as to Mr. Amjad's appeal (ECF No. 86).  That request remains pending before the Court.

    Now a third individual, Mr. Barquero, has surfaced, alleging, like Mr. Zhen and Mr. Amjad, that he attempted to timely file an objection to the settlement and is seeking to appeal the

---

[1] A subsequent investigation of Mr. Amjad has revealed additional reasons to question the veracity of his claims and his identity.  For example, The telephone number he provided is invalid because it only has seven digits, while standard Costa Rican phone numbers have eight digits.  Moreover, a comprehensive search of public records and open-source databases did not locate any records of a "Bilal Amjad" residing in Costa Rica.  Finally, the email address provided by Mr. Amjad is not associated with any social media accounts or professional registrations, and was linked to multiple data breaches dating back to 2008.

Court's orders granting final approval and attorneys' fees. As with Mr. Zhen and Mr. Amjad, Mr. Barquero lacks standing to pursue his objection, and his purported objection is both untimely and meritless.

Even without addressing the timeliness or merits of Mr. Barquero's objections however, his request to docket the notice of appeal should be denied. FRAP 4(a)(1) requires that a notice of appeal be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from. The Court issued its orders granting final approval of the settlement and granting attorneys' fees (ECF Nos. 66 & 67) on August 7, 2025. Accordingly, any notice of appeal from these orders must have been filed with the Court on or before September 7, 2025. Mr. Barquero did not file his purported notice of appeal with this Court until December 8, 2025, more than *three months* after the deadline to do so had expired. *See Haynes v. World Wrestling Entm't, Inc.,* 827 Fed. Appx. 3, 9 (2d Cir. 2020) ("Untimely notices of appeal are jurisdictional bars to this Court's review.")

Mr. Barquero asks the Court to disregard this clear untimeliness on the grounds that he sent his notice *to the Second Circuit Court of Appeals,* on September 8, 2025. FRAP 4(a)(1), however, requires that a notice of appeal be timely filed with the *clerk of the district court*, not the Court of appeals. *See* FRAP 4(a). Crucially, even if the Court were to overlook the fact that Mr. Barquero's notice was filed in the wrong court and "backdate" the filing to September 8, 2025, as Mr. Barquero requests, it was still untimely because it was received by the Court of Appeals *after* the FRAP 4(a) deadline had expired. While a district court may extend the time to file a notice of appeal, it may only do so "if: (i) a party so moves no later than 30 days after the time prescribed [for the filing of a notice of appeal] expires; and (ii) . . . that party shows excusable neglect or good cause." *Dixon v. New York*, 737 Fed. Appx. 46, 47 (2d Cir. 2018) (quoting FRAP 4(a)(5)(A). Mr. Barquero has not moved for an extension of his time to file a notice of appeal, he has simply asked the Court to accept his untimely notice. Even if his letter could be considered a request for an extension of his time to file a notice of appeal, it does not meet the requirements of FRAP 4(a)(5)(A). First, Mr. Barquero's letter was filed more than 30 days after the time to file the notice of appeal expired on September 7, 2025. *See Dickerson v. Dickerson,* 2024 U.S. Dist. LEXIS 74019, *3 (S.D.N.Y. Apr. 19, 2024) (denying motion for extension of time to file notice of appeal that was made more than 30 days after the deadline). Second, Mr. Barquero makes no attempt whatsoever to demonstrate good cause or excusable neglect his untimeliness. *See Dixon*, 737 Fed. Appx. at 48 (denying motion for extension of time to file notice of appeal because appellant failed to explain the reasons for the delay). Notably, Mr. Barquero admits that he received notice from the Court of Appeals that his notice of appeal was deficient on November 11, 2025, but did not attempt to file it with this Court until almost a month later. Again, Mr. Barquero provides no explanation for this delay.

Alternatively, if the Court is inclined to take the extraordinary step of accepting Mr. Barquero's late notice of appeal, the Court should enter an order requiring him to post an appeal bond, as it did with Mr. Zhen.[2] With respect to the Rule 7 factors for issuing a bond, Mr. Barquero's ability to pay the bond is presumed because there is no evidence that he is unable to pay. *See In re Initial Pub. Offering Sec. Litig*., 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010). Second,

---

[2] Pursuant to Rule II(A) of Your Honor's Individual Rules, Class Counsel request a pre-motion conference regarding Plaintiffs' anticipated motion for an appeal bond. For the sake of efficiency, Class Counsel requests permission file a single motion for an appeal bond as to both Mr. Amjad Mr. Barquero

there is a significant risk that Mr. Amjad will not pay appellees' costs upon the inevitable denial of his appeal inasmuch as Mr. Amjad purports to reside outside New York, and indeed, outside of the United States, in Nicaragua. *See In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 50436, at *2 (S.D.N.Y. Jul. 19, 2010). Third, the Court has already found Mr. Barquero's objections are without merit.[3] Indeed, Mr. Barquero's objections are largely identical to the issues raised in Mr. Zhen's initial objection, and they were addressed at length in Class Counsel's opposition. See ECF No. 57. The Second Circuit will agree, and Mr. Barquero's appeal (as well as Mr. Zhen's and Mr. Amjad's) will be denied.

In fact, the Second Circuit will not even consider the merits of Mr. Barquero's complaints because they are untimely and he lacks standing to even assert them. Mr. Barquero claims that he sent his objection by letter to the Clerk of the Court dated June 26, 2025. He does not, however, provide any proof of this alleged mailing. Even if Mr. Barquero had sent his objection to the Clerk on June 26, 2025 as he claims, it would still be untimely because the Settlement Agreement clearly requires that "[t]o be timely, the objection must be *received* by the Clerk of the Court (not just postmarked or sent) prior the Objection Deadline." ECF 13-1, § 6.2 (emphasis in original). The Settlement Agreement objection deadline was June 27, 2025. *See* ECF No. 44, Ex H. The letter which Mr. Barquero claims to have sent (presumably from Nicaragua) could not have been timely received by the Clerk the day after it was mailed. Nor has Mr. Amjad demonstrated that he is a member of the Class with standing to object.[4] While Mr. Amjad claims that he purchased a Quaker product in the United States, he provided only a business address in Nicaragua[5], and does not provide any proof of purchase.[6]

Finally, there is ample evidence that Mr. Barquero's appeal is brought in bad faith. First, Mr. Barquero's objections are nearly identical to Mr. Zhen's initial objection (and Mr. Amjad's objections), despite Mr. Barquero's claim that he mailed his objection on June 26, 2025, *before Mr. Zhen's objection was filed on the public docket*. Accordingly, absent an amazing and unlikely coincidence, Mr. Barquero either: 1) is being untruthful about when his objection was mailed (or if it was ever mailed), or 2) is coordinating with Mr. Zhen and/or Mr. Amjad or is simply Mr. Zhen and/or Mr. Amjad posing as yet another objector. Second, while Mr. Barquero's objections are based partly on his purported inability to file a claim as a result from Nicaragua of Angeion's fraud detection system, Angeion has no record of Mr. Barquero ever having attempted to make a claim or contacting them to inquire further as to why his claim was rejected. Nor, as Mr. Barquero claims, did Angeion automatically deny, reject or prevent any claim submissions from Nicaragua. In fact, Angeion received successful claim submissions with IP addresses originating

---

[3] *See In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, at *7 (S.D.N.Y. Sep. 19, 2007) (granting motion for appeal bond where the Court had already "specifically rejected another non-class member's argument that it was entitled to a portion of the DOJ Funds").

[4] *See In re Drexel Burnham Lambert Grp., Inc.*, 130 B.R. 910, 923 (S.D.N.Y. 1991), aff'd, 960 F.2d 285 (2d Cir. 1992) ("Only Class members have standing to object to the Settlement of a class action" because "[o]bjectors who are non-Class members lack standing to object to the fairness, reasonableness and adequacy of the Settlement.").

[5] The address provided in Mr. Barquero's appeal appears to be associated with a corporation known as beneficial Holdings, Inc., based in Managua, Nicaragua. If necessary, Class Counsel will provide further details related to this address with Plaintiff's motion for the appeal bond.

[6] *See In re AOL Time Warner, Inc.,* 2007 U.S. Dist. LEXIS 69510, at *7-8 (granting motion for appeal bond where the objector "failed to file a timely objection to the settlement plan" and "concedes that it is not a securities class member").

from Nicaragua in this case.[7] Third, Mr. Barquero's Notice of Appeal provides other indicia of fraud, including his failure to provide a residential address.

We thank the Court for considering this request for a pre-motion conference and expedited briefing schedule.

**SULTZER & LIPARI, PLLC**

Jason P. Sultzer, Esq.

CC: Enoch Barquero (*pro se* Objector)
By regular mail

> Mr. Barquero's request (Dkt. No. 90) to docket the notice of appeal is denied because the notice of appeal is untimely and therefore procedurally defective. See Gilda Indus., Inc. v. United States, 511 F.3d 1348, 1350-51 (Fed. Cir. 2008) ("A notice of appeal that is deficient because it is untimely . . . does not transfer jurisdiction to the circuit court. If it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice[.]" (citing 20 James Wm. Moore, Moore's Federal Practice § 303.32[2][b][iv][A])).
>
> Mr. Barquero and Mr. Amjad are both ordered to show cause by no later than December 23, 2025, why the Court should not impose an appeal bond of at least $5,000 in their respective appeals. See Fed. R. App. P. 7; Order (Dkt. No. 88).
>
> So ordered.
>
> 12/16/2025

---

[7] Further details about Angeion's records related to Mr. Barquero's claim submission will be provided in conjunction with Plaintiff's motion for the appeal bond.