UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND KESSLER, *et al.*,

Plaintiffs,

v.

THE QUAKER OATS COMPANY,

Defendant.

24-CV-526 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

On March 13, 2025, this Court preliminarily approved a settlement (the "Settlement") between The Quaker Oats Company (the "Company") and a class of plaintiffs (the "Class") who purchased some of the Company's products.  (Preliminary Approval Order (Dkt. No. 34).)  The Court overruled objections to the settlement in its Order Granting Plaintiffs' Motion for Final Approval of Class Settlement, (Dkt. No. 66), for reasons stated at its Final Approval of Settlement hearing ("Settlement Approval Hearing") on August 4, 2025, (Dkt. No. 72).  Pat Zhen, an objector, appealed, and the Court ordered Zhen to post an appeal bond.  (Dkt. No. 85).  Two more objectors now purport to appeal—Bilal Amjad and Enoch Barquero—and the Court ordered them to show cause why the Court should not impose an appeal bond in their cases, while further ordering that Barquero's defective notice of appeal not be docketed.  (Dkt. No. 92).  Only Barquero responded, objecting to the Court's decision not to docket his notice of appeal and arguing a bond would be improper.  (Dkt. No. 94).  Because Barquero's appeal, such as it is, is without merit, there is risk of nonpayment of costs to the appellees if and when his "appeal" is dismissed, and there are indicia of bad faith and/or vexatious conduct, the Court orders him to post an appeal bond.  Because Amjad has not responded to the Order to Show Cause, the Court will also order him to post an appeal bond.

As a threshold matter, Barquero has not established that there *is* a valid appeal on his part. Barquero filed a notice of appeal that was procedurally defective for a number of reasons. First, it was first filed in the wrong court, because Barquero sent it to the U.S. Court of Appeals for the Second Circuit, not this Court. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only be filing a notice of appeal with the district clerk within the time allowed by Rule 4."). By the time *this* Court received Barquero's notice of appeal, even crediting the November 11, 2025 date on his letter to the Court and not the date the Court received it, it was untimely because the Court approved the class settlement in August. (*See* Letter from Enoch Barquero to Court (dated Nov. 11, 2025) (Dkt. No. 90).) "Because the timely filing of a notice of appeal is 'mandatory and jurisdictional,' compliance with the provisions of [Fed. R. App. P. 3 and 4] is of the utmost importance." Fed. R. App. P. 3, Advisory Committee Note (quoting *United States v. Robinson*, 361 U.S. 220, 224 (1960)). So Barquero's request for "backdating" his notice of appeal, (Letter from Enoch Barquero to Court (dated Nov. 11, 2025) (Dkt. No. 90)), is foreclosed by the Rules. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding the "timely filing of a notice of appeal in a civil case is a jurisdictional requirement" not subject to tolling, including for excusable neglect or unique circumstances). Second, Barquero is not now and has never been a party to this case who *could* appeal the settlement approval because his objections were not timely received by this Court. While Barquero asserts he mailed his objections to the Court on June 26, those objections were not received by the June 27 deadline. (Letter from Enoch Barquero to Court (dated Nov. 11, 2025) (Dkt. No. 90).) And "[t]he rule that only parties to a lawsuit, or those that properly

2

become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 169 n.3 (3d Cir. 2013) ("Although the objectors were not parties to the underlying action, *as class members who timely objected to the approval of the settlement* at a fairness hearing, they are permitted to appeal the settlement without the need to intervene formally." (emphasis added)).  As the Court noted in its Order to Show Cause (Dkt. No. 92), "[i]f it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice." *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350-51 (Fed. Cir. 2008) (citing 20 James Wm. Moore, Moore's Federal Practice § 303.32[2][b][iv][A]); *accord Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340 (10th Cir. 1976) (agreeing with the Ninth Circuit in *Ruby v. Sec'y of United States Navy*, 365 F.2d 385 (9th Cir. 1966), "that if the notice of appeal is clearly invalid, the district court may ignore it.").  This Court will therefore disregard that notice.

If for any reason Barquero is allowed to carry on with his appeal, the Court finds imposition of an appeal bond is warranted.  "In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  "The purpose of Rule 7 appears to be to protect the rights of appellees brought into appeals courts" by appellants who "pose[] a payment risk" and may not pay the costs taxed against them if they lose on appeal.  *Adsani v. Miller*, 139 F.3d 67, 75 (2d Cir. 1998); *see also* Fed. R. App. P. 39(a)(3) ("[I]f a judgment is affirmed, costs are taxed against the appellant[.]").  Courts imposing Rule 7 bonds will typically base the amount of those bonds on a forecast of those costs.  *See Adsani*, 139 F.3d at 75 ("In ordinary civil litigation where a bond is justified, appellees would be able to secure bonds for all of the funds to which they would be entitled after judgment in their favor.").  In "deciding whether to require . . . an

3

appeal bond, district courts consider several factors including: (1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 292 (S.D.N.Y. 2010) (citation and internal quotation marks omitted); *accord Stillman v. InService Am. Inc.*, 838 F. Supp. 2d 138, 140 (S.D.N.Y. 2011).

This Court concludes a bond is warranted for Barquero. First, Barquero represents that he is a "contract driver" in Nicaragua earning "less than $1000 per month," (Letter from Enoch Barquero to Court (rec'd Dec. 29, 2025) (Dkt. No. 94)), so his financial ability to post a bond is limited.[1] This factor accordingly weighs against imposing a bond. Second, there appears to be considerable risk Plaintiffs will not recover their costs from Barquero. These concerns are greater here than in Zhen's case—Barquero avers he is based in Nicaragua and does not provide a physical address, and provides even less in the way of substantiating his identity than Zhen. (*Id.*) *See Currency Conversion*, 2010 WL 1253741, at *2. So this factor also weighs in favor of a bond. Third, Barquero's appeal is wholly meritless. As explained above, Barquero did not timely object to the settlement and filed a defective, untimely notice of appeal. Moreover, Barquero's objections are largely similar to Zhen's, which this Court considered and rejected at the Settlement Approval Hearing, finding "none of the objector's complaints regarding the [claims] process to have any merit" and objections received after June 27, 2025, to be both meritless and untimely. (Settlement Approval Hearing Tr. 16–20, 33.) And the Court finds his

---

[1] This conclusion comes with a caveat. Barquero would have this Court believe that his budget: income, less than $1,000 per month; gas costs, $200 per month; utilities and phone bills, $150 per month; and an undefined amount of "ordinary household expenses," (Letter from Enoch Barquero to Court (rec'd Dec. 29, 2025) (Dkt. No. 94)), is plausible as well as comfortable enough to support trips to and from the United States in "late 2023 and 2024" to purchase several Quaker Oats products, and international overnight shipping of his defective notice of appeal from Nicaragua to White Plains, (Letter from Enoch Barquero to Court (dated Nov. 11, 2025) (Dkt. No. 90)). For the purposes of evaluating this factor, and despite some mild skepticism, the Court will accept this as true.

remaining objections are untimely and without merit.  This factor also weighs in favor of a bond.

Fourth, while "a demonstration of 'bad faith' or even 'vexatious conduct' is not required for a

bond to be awarded," *Stillman*, 838 F. Supp. 2d at 140, Barquero's recent submissions are

indicative of at least vexatious conduct.  Barquero appeared on the docket for the first time on

December 8, four months after this Court approved the settlement, without having properly

objected;[2] he and the two other objectors are all affiliated with PO boxes around the Caribbean,

offer little substantiation of their identities, and assert substantively many of the same objections;

and he is seeking to appeal this case without ever having been a party, and with a plainly

defective notice of appeal.  Accordingly, while the first factor weighs against imposing a bond,

the other three weigh in favor, so the Court considers a bond proper.

The Court imposed an appeal bond of $5,000 on Zhen, tracking bonds in comparable

class actions, *see In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*,

No. 09–MD–2023, 2013 WL 4735641, at *3 (E.D.N.Y. Sep. 3, 2013), and an amount

*significantly* lower than bonds many courts have imposed in other class actions, *see, e.g.*, *In re

Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 295 (imposing a $25,000 bond); *In re

Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2010 WL 1253741, at *3 (S.D.N.Y.

Mar. 5, 2010) (imposing a $50,000 bond), and a significant downward adjustment of Plaintiffs'

request for an appeal bond more than nine times higher, (*see* Bond Mot. (Dkt. No. 80)).  (*See*

Bond Order (Dkt. No. 88).)  And the Court did not include Plaintiffs' estimated costs that the

delay would impose on settlement administration, which they estimated to be significant.  (*See

id.*).  The Court ordered Barquero to show cause why the same bond should not be imposed on

---

[2] While Barquero asserts he previously submitted objections to this Court that were not docketed, the only document he substantiates having sent to the Court is his notice of appeal, which the Court did receive.  (*See* Letter from Enoch Barquero to Court (rec'd Dec. 29, 2025) 5 (Dkt. No. 94)).

him.  (*See* Order (Dkt. No. 92).)  Barquero argues the bond does not properly account for the specific taxable costs he will be required to pay when his appeal is dismissed.  (Letter from Enoch Barquero to Court (rec'd Dec. 29, 2025) (Dkt. No. 94).)  But an appeal bond determination does not require this Court to itemize costs.  Rather, it need only be "sufficient to cover any such costs," and as explained above, other courts have found this quantity sufficient; and this appeal has grown to include three potential objector-appellants from across the continent, as well as the class of plaintiffs, their many law firms, and the defendant.  *Bayer*, 2013 WL 4735641, at *3; *see also Currency Conversion*, 2010 WL 1253741, at *3 ("This Court will not engage . . . in a granular examination of the number of pages to be printed on appeal or the price per page.").  Barquero asserts he should be, at most, allowed to join in Zhen's $5,000 bond jointly and severally because the "2nd Court of appeals is consolidating the cases it seems." (Letter from Enoch Barquero to Court (rec'd Dec. 29, 2025) (Dkt. No. 94).)  But, as explained above, Barquero's appeal still increases both the costs the parties will have to incur, and the difficulty in recouping those costs.  Accordingly, the Court will not allow Barquero to rest on Zhen's bond.

Barquero's notice of appeal will therefore not be docketed, but to the extent Barquero is nevertheless seeking to appeal the Final Approval of Settlement order, he is ordered to post an appeal bond of $5,000.  Because Amjad has not responded to this Court's Order to Show Cause, he is also ordered to post a $5,000 appeal bond as described herein.

SO ORDERED.

Dated:  January 12, 2026
           White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

6